**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
*Office of the Director*
Camp Springs, MD 20588-0009

U.S. Citizenship and Immigration Services

December 2, 2025

PM-602-0192

# Policy Memorandum

**SUBJECT:** Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries[1]

## Purpose

Effective immediately, this memorandum directs U.S. Citizenship and Immigration Services (USCIS) personnel to:

1. Place a hold on all Forms I-589 (Application for Asylum and for Withholding of Removal), regardless of the alien's country of nationality, pending a comprehensive review;
2. Place a hold on pending benefit requests[2] for aliens from countries listed in *Presidential Proclamation (PP) 10949, Restricting the Entry of Foreign Nationals To Protect the United States From Foreign Terrorists and Other National Security and Public Safety Threats*,[3] pending a comprehensive review, regardless of entry date[4]; and
3. Conduct a comprehensive re-review of approved benefit requests for aliens from countries listed in PP 10949 who entered the United States on or after January 20, 2021.[5]

This memorandum mandates that all aliens meeting these criteria undergo a thorough re-review process, including a potential interview[6] and, if necessary, a re-interview, to fully assess all national security and public safety threats along with any other related grounds of inadmissibility or ineligibility.[7] An individualized, case-by-case review and assessment will be done of all relevant information and facts. USCIS will also conduct a comprehensive review of all relevant policies,

---

[1] On June 4, 2025, the President issued Presidential Proclamation 10949, *Restricting the Entry of Foreign Nationals To Protect the United States From Foreign Terrorists and Other National Security and Public Safety Threats.* Exercising authority under section 212(f) of the Immigration and Nationality Act (INA), the proclamation imposes restrictions, limitations, and exceptions on the entry of aliens from 19 high-risk countries. Under INA 212(f), the President may suspend or restrict the entry of any aliens deemed detrimental to U.S. interests. See 90 FR 24497 (PDF) (June 4, 2025).

[2] The term "benefit request" in this memorandum does not include USCIS screening activities, including credible fear, reasonable fear, safe third country, third country removal, and threshold screenings under the Asylum Cooperative Agreements.

[3] This applies to aliens who list one of the 19 high-risk countries as their Country of Birth or Country of Citizenship.

[4] Including Form I-485 (Application to Register Permanent Residence or Adjust Status), Form I-90 (Application to Replace Permanent Resident Card (Green Card)), Form N-470 (Application to Preserve Residence for Naturalization Purposes), Form I-751, (Petition to Remove Conditions on Residence), and Form I-131 (Application for Travel Documents, Parole Documents, and Arrival/Departure Records).

[5] Entered may include admitted, inspected, paroled, or entered without inspection.

[6] Interviews for this population shall not be waived under any circumstance. For benefit requests where an interview is not required, the case review and evaluation will determine if the alien needs to appear at a USCIS office.

[7] See INA 212(a)(3)(A), (B), and (F) and 237(a)(4)(A) and (B).

procedures, and operational guidance for compliance, accuracy, and needed improvements during this time.

This guidance outlines the adjudicative hold, procedural requirements, and processes for the re-review, interview, or re-interview of affected aliens. USCIS personnel are instructed to prioritize national security and public safety concerns and ensure compliance with all applicable laws and regulations during the adjudication process. All findings must be documented in accordance with established protocols to support any subsequent determinations or actions.

**Background**

On January 20, 2025, the President issued Executive Order (EO) 14161, titled *Protecting the United States from Foreign Terrorist and Other National Security and Public Safety Threats*. This order aims to safeguard U.S. citizens from aliens who may seek to commit terrorist acts, pose threats to national security, promote hateful ideologies, or exploit immigration laws for malicious purposes. EO 14161 underscores the importance of vigilance during the visa issuance process to ensure that individuals approved for admission into the United States do not intend to harm Americans or compromise U.S. national interests.

Recently, the United States has seen what a lack of screening, vetting, and prioritizing expedient adjudications can do to the American people. An Afghan national, Nasir Ahmad Tawhedi, planned a terrorist attack in the United States on Election Day 2024. Tawhedi pled guilty in federal court to conspiring and attempting to provide material support and resources to the Islamic State of Iraq and al-Sham (ISIS).[8] In another instance, an Afghan national, Rahmanullah Lakanwal, is suspected of planning and executing a terrorist attack in Washington, DC against two National Guard members,[9] one who was killed and another who remains critically injured. USCIS plays an instrumental role in preventing terrorists from seeking safe haven in the United States and ensuring that USCIS' screening and vetting and adjudications prioritize the safety of the American people and uphold all U.S. laws.

