**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al,

   Plaintiffs,

v.

DONALD J. TRUMP, et al.,

   Defendants.

Case No.   1:25-cv-13946-JEK

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of Judge Sara L. Ellis's decision yesterday in *John Doe v. USCIS*, No. 26 C 2389 (N.D. Ill. Mar. 26, 2026) (attached as Exhibit A). In *John Doe*, the court granted a temporary restraining order enjoining Defendants from applying the adjudication hold of PM-602-0192 and PM-602-0194 to the plaintiff's pending Forms I-485, I-765, I-131, and I-485 Supplement J, and ordering Defendants to adjudicate those pending applications.

The decision addresses issues directly pending before this Court. On jurisdiction, the court rejected Defendants' argument that 8 U.S.C. § 1252(a)(2)(B)(ii) strips jurisdiction, holding that the plaintiff "seek[s] review of the failure to adjudicate the application," not a discretionary determination on the merits. *Id.* at 4 (quoting *Bowser v. Noem*, No. 26-CV-10382, 2026 WL 555624, at *3 (D. Mass. Feb. 27, 2026)). The court further agreed with *Varniab v. Edlow* that "numerous courts have concluded that subsection (B)(ii) only precludes judicial review of decisions denying discretionary relief on individual applications and does not preclude judicial review of the Government's decision to categorically act or withhold action." *Id.* at 5 (quoting *Varniab*, 2026 WL 485490, at *7).

On finality, the court found that the plaintiff showed "some likelihood of success that the Policy Memoranda are the consummation of agency decisionmaking," noting that "it remains entirely unclear to the Court what will occur 90 days after the release of these Policy Memoranda" and that the blanket adjudicative hold "will remain in effect for an indefinite period." *Id.* at 5–6 (quoting *Bowser*, 2026 WL 555624, at *5). The court cited *Massachusetts v. Trump* for the proposition that "significant pauses and

blanket moratoria are final agency actions that cannot be exempted from judicial review merely by being characterized as intermediate." *Id.* at 6.

On the merits, the court held that the plaintiff was likely to succeed on his claim that the adjudicatory hold is arbitrary and capricious. The court found that Defendants provided "no reasoned explanation 'why such a broad hold is necessary for applications for immigration benefits'" filed by individuals who have resided lawfully in the United States for years and have been continuously vetted. *Id.* at 7–8 (quoting *Bowser*, 2026 WL 555624, at *7). The court observed that Defendants failed to show they "considered any other reasonable alternative" to the blanket hold and that "[i]f Defendants are concerned about public safety and national security, 'it should find a way to process name checks more rapidly, thereby revealing threats to security more quickly. The Government protects no one by delaying a decision on [an] application.'" *Id.* at 8 (quoting *Hong Wang v. Chertoff*, 550 F. Supp. 2d 1253, 1260 (W.D. Wash. 2008)).

*John Doe* is the third federal court to enjoin application of PM-602-0192 and PM-602-0194, joining *Bowser v. Noem*, No. 26-CV-10382 (D. Mass. Feb. 27, 2026), and *Varniab v. Edlow*, No. 25-CV-10602 (N.D. Cal. Feb. 20, 2026). Each court independently rejected the Government's jurisdictional arguments, found the Policy Memoranda constitute final agency action, and concluded on the merits that the blanket adjudication hold is likely arbitrary and capricious. No court to consider these issues has ruled in Defendants' favor.

RESPECTFULLY SUBMITTED
March 27, 2026

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com
ATTORNEY FOR PLAINTIFFS

*/s/ James O. Hacking, III*
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2026, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

*/s/ James O. Hacking, III*
James O. Hacking, III