UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKMURAT O. DOE, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States, et al.<br><br>　　　　　Defendants. | Civil Action No. 1:25-13946-JEK |
| ABEER H. DOE, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity<br>as President of the United States, et al.,<br><br>　　　　　Defendants. | Civil Action No. 1:26-11382-ADB |

## DEFENDANTS' MOTION FOR CONSOLIDATION

On December 23, 2025, the plaintiffs in the first above-captioned action filed a Complaint against Defendants challenging the implementation of Policy Memoranda PM-602-0192[1] and PM-602-0194[2]. [Doc. No. 7]. Approximately three months later, on March 20, 2026, the plaintiffs in

---

[1] U.S. Citizenship and Immigration Services Policy Memorandum, *Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* (Dec. 2, 2025).

[2] U.S. Citizenship and Immigration Services Policy Memorandum, *Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries* (Jan. 1, 2026).

the second above-captioned action filed a substantially similar complaint against the same defendants alleging the same causes of action, which was assigned to another session of this Court. *See Doe, et al. v. Trump, et al.*, No. 1:26-cv-11382-ADB, ECF No. 1.  Under Fed. R. Civ. P. 42(a) and Local Rule 40.1(k), Defendants in these two actions respectfully request that the Court consolidate both cases under the first above-captioned case (25-cv-13946-JEK).

Both Complaints allege the same six distinct causes of action: Ultra Vires Executive Action (Count I); APA Violation: Contrary to Law (5 U.S.C. § 706(2)(A), (C) (Count II); APA Violation: Arbitrary and Capricious (5 U.S.C. § 706(2)(A) (Count III); APA Violation: Notice and Comment (5 U.S.C. § 552) (Count IV); Equal Protection Under the Fifth Amendment (Count V); and Violation of Procedural Due Process of the Fifth Amendment (Count VI).  They seek the same relief from the Court: a declaration that the policy memoranda and the "significant negative factor" policy exceeds the authority granted by the Immigration and Naturalization Act (INA); a declaration that the directives violate the Administrative Procedures Act (APA); an order vacating the directives as applied to domestic USCIS adjudications; an order enjoining Defendants from applying the directives in domestic adjudications; an order compelling Defendants to adjudicate the plaintiffs' applications; and an award of attorneys' fees and costs.

Defendants move for consolidation of these two actions under the first above-captioned case number (25-cv-13946-JEK).  "The threshold issue in determining whether to consolidate cases under Rule 42(a) is whether the two proceedings involve a common party and common issues of fact or law." *Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 WL 3106018, at *12 (D. Mass. June 17, 2013) (cleaned up) (citing *Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989); *Vazquez Rivera v. Congar Intern. Corp.,* 241 F.R.D. 94, 95 (D.P.R. 2007)).  "Once this determination is made, the trial court has

broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id*. (citing *Seguro De Servicio De Salud De Puerto Rico*, 878 F.2d at 8; *Cruickshank v. Clean Seas Co.*, 402 F.Supp.2d 328, 340–41 (D. Mass. 2005)).

In determining whether the cases should be consolidated, the Court will "consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Id*. (citing *Data General Corporation v. Grumman Systems Support Corporation*, 834 F.Supp. 477, 487 (D. Mass.1992); *Tower of Cranes of America v. Public Service Company of New Hampshire*, 702 F.Supp. 371, 376 (D.N.H. 1988) (court weighs "savings of time and effort that consolidation would produce against any inconvenience, delay or expense that would be caused to the parties and to the Court"); *also citing Vazquez Rivera v. Congar Intern. Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007)). "Absent demonstrable prejudice, consolidation is generally allowed." *Id*. (cleaned up) (citations omitted).

Here, both actions name the same defendants. They share common issues of fact and law in that all plaintiffs challenge USCIS's application of Policy Memoranda PM-602-0192 and PM-602-0194 to the agency's adjudication of immigration benefits. Plaintiffs in both cases seek identical relief from the Court, as noted above, and therefore clearly contain common legal issues. For these reasons, significant overlap in legal proceedings and in conducting discovery is likely. Thus, the "threshold issue" for consolidation has been satisfied by Defendants' motion. *Americus Mortg. Corp.*, 2013 WL 3106018, at *13; *see also, Emps. Mut. Cas. Co. v. Lowell Fleet Maint.*, LLC, No. 25-10457-NMG, 2025 WL 2831483, at *2 (D. Mass. Oct. 3, 2025) (finding consolidation appropriate where "the suits are nearly identical and revolve around the same set of facts").

