**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al.,<br>    Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>    Defendants. | Case No.   1:25-cv-13946-JEK |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CONSOLIDATION

Plaintiffs in this action oppose consolidation at this stage of the proceedings. Defendants ask this Court to absorb a related case, *Doe v. Trump*, No. 1:26-cv-11382-ADB (D. Mass.) (the "*Abeer* case"), which is pending before Judge Burroughs. While the two cases present overlapping legal questions, they are at different procedural stages, before different judges, with independent motions for injunctive relief pending in each. Consolidation now would not promote judicial economy. It would disrupt active proceedings in both cases and delay resolution of the claims in each.

### BACKGROUND

Plaintiffs filed this action on December 23, 2025, challenging USCIS Policy Memoranda PM-602-0192 and PM-602-0194. ECF No. 7. On January 8, 2026, Plaintiffs moved for a preliminary injunction. ECF No. 15. That motion has been fully briefed since February 6, 2026, and oral argument was held on February 13, 2026. ECF Nos. 41, 44, 45, 53. The Court's ruling has been pending for approximately eight weeks.

The *Abeer* plaintiffs filed their complaint on March 20, 2026—three months after this case was initiated—asserting what Defendants describe as substantially similar claims against the same defendants. *Abeer*, ECF No. 1. On March 27, the *Abeer* plaintiffs filed an emergency motion for preliminary injunction, and on March 30, they filed a motion for a temporary restraining order. *Id.*, ECF Nos. 10, 15. On April 1, Judge Burroughs held a status conference. *Id.*, ECF No. 17. On April 6, Judge Burroughs issued an order stating that she was "prepared to temporarily stay application of" the Policy Memoranda

to the *Abeer* plaintiffs pending further briefing. *Id.*, ECF No. 18. She set a briefing schedule: Defendants' opposition to the TRO and preliminary injunction is due April 15, 2026, with Plaintiffs' reply due April 22, 2026. *Id.*, ECF No. 22.

On April 10, 2026, Defendants filed the instant motion for consolidation in this case. ECF No. 73. Defendants did not file a corresponding motion in the *Abeer* case. Instead, they filed a "Notice of Filing" in the *Abeer* case attaching a copy of the motion as an exhibit. *Abeer*, ECF No. 19.

## ARGUMENT

**I.    CONSOLIDATION IS PREMATURE GIVEN THE CURRENT PROCEDURAL POSTURE OF BOTH CASES.**

Defendants may have satisfied the threshold inquiry under Rule 42(a): the two cases share common questions of law and fact. But satisfying the threshold does not end the analysis. The Court retains "broad discretion in weighing the costs and benefits of consolidation," *Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 WL 3106018, at *12 (D. Mass. June 17, 2013), and the balance of those considerations weighs against consolidation at this time.

Both cases have independent motions for injunctive relief at advanced stages of adjudication. In this case, the preliminary injunction motion has been fully briefed and argued; the Court's decision is pending. In the *Abeer* case, Judge Burroughs has held a status conference, issued an order signaling her readiness to stay the Policy Memoranda as to those plaintiffs, and set a briefing schedule with deadlines within the next two weeks. Consolidation at this juncture would not eliminate duplicative proceedings—it would disrupt proceedings that are already substantially complete or well underway in both cases.

For the Plaintiffs in this case, consolidation offers no benefit. Their motion was submitted and argued eight weeks ago and awaits a decision. Absorbing additional plaintiffs and additional briefing into this proceeding would not accelerate resolution; if anything, it risks further delay. For the *Abeer* plaintiffs, consolidation would strip them of the benefit of a judge who has already engaged with the merits of their claims, reviewed their declarations, and established a timeline for resolution.

Defendants' own motion acknowledges that briefing in the *Abeer* case is proceeding on a schedule that would "allow plaintiffs in the second case . . . an opportunity to provide additional briefing if deemed appropriate." ECF No. 73 at 4. But this framing underscores the problem: Defendants are not seeking efficiency. They are seeking to redirect the *Abeer* plaintiffs' claims away from a court that is actively adjudicating them and inclined to enjoin the policy memoranda at issue. That is not a purpose that consolidation is designed to serve.

Consolidation may well be appropriate at a later stage—after both courts have resolved the pending motions for injunctive relief and the cases move into discovery or further proceedings on the merits. At that point, the efficiencies Defendants identify would be real rather than theoretical. At this stage, they are not.

## II.    THE LOCAL RULES DO NOT SUPPORT CONSOLIDATION BASED ON COMMON POLICY CHALLENGES.

Defendants invoke Local Rule 40.1(g) to argue that these cases are "plainly related" and should be reassigned to the same judge. But the local rule itself provides that civil cases "shall not be deemed related to each other solely on the ground that they involve the same or substantially similar challenges to a law, regulation, or government policy or practice; or otherwise involve a common question of law." L.R. 40.1(g)(3). That is precisely the basis for Defendants' motion: both cases challenge the same policy memoranda. The two cases involve different plaintiffs, different counsel, and different factual records. The local rule's express limitation on relatedness designations based solely on common policy challenges counsels against consolidation at this stage, particularly where both cases are before judges who have already engaged with the merits independently.

### CONCLUSION

Consolidation of these cases may be appropriate after both courts have resolved the pending motions for injunctive relief. At this stage, however, consolidation would disrupt active proceedings in both cases without producing any corresponding efficiency. Plaintiffs respectfully request that Defendants' motion be denied without prejudice.

-4-

**RESPECTFULLY SUBMITTED**
April 11, 2026

Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2026, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

***/s/ James O. Hacking, III***
James O. Hacking, III

-4-