FILED

2026 APR 13 PM 2: 05

U.S. DISTRICT COURT
DISTRICT OF MASS.

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

AKMURAT O. DOE, et al.,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-13946-JEK

(D. Mass.)

### INTERVENOR'S NOTICE OF INTERVENING DEVELOPMENT

Intervenor[1] Isaac D. Narvaez Gomez respectfully brings to the Court's attention the following development bearing directly on the pending Motion to Intervene [Dkt. 53]. On April 10, 2026, Defendants moved to consolidate this action with the second action[2]—bringing approximately 99 additional plaintiffs into this docket. [Dkt. 73]. The positions Defendants take in that motion and the positions they took eighteen days earlier in opposing intervention [Dkt. 64] are set forth below.

Defendants devoted three pages to the argument that Intervenor "has no residence, property, or connection to the District of Massachusetts." [Dkt. 64 at 2].[3] They now move to absorb approximately 96 non-Massachusetts plaintiffs through Rule 42(a)—after denying proper venue for 184 of 197 existing Doe plaintiffs in their Answer [Dkt. 52] without moving to dismiss a single one.

---

[1]Intervention has not yet been granted. This Notice uses the shortened form "Intervenor" for economy of expression and without prejudice to the pending motion [Dkt. 53].

[2]This action, *Doe v. Trump*, No. 1:25-cv-13946-JEK, was filed December 23, 2025. The second action, *Doe v. Trump*, No. 1:26-cv-11382-ADB, was filed March 20, 2026. Both challenge PM-602-0192 and PM-602-0194.

[3]A Google Maps footnote accompanied the point. Intervenor addressed venue on the merits in his Reply [Dkt. 67 at 3–4]. Rule 24 contains no venue requirement. *Wright & Miller, Federal Practice and Procedure* § 1917 (3d ed.); *Moore's Federal Practice* § 24.22[3]. *R & G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 7 (1st Cir. 2009). This Notice addresses not the law but the logic.

1

Defendants argued Intervenor's claims "do not share common questions of law or fact" and occupy "entirely new territory." [Dkt. 64 at 11]. Their consolidation motion concedes the two cases "share common issues of fact and law" because "all plaintiffs challenge USCIS's application of Policy Memoranda PM-602-0192 and PM-602-0194." [Dkt. 73 at 3]. Intervenor challenges the identical memoranda.[4] Defendants further describe this litigation as being at "this early stage" where adding approximately 99 plaintiffs "seems overwhelmingly likely to permit more efficient exploration and resolution of claims." [Dkt. 73 at 3–4]. Intervenor's motion was filed at the same stage.

After consolidation, approximately 296 plaintiffs would assert the same six causes of action across two dockets. "Both Complaints allege the same six distinct causes of action." [Dkt. 73 at 2]. The second action includes two United States citizen petitioners who, like Intervenor, filed I-130 petitions on behalf of their spouses. *See* No. 1:26-cv-11382, ECF No. 1, ¶¶ 18, 20. Neither asserts strict scrutiny for birthplace classifications applied to citizens.[5] Neither raises the fundamental right to marry.[6] Neither raises nondelegation under *Gundy v. United States*, 588 U.S. 128 (2019), or the Proclamation's own exemption for Intervenor's spouse.[7] Two citizen petitioners are in the consolidated case. Zero raise these claims.[8]

---

[4]The textual parallel is exact. Rule 24(b)(1)(B) permits intervention where a claim "shares with the main action a common question of law or fact." Rule 42(a) permits consolidation where "actions before the court involve a common question of law or fact." Defendants have conceded the latter. They cannot, on the same set of facts, deny the former.

[5]*See Bolling v. Sharpe*, 347 U.S. 497 (1954); *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200, 227 (1995); *Schneider v. Rusk*, 377 U.S. 163, 165 (1964). The existing plaintiffs are noncitizens analyzed under rational basis review. *See Mathews v. Diaz*, 426 U.S. 67, 81–82 (1976). Intervenor is a naturalized citizen asserting that birthplace classifications demand strict scrutiny. The Fifth Amendment's equal protection component applies with "precisely the same" force as the Fourteenth. *Sessions v. Morales-Santana*, 582 U.S. 47, 52 n.1 (2017).

[6]*See Loving v. Virginia*, 388 U.S. 1, 12 (1967); *Zablocki v. Redhail*, 434 U.S. 374, 384 (1978); *Obergefell v. Hodges*, 576 U.S. 644 (2015). Should intervention be granted, Intervenor may seek leave to amend the Complaint in Intervention to add a distinct fundamental-right-to-marry count. The Government is hereby placed on notice of that intent.

[7]The Proclamation's own terms do not reach Intervenor's spouse—an Italian and Uruguayan national admitted on her Italian passport—demonstrating the Government can distinguish between nationals without compromising its stated security objectives.

[8]This is not a criticism of counsel in the second action, who may have sound strategic reasons for the omission. It is an observation that consolidation cannot supply the constitutional dimension that only a party with standing to assert

A consolidated ruling resolving the Hold Memoranda on APA grounds alone would not address strict scrutiny for birthplace classifications, the fundamental right to marry, or the nondelegation doctrine—the constitutional dimensions that only Intervenor's Complaint in Intervention raises.[9]

Intervenor respectfully requests that the Court consider this Notice in connection with the pending Motion to Intervene [Dkt. 53] and the pending Motion for Consolidation [Dkt. 73].

Respectfully submitted this 13th day of April, 2026.


*/s/ Isaac D. Narvaez Gomez*

_____
**ISAAC D. NARVAEZ GOMEZ**
1601 Assembly St. # 1062
Columbia, SC 29201
(803) 530-8212
ngomezisaac@gmail.com
*Proposed Plaintiff-Intervenor, Pro Se*


## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April, 2026, upon docketing of the foregoing, this document will be served upon all counsel of record in this action via the Court's CM/ECF system and upon counsel for the plaintiffs in *Doe v. Trump*, No. 1:26-cv-11382-ADB, by electronic mail.


*/s/ Isaac D. Narvaez Gomez*

_____
Isaac D. Narvaez Gomez

_____
it—and the will to do so—can provide.

[9] Under *Hall v. Hall*, 584 U.S. 59 (2018), consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Consolidation does not confer party status. Only intervention does.

3