**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE,  et al.,

   Plaintiffs,

v.

DONALD J. TRUMP, et al.,

   Defendants.

Case No.  1:25-cv-13946-JEK

**PLAINTIFFS' FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of Judge Susan van Keulen's comprehensive decision yesterday in *Kayhan Behdin v. Joseph B. Edlow*, No. 5:26-cv-00566-SVK (N.D. Cal. Apr. 16, 2026) (attached as Exhibit A). In *Behdin*, the court granted a preliminary injunction directing USCIS to adjudicate pending I-765 employment authorization applications within 180 days of filing and enjoining application of the same Policy Memoranda PM-602-0192 and PM-602-0194 challenged here.

*Behdin* is particularly significant as a comprehensive 48-page order addressing all principal legal issues now pending before this Court. The decision represents the fifth federal district court to enjoin the Policy Memoranda, joining prior orders from this District (*Bowser*), the Northern District of California (*Varniab*), the Northern District of Illinois (*John Doe v. USCIS*), and the pending stay order in this District (*Doe v. Trump*, No. 1:26-cv-11382-ADB).

**Jurisdiction**

Judge van Keulen rejected Defendants' § 1252(a)(2)(B) jurisdiction-stripping arguments on all grounds. On subsection (B)(i), the court held that Plaintiffs "do not seek review of any final decision, or any subsidiary or preliminary decisions or factual findings, on their I-765 applications for immigration benefits" but instead "seek review of Defendants' failure to issue a decision on their applications because of the adjudication hold policy."

On subsection (B)(ii), the court emphasized that the Government's own concession undermines its jurisdictional argument. When asked whether the Government has "the discretion not to decide" an EAD

application, counsel answered: "No. I think that is not correct. . . . I think that they do have a duty to act on it within a reasonable time." The court found this "inconsistent with any suggestion that Defendant has discretion to indefinitely withhold adjudication."

The court also rejected the Government's regulatory arguments, holding that 8 C.F.R. § 274a.13(a)(1) provides discretion over "approval" of applications, not discretion "to withhold a decision on such applications." Critically, the court emphasized that because this regulation is not a statute, it "does not insulate USCIS's hold policy from judicial review under 8 U.S.C. § 1252(a)(2)(B)(ii)," citing *Kucana v. Holder*, 558 U.S. 233, 247 (2010) for the principle that reading subsection (B)(ii) to bar review of regulatory discretion "would free the Executive to shelter its own decisions . . . simply by issuing a regulation declaring those decisions 'discretionary'."

**Final Agency Action**

The court found both *Bennett* prongs satisfied. On finality, the court held that the Policy Memoranda "do not purport to interpret existing rules but instead create new rules and procedures," specifically "an indefinite hold on final adjudication of all pending benefit applications for aliens from a list of countries." The court rejected the Government's "interim" characterization, noting that more than 90 days had passed since the memoranda were issued with no operational guidance forthcoming and that "whatever changes the agency has made have not changed the fact that all of Plaintiffs' applications remain on hold."

On legal consequences, the court found that "it does Plaintiffs little practical good if some processing of their applications continues if USCIS places an indefinite hold on any decision on the applications." The hold prevents Plaintiffs "from continuing [their] employment or from pursuing any other employment," which are "the hallmarks of APA finality."

**APA Claims**

**Arbitrary and capricious:** The court found that USCIS failed to provide "a reasoned explanation for disregarding 'serious reliance interests'" and "failed to show that these requirements are satisfied." The agency "contain[ed] no indication that the agency considered the professional and other consequences and

burdens imposed on applicants such as Plaintiffs." Moreover, the court held that the hold "extends far beyond EO 14161, Proclamation 10949, or Proclamation 10998," which focused on entry restrictions, not adjudication of applications by persons already admitted. The court found no evidence that Defendants "considered reasonable alternatives to the expansive hold policy."

**Notice and comment:** The court found the Policy Memoranda constitute legislative rules requiring notice and comment because they "have direct and appreciable consequences" and do not qualify for the policy statement exception. The hold "was not purely prospective but was applied to applications pending at that time" and provides only limited discretion that "is a far cry from leaving the agency 'free to exercise discretion to follow, or not to follow' the hold policy in an individual case."

## The Remedy

Judge van Keulen crafted a measured remedy requiring adjudication within 180 days of application filing, with a 32-day compliance period for applications already beyond that timeframe. The court expressly noted it "cannot and does not order any particular outcome on Plaintiffs' I-765 applications," addressing any separation-of-powers concerns while ensuring meaningful relief.

No court has ruled in Defendants' favor on these issues. The legal consensus is now overwhelming: five federal district courts have found the Policy Memoranda likely unlawful, with comprehensive analysis rejecting each of Defendants' principal defenses. The *Behdin* decision provides the most thorough analysis to date and confirms the analytical framework Plaintiffs have advanced throughout this litigation.

**RESPECTFULLY SUBMITTED**
April 16, 2026

Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking, III***
James O. Hacking, III

MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2026, a true and correct copy of the foregoing was served on

Defendants by filing the document through the Court's CM/ECF system.

*/s/ James O. Hacking, III*
James O. Hacking, III