**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE,  et al,

   Plaintiffs,

v.

DONALD J. TRUMP, et al.,

   Defendants.

Case No.   1:25-cv-13946-JEK

**PLAINTIFFS' SEVENTH NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of Judge Alex G. Tse's decision on April 29th, 2026, in *Sarasadat Meschi, et al., v. Joseph B. Edlow*, No. 26-cv-01993-AGT (N.D. Cal Mar. 8, 2026) (attached as Exhibit A). In *Sarasadat*, the court granted in part and denied in part the plaintiff's motion for a preliminary injunction. The court also enjoined the application of Policy Memoranda PM-602-0192 and PM-602-0194, which are challenged here. The court ordered USCIS to resume adjudication of the pending Form I-765 applications for work authorizations (the only challenge raised) in a manner consistent with USCIS's standard practices.

The decision represents the seventh federal district court to enjoin the Policy Memoranda, joining prior orders from this District (*Bowser*), the District of Maryland (*Saghafi)*, the Northern District of California (*Varniab*) and (*Behdin*), the Northern District of Illinois (*John Doe v. USCIS*), and the pending stay order in this District (*Doe v. Trump, No. 1:26-cv-11382-ADB*).

**Jurisdiction**

The court held that it has jurisdiction under 28 U.S.C. §§ 1331 and 1361 and rejected Defendants' reliance on 8 U.S.C. § 1252(a)(2)(B). Citing *Behdin v. Edlow*, the court found that the jurisdiction-stripping provisions do not apply where Plaintiffs challenge an agency's failure to adjudicate applications, rather than any discretionary decision on the merits. The court also rejected procedural objections, finding Plaintiffs were properly joined because their claims arise from the same policy, Policy

Memoranda 602-0192 and 602-0194—and present common legal questions under the APA. Venue was likewise proper because at least one Plaintiff resides in the district.

**Final Agency Action and APA Claims**

The court held that Plaintiffs are likely to succeed on their APA claim that USCIS's indefinite adjudication hold constitutes final agency action that is arbitrary and capricious. Adopting the reasoning of *Behdin*, the court found that the indefinite hold has legal consequences and marks the consummation of agency decisionmaking. The court further emphasized that USCIS failed to provide a reasoned explanation for imposing an indefinite hold, particularly where it did not consider obvious alternatives such as a time-limited pause. A fixed-duration hold could have allowed USCIS to address security concerns while providing applicants with predictability. Instead, the indefinite policy leaves applicants in complete uncertainty, in violation of the APA's requirement for reasoned decisionmaking under *Encino Motorcars, LLC v. Navarro*.

**Irreparable Harm**

The court determined that Plaintiffs—twenty noncitizens from Iran, Cuba, Nigeria, Mexico, and Venezuela whose Form I-765 applications were placed on hold—demonstrated irreparable harm. The court found that the indefinite suspension of adjudication precludes them from obtaining employment authorization, thereby preventing lawful employment, undermining their financial stability, and disrupting their professional and personal lives. Consistent with *Behdin*, these harms are concrete, ongoing, and not compensable through post hoc relief.

**Balance of Equities and Public Interest**

The court concluded that the balance of equities weighs in Plaintiffs' favor and supports the issuance of injunctive relief. Relying on *Behdin*, it determined that the harm to Plaintiffs outweighs any administrative burden on USCIS. The court further found, consistent with *Saghafi v. Edlow*, that maintaining an indefinite adjudicatory hold is not in the public interest where it likely contravenes the APA, and that the resumption of ordinary adjudication procedures better serves principles of fairness and lawful agency administration.

**The Remedy**

The court granted in part Plaintiffs' motion for a preliminary injunction. It enjoined USCIS from applying the adjudicatory hold under PM-0192 and PM-0194 and ordered the agency to resume adjudication of Plaintiffs' Form I-765 applications in the ordinary course. This decision reinforces a strong consensus. At least seven district court decisions have now concluded that the challenged Policy Memoranda are likely unlawful, uniformly rejecting Defendants' jurisdictional and merits arguments, with none ruling in Defendants' favor. This expanding line of decisions further reinforces the analytical framework Plaintiffs have consistently advanced throughout this litigation.

**RESPECTFULLY SUBMITTED**
April 30, 2026

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

*/s/ James O. Hacking, III*
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2026, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

*/s/ James O. Hacking, III*
James O. Hacking, III