**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| AKMURAT O. DOE *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| DONALD J. TRUMP, *in his official capacity as President of the United States*, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SECRETARY MARKWAYNE MULLIN, *in his official capacity as Secretary of the U.S. Department of Homeland Security*, UNITED STATES CITIZEN AND IMMIGRATION SERVICES, JOSEPH B. EDLOW, *in his official capacity as Director of the United States Citizen and Immigration Services*, and DOROTHY MICHAUD, *in her official capacity as Director of the Boston Field Office of United States Citizen and Immigration Services*, | ) | No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe et al. v. Trump et al.*,<br>1:26-cv-11382-JEK |
| Defendants. | ) | |

## ORDER

Upon review of the parties' Joint Status Report, ECF 86, the Court ORDERS as follows:

(1)     The motions for a temporary restraining order and preliminary injunction previously filed on the docket in *Doe v. Trump*, 26-cv-11382 ("*Doe II*"), *see* ECF 10 and 15 of that docket, which has now been consolidated with this case, are GRANTED in part and DENIED in part for the same reasons, and to the same extent, as set forth in this Court's April 30, 2026 Memorandum and Order on the motion for a preliminary injunction in this case, *see* ECF 82, *Doe v. Trump*, 25-cv-13946 ("*Doe I*").

(2)     The defendants are **ENJOINED** from enforcing the adjudicative hold policy, set forth in Policy Memorandum 602-0192 and Policy Memorandum 602-0194, to the pending benefit

applications of the plaintiffs in this consolidated case, including the 99 plaintiffs in *Doe II* and the 167 plaintiffs in *Doe I* to whom this Court's April 30, 2026 Memorandum and Order did not apply. The defendants are **ORDERED** to immediately lift the adjudicative hold as to those plaintiffs.

(3)    The defendants are **ENJOINED** from enforcing the significant negative factor policy, set forth in Policy Alert 2025-26, to pending applications for adjustment of status and work authorization of any of the 99 plaintiffs in *Doe II* and the 167 plaintiffs in *Doe I* to whom this Court's April 30, 2026 Memorandum and Order did not apply. The defendants are **ORDERED** to cease applying the significant negative factor policy to the adjudication of those plaintiffs' applications for adjustment of status and work authorization.

(4)    No security under Federal Rule of Civil Procedure 65(c) is necessary or warranted in the circumstances of this case.

In indicating that they do not oppose extending the preliminary injunction order to the remaining plaintiffs in *Doe I* and the plaintiffs in *Doe II*, the defendants do not concede any arguments previously made in opposition to preliminary injunctive relief. *See* ECF 86, ¶¶ 5-6, 8. Those arguments are preserved, including for any potential appeal. The Court appreciates the parties' collaboration in reviewing the plaintiffs' declarations and preparing the Joint Status Report.

SO ORDERED.

/s/ Julia E. Kobick
JULIA E. KOBICK
Dated: May 7, 2026                                    UNITED STATES DISTRICT JUDGE