**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-13946-JEK <br><br> Lead Case |
| ABEER H. DOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Civil Action No. 1:26-cv-11382-JEK <br><br> Consolidated Member Case |
| S.S. DOE; S.H.A. DOE; R.H. DOE; and S.G. DOE, <br><br> Plaintiffs, <br><br> v. <br><br> MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; and JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services, <br><br> Defendants. | Civil Action No. 1:26-cv-11884-DJC <br><br> Case Proposed for Consolidation |

**PLAINTIFFS S.S. DOE, S.H.A. DOE, R.H. DOE, AND S.G. DOE'S MOTION TO CONSOLIDATE AND MEMORANDUM IN SUPPORT**

1

**MOTION**

Plaintiffs S.S. Doe, S.H.A. Doe, R.H. Doe, and S.G. Doe respectfully move pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule 40.1(k) to consolidate *S.S. Doe v. Mullin*, Civil Action No. 1:26-cv-11884-DJC, with the consolidated actions *Doe v. Trump*, Civil Action No. 1:25-cv-13946-JEK, and *Doe v. Trump*, Civil Action No. 1:26-cv-11382-JEK, under lead case Civil Action No. 1:25-cv-13946-JEK.

Local Rule 40.1(k) provides that a motion for consolidation of two or more cases shall be made in the case first filed in this Court. This motion is therefore directed to the lead and first-filed action, *Doe v. Trump*, Civil Action No. 1:25-cv-13946-JEK. Plaintiffs respectfully request that the Court order Civil Action No. 1:26-cv-11884-DJC consolidated with the lead action and grant any further case-management relief the Court deems appropriate.

**BACKGROUND**

The Court has already consolidated *Doe v. Trump*, Civil Action No. 1:26-cv-11382-JEK, with *Doe v. Trump*, Civil Action No. 1:25-cv-13946-JEK. In granting consolidation, the Court held that "the standard for consolidation under Fed. R. Civ. P. 42(a) is met here because both actions involve the same claims against the same defendants and the same questions of law," that both cases were in "the early procedural stages," and that "the benefits of consolidation outweigh any drawbacks." Lead Case ECF No. 83.

The later filed action, Civil Action No. 1:26-cv-11884-DJC (complaint filed April 27, 2026), fits the same mold. Plaintiffs in that case challenge Defendants' suspension, withholding, delay, or burdening of domestic USCIS benefit adjudications under Presidential Proclamations 10949 and 10998, USCIS Policy Alert PA-2025-26, and USCIS Policy Memoranda PM-602-0192

2

and PM-602-0194. Those are the same policies and legal theories already before this Court in the consolidated Doe actions.

The four Plaintiffs in Civil Action No. 1:26-cv-11884-DJC are lawfully present individuals with pending domestic USCIS applications, including Form I-765 employment authorization, Form I-140 immigrant worker petitions, Form I-129 nonimmigrant worker petitions, Form I-485 adjustment of status, and Form I-131 advance parole. They do not seek admission from abroad. They seek declaratory, mandamus, and injunctive relief requiring Defendants to adjudicate their pending matters promptly, lawfully, and without reliance on the challenged nationality- and place-of-birth-based directives.

## LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) authorizes consolidation when actions before the Court involve a common question of law or fact. The Court may join matters for hearing or trial, consolidate the actions, or issue other orders to avoid unnecessary cost or delay.

In this District, the threshold issue is whether the proceedings involve a common party and common issues of fact or law. *Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 WL 3106018, at *12 (D. Mass. June 17, 2013) (citing *Seguro de Servicio de Salud de P.R. v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989)). Once that threshold is met, the Court has broad discretion to weigh the costs and benefits of consolidation. Id.; see also *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 122 (D. Mass. 2001). Courts consider convenience to the parties, judicial economy, savings in time, effort, and expense, and any confusion, delay, or prejudice that may result. *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992), aff'd, 36 F.3d 1147 (1st Cir. 1994). Absent demonstrable prejudice, consolidation is generally allowed. Americus, 2013 WL 3106018, at *12.

3

**ARGUMENT**

I. The actions share common parties, including the same real party in interest: the United States, acting through DHS and USCIS.

Civil Action No. 1:26-cv-11884-DJC and the consolidated Doe actions share overlapping federal defendants and the same real party in interest. The consolidated Doe actions name federal officials and agencies responsible for the challenged domestic USCIS adjudication policies, including the Secretary of Homeland Security, the Director of USCIS, DHS, and USCIS. Civil Action No. 1:26-cv-11884-DJC likewise names the Secretary of Homeland Security and the Director of USCIS in their official capacities and challenges the same USCIS conduct.

Plaintiffs in all actions challenge the United States' implementation of USCIS policies that pause, burden, or otherwise prevent final adjudication of domestic benefit requests. The operational actor is USCIS, the agency charged with adjudicating Plaintiffs' pending applications and petitions. The United States, through DHS and USCIS, is the real party in interest in all three cases.

II. The actions challenge the same policies and seek materially similar relief.

Each case challenges the same policy directives: Presidential Proclamations 10949 and 10998, USCIS Policy Alert PA-2025-26, and USCIS Policy Memoranda PM-602-0192 and PM-602-0194. Each action presents the same central legal questions: whether Defendants may use those directives to suspend, withhold, delay, or burden domestic USCIS adjudications for individuals already present in the United States; whether the challenged policies exceed statutory authority; whether they violate the APA; and whether they may be enjoined or set aside as applied to domestic USCIS adjudications.

