**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al,

  Plaintiffs,

v.

DONALD J. TRUMP, et al.,

  Defendants.

Case No.   1:25-cv-13946-JEK

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Plaintiffs respectfully move for leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). The proposed Second Amended Complaint is attached hereto. Defendants object to leave being granted, satisfying the conferral requirement of Local Rule 7.1(a)(2). In support of this motion, Plaintiffs state as follows:

This action challenges three agency directives — USCIS Policy Memoranda PM-602-0192 and PM-602-0194 and DHS Policy Alert PA-2025-26 — that impose categorical and indefinite restrictions on domestic immigration adjudications for nationals of thirty-nine designated countries and a blanket hold on pending asylum adjudications regardless of nationality. On April 30, 2026, this Court granted in part Plaintiffs' motion for a preliminary injunction, and on May 7, 2026, extended that relief to all Plaintiffs in the consolidated actions. The proposed Second Amended Complaint refines and supplements the operative pleading in three principal respects: it addresses an intervening Supreme Court decision bearing on the scope of available relief; incorporates factual developments arising since the filing of the First Amended Complaint; and clarifies the class allegations and requested remedies in light of the preliminary injunction proceedings. The Rule 16 Scheduling Conference has yet to occur. As such, this Motion is timely and leave to amend should be granted.

## ARGUMENT

**I.     LEAVE TO AMEND SHOULD BE FREELY GRANTED UNDER RULE 15(a)(2).**

"[R]equests for leave to amend are normally evaluated under Rule 15(a)'s leave freely given standard," *U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 194 (1st Cir. 2015), which directs that "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2); *In re Moveit Customer Data Security Breach Litigation*, 2024 WL 5090823 (D. Mass. Dec. 12, 2024).

The proposed Second Amended Complaint responds in part to *Trump v. CASA, Inc.*, 606 U.S. 831 (2025) and also incorporates factual and procedural developments that have occurred during the course of this litigation. Those developments include the government's failure to issue the operational guidance both Policy Memoranda represented would issue within ninety days, as well as developments arising from the preliminary injunction proceedings. Amendments addressing intervening legal authority and post-filing factual developments are precisely the type of timely, good-faith amendments Rule 15 contemplates.

Defendants will suffer no prejudice. This Court has already ruled on the preliminary injunction, and the parties are fully familiar with the legal and factual landscape of the case. The proposed amendments do not add new defendants, new challenged policies, or materially alter the nature of the claims already at issue. Instead, they clarify Plaintiffs' claims, class allegations and requested APA remedies in light of intervening authority and developments in the preliminary injunction proceedings. The case is not on the eve of trial, and the proposed amendments impose no meaningful additional discovery burden or require modification of any scheduling order.

The amendment is not futile. An amendment is futile only if the proposed pleading could not withstand a Rule 12(b)(6) motion to dismiss. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). The proposed amendments clarify and supplement the existing allegations and do not assert fundamentally new claims or theories. The Court has already concluded, in the context of the preliminary injunction proceedings, that Plaintiffs are likely to succeed on several of their APA and statutory claims.

**II.      THE SECOND AMENDED COMPLAINT ADDRESSES *TRUMP v. CASA*.**

In *CASA*, the Supreme Court held that federal courts may not rely on general equitable authority to issue universal injunctions untethered to the parties before the court. The government is likely to invoke *CASA* to argue for limiting the scope of any classwide relief in this case. The proposed Second Amended Complaint addresses that issue directly.

First, the Court expressly reserved the question whether the Administrative Procedure Act independently authorizes vacatur of unlawful agency action. *CASA*, 6-6 U.S. at 847 n.10 (noting that [n]othing we say today resolves the distinct question whether the Administrative Procedure Act authorizes federal courts to vacate federal agency action citing 5 U.S.C. § 706(2). Section 706(2) of the APA directs courts to "hold unlawful and set aside" agency action that is contrary to law, arbitrary and capricious, or promulgated without notice-and-comment rulemaking. 5 U.S.C. § 706(2). That statutory directive does not depend upon freestanding equitable authority. The proposed Second Amended Complaint clarifies that Plaintiffs seek relief under § 706(2), including vacatur of the challenged Policy Memoranda and Policy Alert.

Second, both the *CASA* majority and Justice Kavanaugh's concurrence recognized Rule 23(b)(2) class certification as the established procedural mechanism for obtaining broad relief against uniform federal policies. The Court explained that the historical precursor to universal injunctions "lives in modern form" through Rule 23 and emphasized that Rule 23 supplies the procedural safeguards governing classwide relief. The proposed Second Amended Complaint clarifies the class allegations in light of *CASA* and the preliminary injunction proceedings.

In sum, the proposed Second Amended Complaint addresses the implications of *CASA* by clarifying both the statutory and procedural bases for the relief Plaintiffs seek. Plaintiffs continue to seek relief under APA § 706(2), including vacatur of unlawful agency action, and continue to pursue Rule 23(b)(2) certification as the procedural vehicle for classwide relief against the challenged policies. The proposed amendments clarify and refine those allegations in light of intervening authority and the preliminary injunction proceedings.

**III.    THE SECOND AMENDED COMPLAINT INCORPORATES ADDITIONAL FACTUAL ALLEGATIONS.**

The proposed Second Amended Complaint also incorporates factual developments that post-date the First Amended Complaint. Most significantly, it alleges that the ninety-day deadlines for issuance of operational guidance under both Policy Memoranda — March 2, 2026 under PM-602-0192 and April 1, 2026 under PM-602-0194 — have expired without the issuance of any operational guidance. This development is directly relevant to the finality analysis and to Plaintiffs' APA claims because the government's own self-imposed deadlines have passed without rescission or meaningful modification of the challenged adjudicative hold policies.

The proposed amendments also incorporate developments arising from the preliminary injunction proceedings, including the Court's findings concerning final agency action, the continuing nature of the adjudicative hold, and the absence of any identified endpoint for the challenged policies. These developments arose after the filing of the First Amended Complaint and could not have been fully incorporated into the operative pleading at that time.

For these reasons, Plaintiffs respectfully request that they be granted leave to amend to file their Second Amended Complaint, a final draft of which is attached to this Motion as Exhibit A.[1]

RESPECTFULLY SUBMITTED
May 22, 2026

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

*/s/ James O. Hacking, III*

---

[1]    A redline comparison of the Amended Complaint and the Second Amended Complaint is attached as Exhibit B. Finally, a list of each Plaintiff and their paragraph placement in the Amended Complaint and the Second Amended Complaint is attached as Exhibit C for the convenience of the parties.

James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(2), counsel for Plaintiffs certify that on April 14, 2026, they conferred with counsel for Defendants in a good faith attempt to resolve or narrow the issues presented in this motion. Defendants do not oppose the motion.

*/s/ James O. Hacking, III*
James O. Hacking, III

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

*/s/ James O. Hacking, III*
James O. Hacking, III