UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AKMURAT O. DOE, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.<br><br>  Defendants. | Civil Action No. 1:25-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe et al. v. Trump et al.,*<br>1:26-cv-11382-JEK |
| S.S. DOE; S.H.A. DOE; R.H. DOE; and S.G. DOE,<br><br>  Plaintiffs,<br><br>v.<br><br>MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security;<br><br>JOSEPH B. EDLOW, in his official capacity as Director of U.S. Citizenship and Immigration Services,<br><br>  Defendants. | Civil Action No. 26-11884-DJC |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

Plaintiffs S.S. Doe, S.H.A. Doe, R.H. Doe, and S.G. Doe (collectively, "Plaintiffs") move the Court, pursuant to Fed. R. Civ. P. 42(a) and Local Rule 40.1(k), to consolidate their case, *S.S. Doe, et al. v. Mullin, et al.,* Civil Action No. 26-11884-DJC with the above-captioned consolidated actions under lead case *Akmurat Doe, et al. v. Trump, et al.*, Civil Action No. 25-13946-JEK. [Doc. No. 90].

Plaintiff's motion must be denied.  Although Plaintiffs' Complaint shares some common questions or law and fact with the above-captioned consolidated cases, Plaintiffs here add different, substantial claims that "would significantly expand the scope of the litigation, require briefing on issues not presently before the Court, and therefore delay adjudication on an already complicated case."  Electronic Order (May 7, 2026), *Doe, et al. v. Trump, et al.*, Civil Action No. 25-13946-JEK, ECF No. 84 (denying motion to intervene); *c.f., id.*, Electronic Order, ECF No. 83 (allowing consolidation because "both actions involve the same claims against the same defendants and the same questions of law.").  Furthermore, from the outset, Plaintiffs had the knowledge and opportunity[1] to designate their case as a related case pursuant to Local Rule 40.1(g) but failed to do so.  *See* L.R. 40.1(g)(5)(C) ("Unless good cause is shown, designation of relatedness by plaintiff . . . shall be made at the time of the filing of the initial pleading.").

## I.    LEGAL STANDARD

"The threshold issue in determining whether to consolidate cases under Rule 42(a) is whether the two proceedings involve a common party and common issues of fact or law." *Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 WL 3106018, at *12 (D. Mass. June 17, 2013) (cleaned up) (citing *Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989); *Vazquez Rivera v. Congar Intern. Corp.,* 241 F.R.D. 94, 95 (D.P.R. 2007)).  "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." *Id.* (citing *Seguro De Servicio De Salud De Puerto Rico*, 878 F.2d at 8; *Cruickshank v. Clean Seas Co.*, 402 F.Supp.2d 328, 340–41 (D. Mass. 2005)).  "Ordinarily, a motion for consolidation will

---

[1] Counsel for Plaintiffs in this case entered an appearance as counsel for Plaintiffs in *Abeer Doe, et al. v. Trump, et al*., Civil Action No. 25-13946-JEK.

be granted unless the party opposing it can show demonstrable prejudice." *Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (cleaned up).

## II.    ARGUMENT

"It is appropriate to consider, when weighing the costs and benefits of consolidation, the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and any confusion, delay or prejudice that might result from consolidation." *Cruickshank*, 402 F. Supp. 2d at 341 (cleaned up).  Here, the benefits of consolidation are outweighed by its costs. *Seguro De Servicio De Salud De Puerto Rico*, 878 F.2d at 8.

In the above-captioned consolidated cases, filed months before the instant case, briefing and oral argument on the plaintiffs' motion for preliminary injunction has occurred, and the Court has entered a memorandum and order granting in part and denying in part the plaintiffs' motions for injunctive relief. *Doe, et al. v. Trump, et al.*, Civil Action No. 25-13946-JEK, ECF No. 82, 87. The Court has enjoined the defendants in the consolidated cases from enforcing the adjudication hold policies challenged in the instant case and has ordered the defendants to lift the adjudicative hold as to the combined total of 296 plaintiffs in the consolidated cases.  *Id.*, ECF No. 87.  A scheduling conference is set to occur, and the plaintiffs' have filed a motion for leave to file a second amended complaint. *Id.*, ECF No. 91.  Defendants agree that the consolidated cases are in the early procedural stages--discovery has not commenced—and that two of the defendants are the same. *Id.*, ECF No. 83.  But there the similarities end.

In the above-captioned consolidated cases, the Court found that "both actions involve the same claims against the same defendants and the same questions of law;" "[t]he plaintiffs in both cases made substantially similar arguments in support of their motions for preliminary injunctive relief, and the defendants made virtually identical arguments in opposition to the motions in both

3

cases." *Id.*, ECF No. 83. The same cannot be said for Plaintiffs' case. Plaintiffs' Complaint raises additional, substantive claims against two of the combined seven official-capacity defendants in the consolidated action, adding claims for violation of the Administrative Procedures Act (APA) 5 U.S.C. §§ 553, 706(2)(D) (Count 3); 5 U.S.C. §§ 555(b), 706(1) (Count 4); and Mandamus, 28 U.S.C. § 1361 (Count 5). And, unlike the above-captioned consolidated actions, a hearing on Plaintiffs' motion for injunctive relief has not occurred.[2] Thus, while two of the defendants are common to some causes of action, the remaining five named parties are not the same. While there are some common claims among all actions, Plaintiffs omit claims made in the consolidated cases, raise additional claims that "will require separate factual inquiry," and add claims "to an already complex case." *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487–88 (D. Mass. 1992), *aff'd*, 36 F.3d 1147 (1st Cir. 1994). Consolidation of all cases "would make this already complicated litigation too complex for effective judicial administration." *In re Viatron Computer Sys. Corp. Litig.*, 86 F.R.D. 431, 435 (D. Mass. 1980).

On balance, the above-captioned consolidated cases and Plaintiffs' Complaint are not identical, do not completely overlap factually and legally, and do not contain the "requisite commonality for consolidation purposes." *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F.Supp.2d 95 (D. Mass. 2001). Consolidation of the cases will not promote judicial efficiency: some of the legal claims raised by Plaintiffs differ from those in the above-captioned consolidated cases, raise different questions of law and different facts, and potentially require different defenses. Consolidation does not appear "overwhelmingly likely to permit more efficient exploration and

---

[2] The Court scheduled a hearing on Plaintiffs' motion for injunctive relief for May 29, 2026, but after allowing Defendants' motion to continue the hearing now is scheduled to occur on June 9, 2026.

resolution" of Plaintiffs' claims. *Allen v. Takeda Pharm. U.S.A., Inc.*, No. CV 20-11452-LTS, 2020 WL 9848781, *4 (D. Mass. Sept. 9, 2020).

## III.    CONCLUSION

WHEREFORE, for the aforementioned reasons, Defendants respectfully request that the Court deny Plaintiffs' motion for consolidation.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

By:    */s/ Eve A. Piemonte*
Eve A. Piemonte
Assistant United States Attorney
United States Attorney's Office
John J. Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210
(617) 748-3369
Dated: May 22, 2026          Eve.Piemonte@usdoj.gov