In light of identified concerns and the threat to the American people, USCIS has determined that a comprehensive re-review, potential interview, and re-interview of all aliens from high-risk countries of concern who entered the United States on or after January 20, 2021 is necessary. Lastly, USCIS may, when appropriate, extend this review and re-interview process to aliens who entered the United States outside of this timeframe.

USCIS remains committed to ensuring that all aliens from high-risk countries of concern that entered the United States do not present threats to national security or public safety. To address vulnerabilities during this process, and in order to conduct a comprehensive review of all policies, procedures, and guidance, USCIS has determined that it must implement an adjudicative hold on all pending asylum applications, regardless of the alien's country of nationality, as well as pending benefit requests filed by aliens from high-risk countries outlined in PP 10949. This hold will remain

[8] See *Afghan National Pleads Guilty to Plotting Election Day Terror Attack in the United States*, U.S. Department of Justice, June 13, 2025.
[9] See *Terrorist Who Shot Two National Guard Members in D.C. Was Let into the Country by the Biden Administration's Operation Allies Welcome Program*, U.S. Department of Homeland Security Press Release, November 26, 2025.

in effect until lifted by the USCIS Director through a subsequent memorandum. Any requests to lift the hold due to litigation or other extraordinary circumstances must receive approval from the USCIS Director or Deputy Director.[10]

**Guidance**

USCIS has determined the operational necessity to ensure that all asylum applicants and aliens from high-risk countries of concern who entered the United States do not pose a threat to national security or public safety. This effort ensures that USCIS exercises its full authority to investigate immigration benefit requests filed by aliens who may pose risks to the national security and public safety of the United States, as outlined in DHS Delegation of Authority 0150.1, issued June 5, 2003.

USCIS will conduct a thorough review on a case-by-case basis to assess benefit eligibility including whether:

1. The alien is listed in the Terrorist Screening Dataset (TSDS) as a Known or Suspected Terrorist (KST) under Tier 1 or Tier 2 classifications or is included in Tier 3 or Tier 4 of the TSDS with significant derogatory information related to the alien.
2. The alien is connected to prior, current, or planned involvement in, or association with, an activity, individual, or organization described in sections 212(a)(3)(A), (B), or (F), or 237(a)(4)(A) or (B) of the Immigration and Nationality Act (INA).
3. The alien is linked to prior, current, or planned involvement in, or association with, an activity, individual, or organization that may pose a risk of serious harm or danger to the community, including criminal conduct described in INA 101(a)(43), 212(a)(1)(A)(iii), 212(a)(2), 237(a)(2), or 237(a)(4)(A)(ii).
4. The alien is unable to establish their identity as outlined in PP 10949.[11]

This process ensures that USCIS exercises its full authority to protect national security and public safety while adhering to the provisions of the INA and applicable laws. USCIS has considered that this direction may result in delay to the adjudication of some pending applications and has weighed that consequence against the urgent need for the agency to ensure that applicants are vetted and screened to the maximum degree possible. Ultimately, USCIS has determined that the burden of processing delays that will fall on some applicants is necessary and appropriate in this instance, when weighed against the agency's obligation to protect and preserve national security.

Within 90 days of issuance of this memorandum, USCIS will prioritize a list for review, interview, re-interview, and referral to ICE and other law enforcement agencies as appropriate, and, in consultation with the Office of Policy and Strategy and the Fraud Detection and National Security Directorate, issue operational guidance.

**Use**

---

[10] Any request for an exemption to the adjudicative hold must be coordinated with the Office of Policy and Strategy.
[11] See USCIS Policy Manual, Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 8, Discretionary Analysis [1 USCIS-PM E.8].

This policy memorandum is intended solely for the guidance of USCIS personnel in the performance of their official duties, but it does not remove their discretion in making adjudicatory decisions. It may not be relied upon to create any right or benefit, substantive or procedural, enforceable under law or by any individual or other party in removal proceedings, in litigation with the United States, or in any other form or manner.