Similarly, the Court's consideration of the costs and benefits of consolidation weigh in favor of consolidation. "Judicial economy in proceeding in a single action is well served because consolidation avoids conducting duplicate hearings and duplicate discovery." *Americus Mortg. Corp.*, 2013 WL 3106018, at \*13. In the first action (25-cv-13946-JEK), early motion practice has been conducted, and briefing on the plaintiffs' motion for injunctive relief is continuing which would allow plaintiffs in the second case (26-cv-11382-ADB) an opportunity to provide additional briefing if deemed appropriate.[3] Notably, consolidating the two cases assures that the legal issues presented—which are identical—will be decided consistently and will avoid confusion. Discovery has not begun in either case, and if the cases are consolidated may be conducted simultaneously for both cases, preserving the parties' time and resources. Defendants in the second action (26-cv-11382-ADB) have not answered Plaintiffs' complaint, and Plaintiffs' request for injunctive relief is pending. Thus, "[s]ufficient prejudice to avoid consolidation is absent." *Id*. And "consolidation—especially at this early stage in the litigation—seems overwhelmingly likely to permit more efficient exploration and resolution of [Plaintiffs'] claims." *Allen v. Takeda Pharm. U.S.A., Inc*., No. 20-11452-LTS, 2020 WL 9848781, at \*4 (D. Mass. Sept. 9, 2020)

Additionally, the two cases are related. D. Mass. Local Rule 40.1(g). Under Local Rule 40.1(g), related civil cases "are to be assigned to the same district judge, and a related case that has not been treated as such at the time of assignment may be transferred 'by the joint decision of the district judge to whom it has been assigned and the district judge to whom it should be assigned' and after notice to the clerk." *Allen*, 2020 WL 9848781, at \*3 (citing Local Rule 40.1(g)(3), (5)).

---

[3] The parties in the second action are in the process of submitting a proposed briefing schedule to the Court which will request that Defendants file an opposition Plaintiffs' motion for injunctive relief by April 15, 2026, with Plaintiffs' reply filed by April 22, 2026.

Here, the two above-captioned cases are "plainly related." *Id*. "Some or all of the parties are the same," the "United States is the real adverse party" in both actions, and the cases involve the same claims. *Doe v. Moniz*, No. 19-12508-PBS, 2020 WL 13597417, at *1 (D. Mass. Jan. 8, 2020) (finding cases to be related where petitioners claimed that the government violated due process rights by providing constitutionally deficient immigration bond hearings). Both cases "present substantially the same questions of fact and law," and "reassignment is in the interest of justice and will further the efficient performance of the business of the court." *Allen*, 2020 WL 9848781, at *3. Thus, because the cases are related, Defendants request that the second captioned case (26-cv-11382-ADB) be transferred to the session where the first above-captioned case (25-cv-13946-JEK) is assigned.

As required by Local Rule 7.1, counsel for the parties conferred in advance of the filing of this motion. Counsel for Plaintiffs in the first action (25-cv-13946-JEK) requires additional time to consider the matter. Counsel for Plaintiffs in the second action (26-cv-11382-ADB) opposes consolidation.

WHEREFORE, for the aforementioned reasons, Defendants respectfully request that the Court allow Defendants' motion for consolidation.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:     */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: April 10, 2026          Eve.Piemonte@usdoj.gov

5

## LOCAL RULE 7.1 CERTIFICATION

I, Eve A. Piemonte, hereby certify that pursuant to L.R. 7.1(a)(2), I conferred with counsel for Plaintiffs in a good faith attempt to narrow or resolve the issues raised by this motion.  Counsel for Plaintiffs in the first action (25-cv-13946-JEK) requires additional time to consider the matter.  Counsel for Plaintiffs in the second action (26-cv-11382-ADB) opposes consolidation.


/s/ Eve A. Piemonte
Eve A. Piemonte

Dated: April 10, 2026                                    Assistant U.S. Attorney

6