The relief sought likewise overlaps. In the consolidated *Doe* actions, Plaintiffs seek declaratory relief, vacatur or injunctions preventing application of the challenged directives, and orders requiring USCIS adjudication. In Civil Action No. 1:26-cv-11884-DJC, Plaintiffs similarly

seek declaratory, mandamus, and injunctive relief requiring Defendants to adjudicate their pending domestic USCIS matters promptly, lawfully, and without reliance on the challenged directives, nationality-based holds, or proclamation-based country factors. The requested relief is the same in practical effect and turns on the same legal determinations.[1]

### III. The actions are at substantially similar procedural stages, and consolidation will promote judicial economy.

The Court already found that the two *Doe* actions were in early procedural stages and that discovery had not commenced when it consolidated them. Civil Action No. 1:26-cv-11884-DJC is also in an early procedural posture: the complaint and Motion for a Temporary Restraining Order were filed on April 27, 2026, service was executed on all Defendants on April 28, 2026, and additional exhibits supporting the TRO motion were filed on May 1, 2026. No responsive pleading has been filed, no discovery has commenced the parties very recently agree to a briefing schedule for the pending motion for a temporary restraining order.

Consolidation will conserve the resources of the parties and the Court. The Government itself recently sought consolidation of the two *Doe* actions because they involved substantially similar complaints, the same challenged USCIS memoranda, the same causes of action, and the same requested relief. The same practical considerations apply here. Allowing a third action concerning the same policies, same agency conduct, and same requested relief to proceed on a

---

[1] To the extent Civil Action No. 1:26-cv-11884-DJC differs from the consolidated Doe actions, Plaintiffs in that case also pleaded an APA delay claim under 5 U.S.C. §§ 555(b) and 706(1), and a mandamus claim under 28 U.S.C. § 1361, because adjudication of several applications and petitions has become unreasonably prolonged. See Compl., Counts IV-V. Plaintiffs do not press those delay and mandamus claims as the basis for preliminary relief at this time. The preliminary relief sought turns on the same adjudicative-hold and significant-negative-factor policies at issue in the consolidated Doe actions; the delay and mandamus claims may be narrowed or rendered moot if the Court resolves those policy claims and USCIS resumes lawful adjudication without reliance on the challenged directives. Defendants stated that they oppose consolidation primarily because these additional claims will require addressing issues not presently before the Court and may require additional briefing which will delay the litigation. Plaintiffs contend that these concerns are speculative at this point for the reasons stated above, and that keeping the cases separated will certainly lead to duplicative briefing and adjudication of the primary issues raised in all cases.

separate track would invite unnecessary duplication of resources such as duplicative briefing and decisions.

#### IV. Any drawbacks are minimal and are outweighed by the benefits of consolidation.

No party will suffer demonstrable prejudice from consolidation. Counsel for Plaintiffs in the two consolidated *Doe* actions consent to the requested consolidation. The Government opposes consolidation of this action, but it has already sought consolidation of the two earlier-filed *Doe* actions and will still have to litigate all three cases whether separately or together. The cases present common legal questions, common agency policies, common federal or real parties in interest, and similar legal claims sounding in challenges to administrative action. To the extent the claims or factual harms of the individual Plaintiffs differ, those differences can be managed through the procedures the Court has already established in the two prior consolidated cases.

The reasoning of the Court's prior consolidation order applies with equal force here. The Court already determined that, where actions challenge the same USCIS policies and present the same claims and questions of law, and where the cases are in similar procedural postures, the benefits of consolidation outweigh any drawbacks. The same is true here. Consolidating Civil Action No. 1:26-cv-11884-DJC under the lead case will promote consistency, efficiency, and orderly adjudication without altering any party's substantive rights.

**CONCLUSION**

For the foregoing reasons, Plaintiffs S.S. Doe, S.H.A. Doe, R.H. Doe, and S.G. Doe respectfully request that the Court consolidate Civil Action No. 1:26-cv-11884-DJC with the consolidated actions *Doe v. Trump*, Civil Action No. 1:25-cv-13946-JEK, and *Doe v. Trump*, Civil Action No. 1:26-cv-11382-JEK, under lead case Civil Action No. 1:25-cv-13946-JEK.

Dated: May 8, 2026.

6

Respectfully submitted,

/s/ Carl Hurvich
Carl Hurvich (BBO #698179)
Brooks Law
10 High Street, Suite 3
Medford, MA 02155
Tel: (617) 245-8090
Email: carl@brookslawfirm.com
Counsel for Plaintiffs S.S. Doe, S.H.A. Doe, R.H. Doe, and S.G. Doe

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs S.S. Doe, S.H.A. Doe, R.H. Doe, and S.G. Doe has conferred with counsel for Plaintiffs in *Doe v. Trump*, Civil Action No. 1:25-cv-13946-JEK, and *Doe v. Trump*, Civil Action No. 1:26-cv-11382-JEK, who consent to consolidation of Civil Action No. 1:26-cv-11884-DJC with the consolidated Doe actions. Counsel has also contacted counsel for Defendants to request the Government's position. Defendants stated that they oppose consolidation.

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, this document was filed through the Court's CM/ECF system, which will send notice of electronic filing to all registered counsel of record. Counsel for Plaintiffs S.S. Doe, S.H.A. Doe, R.H. Doe, and S.G. Doe will also file notice of this motion in Civil Action No. 1:26-cv-11884-DJC.

/s/ Carl Hurvich
Carl Hurvich

7