**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| *Akmurat O. Doe, et al.*, <br><br> Plaintiffs, <br><br><br> v. <br><br> *Donald J. Trump, et. al.*, <br><br> Defendants. | Civil Action Nos. 1:25-cv-13946-JEK and 1:26-cv-11382-JEK <br><br><br> CONSOLIDATED WITH: <br><br> *Abeer H. Doe, et al., v. Trump, et al.*, <br><br> 1:25-cv-13946-JEK |

**PLAINTIFFS' MOTION TO ENFORCE THE COURT'S APRIL 30, 2026 AND MAY 7, 2026 ORDERS GRANTING THEIR REQUEST FOR A PRELIMINARY INJUNCTION**

**INTRODUCTION[1]**

In this consolidated case, Plaintiffs filed motions for preliminary injunctions, and in orders issued on April 30, 2026, and May 7, 2026, the Court granted, in pertinent part, the preliminary injunction insofar as "defendants are ENJOINED from enforcing the adjudicative hold policy, set forth in Policy Memorandum 602-0192 and Policy Memorandum 602-0194, to

---

[1] Plaintiffs conferred with Defendants' counsel, and they requested Plaintiffs include the following statement from Defendants: "At 6:05 PM ET on 5/27/2026, Plaintiffs' counsel notified Defendants of their intention to file a motion to enforce on the following day (05/28/2026). Defendants' counsel responded at 6:34 PM ET asking Plaintiffs' counsel for the exhibits attached to this motion, or alternatively, a list of specific instances of Defendants' alleged non-compliance with the Court's preliminary injunction order so that the agency could investigate further. Plaintiffs' counsel sent the exhibits to Defendants' counsel at 9:24 PM ET on 5/27/2026. Defendants' counsel sent the exhibits to Defendants at 11:14 PM ET on 5/27/2026. Defendants are currently reviewing the exhibits and investigating the allegations therein. As such, Defendants are unable to provide a position on Plaintiffs' motion to enforce within the time provided."

the pending benefit applications of the plaintiffs in the consolidated case, including the 99 plaintiffs in *Doe II* and the 167 plaintiffs in *Doe I* to whom this Court's April 30, 2026 Memorandum and Order did not apply. The defendants are ORDERED to immediately lift the adjudicative hold as to those plaintiffs." Doc. 87 at 1-2. However, as discussed *infra,* and supported by the declarations, receipts, and USCIS communications provided by Plaintiffs, Defendants are not complying with the preliminary injunction as it pertains to the Plaintiffs' already pending benefits applications. *See generally,* Ex. C (affidavits coupled with USCIS communications since the preliminary injunction order was entered). Accordingly, Plaintiffs respectfully file this motion to enforce the Court's April 30 and May 7, 2026 orders.[2]

## SUMMARY OF THE RELEVANT FACTS

Plaintiffs assume the parties' general knowledge of the procedural history of the consolidated case. The facts pertinent to this motion are that the Court's orders on April 30 and May 7, 2026, enjoined Defendants from applying the adjudicative hold policy to all Plaintiffs named in this action. Docs. 82 and 87 at 1-2. However, Plaintiffs have regularly contacted undersigned counsel with copies of communications with USCIS, and attestations of their conversations with USCIS agents, asserting that the preliminary injunction had no impact on their benefits applications, and they were still subject to the adjudicative hold. *See, generally,* Ex. C.

Based on this information, on May 17, 2026, Plaintiffs' counsel transmitted a compliance letter to Defendants via their counsel of record Bronwyn Nayci. Ex. A. In that letter, Plaintiffs'

---

[2] The instant motion and its attendant documentary evidence pertains primarily to the Plaintiffs in *Doe II*. Although Plaintiffs for *Doe I* indicated he will be filing a similar motion, the parties agreed that time is of the essence, and we have the *Doe II* evidence collected and prepared and attached as an exhibit to this motion. Given the already lengthy delays, Plaintiffs agree nothing would be gained by waiting to file this motion to enforce.

counsel requested that Defendants provide certain information and documentation by close of

business May 23, 2026, including: a copy of any implementation directive as it pertains to the

preliminary injunction and Plaintiffs' benefits applications; identification of which USCIS

components received the implementation directive; proof of case-level action for each Plaintiff in

the consolidated action; an explanation as to how Defendants were implementing the injunction

against the "significant negative factor policy" to Plaintiffs' benefits applications; and any

operational guidance modifying or superseding the enjoined Policy Memorandums.  Ex. B at 1-

12.  On May 18, 2026, Defendants, through counsel, responded simply that "they are in

compliance with the Court's order" Ex. B at 2. Upon renewed request for further specific

information, USCIS, through counsel, transmitted the following statement on May 19, 2026:

"Per the Court's April 30, 2026 order, USCIS is enjoined from the hold policies in PM 602-

0192, PM 602-0194 and the PA 2025-26 related to the 22 plaintiffs.  USCIS also, per the Court's

May 7, 2026 order, is enjoined from the hold policies in PM 602-0192, PM 602-0194 and the PA

2025-26 related to the 167 plaintiffs in Doe I, and the 99 plaintiffs in Doe II.  Therefore, USCIS

is not applying the PMs or the PA to the plaintiffs referenced."  The instant motion to enforce

followed thereafter.

## STANDARD OF REVIEW

"[T]he Court uses the same factors as in civil contempt to determine whether it should

order enforcement of its preliminary injunction."[3] *New York v. Trump,* 777 F.Supp.3d 112, 116,

n.3 (D. R.I. Apr. 4, 2025); *aff'd by* 171 F.4th 1 (1st Cir. Mar. 16, 2026).  Those factors require a

movant to show with clear and convincing evidence that (1) the alleged contemnor had notice of

---

[3]  Although Plaintiffs do not seek contempt at this time, Plaintiffs reserve the right to later seek
sanctions should Defendants continue not to comply with court orders.

a court order, (2) the order was clear and unambiguous, (3) the alleged contemnor had the ability to comply with the order, and (4) the alleged contemnor violated the order." *Id.,* at 116 (internal citations omitted).

## ARGUMENT

Notwithstanding Defendants' protestations to the contrary, Plaintiffs have adduced clear and convincing evidence demonstrated that USCIS is not complying with this Court's preliminary injunction. Indeed, USCIS agents are regularly informing Plaintiffs, their elected representatives, in writing and over the telephone that the lawsuit and injunction had no impact on the hold on their applications. Ex. C. Many of these applications, particularly those who paid for premium processing, are now well outside the typical processing times; yet USCIS continues to say it cannot adjudicate those applications because of the adjudicative hold. That adjudicative hold has been enjoined and should not be applied to Plaintiffs. Meanwhile, opposing counsel has simply stonewalled any attempts to ensure that its clients are complying with this Court's order. This is despite the fact that the government, in both *Doe 1* and *Doe 2* demanded, and received, the alien numbers, application receipt numbers, and full names of all Plaintiffs, purportedly, in part, to advise USCIS how to comply with an order enjoining the directives from being applied to the Plaintiffs' benefits applications. *See* Doc. 34 (granting motion to proceed pseudonymously) and 44-45 (filing that information under seal; *see also Doe II,* 1:26-cv-11382, Doc. 28-29). Yet Plaintiffs' counsel refuses to offer anything substantive explaining the disconnect or even provide a plan by which they intend to ensure their client's compliance with the Court's order.

Moreover, Plaintiffs have adduced clear and convincing evidence that Defendants continue to apply the enjoined directives to Plaintiffs' cases. Defendants had notice of the court

order, as evidenced by the email communications used as exhibits in this motion, and Plaintiffs submit the Court's order was "clear and unambiguous" as to enjoining the adjudicative hold policies from being applied to Plaintiffs. Indeed, the language in the order was clear: "defendants are ENJOINED from enforcing the adjudicative hold policy, set forth in Policy Memorandum 602-0192 and Policy Memorandum 602-0194, to the pending benefit applications of the plaintiffs in the consolidated case, including the 99 plaintiffs in *Doe II* and the 167 plaintiffs in *Doe I* to whom this Court's April 30, 2026 Memorandum and Order did not apply.  The defendants are ORDERED to immediately lift the adjudicative hold as to those plaintiffs."  Doc. 87 at 1-2.  It is not disputed that USCIS is the agency tasked with adjudicating immigration benefits applications like the ones addressed by the Court's order.  *See Tang v. Chertoff,* 493 F.Supp.2d 148, 154 (D.Mass. 2007) (although USCIS has discretionary authority to deny applications for benefits, it "does not have discretion to decide not to adjudicate all."); *see also*

Notwithstanding the clarity of the order, the defendants' knowledge of the order, and their ability to comply with that court order,[4] there is little evidence that USCIS has substantially, or even partially, complied with the Court's order.  In fact, there is significant evidence of widespread noncompliance.  This is both apparent in USCIS's communications directly with Plaintiffs or their elected representatives.  It is especially telling in premium processing cases where Plaintiffs paid for USCIS to process their benefits applications on a

---

[4] As USCIS had been regularly adjudicating benefits applications since its very inception, and are in fact, paid by Plaintiffs to do so.  CITE establishing USCIS.  The government has, unsuccessfully, argued that the preliminary injunctions and motion to enforce in, for example, *New York v. Trump,* are not enforceable because it required agencies to disburse money. 171 F.4th at 20 ("Thus, contrary to the Government's auggestion, *Lincoln [v. Vigil] . . . did not hold that agencies have unreviewable discretion to categorically stop disbursing obligated funds[.]"* Notably, that is not the case here. USCIS is sitting on both the applications fees, and in many cases, the premium processing fees, and yet taking no action, nor explaining their failures to do so.

specific timeline, and there has been no movement, and USCIS continues to assert that the enjoined directives apply to their applications.  Indeed, even those who paid for premium processing remain paused.  Ex. C at 17, 123-26, 148-52, 156, 171-73. Yet, no further action appears to have been taken on the majority of the Plaintiffs' applications, and every time they have called or written to USCIS, and even included the case number and order entered by this Court, they have been universally told that their applications are still subject to the adjudication hold.  *See, e.g.* Ex. C at 7-8, 11-16, 18, 30-32, 76-80, 81-83, 103-04, 122, 135, 137-39, 141, 147, 157-68, 174-76, 178-79, 181.  Indeed, even after acknowledging the fact that one Plaintiff belonged to a lawsuit and the application of the directives had been enjoined, a USCIS officer informed Plaintiff that "they know about the lawsuit and that their superiors have not given them the go-ahead to lift the hold on our cases and we will still have to wait until they get a directive stating otherwise."  Ex. C at 19.  In fact, one USCIS employee informed a Congressional liaison who inquired on a different Plaintiff's behalf on May 13, 2026, that Plaintiff's applications remained subject to the adjudication hold.[5]  Ex. C at 27-28. USCIS officers are also informing Plaintiffs' immigration benefits counsel that the applications remain on hold.  Ex. C at 22-24.[6] Moreover, two naturalization oath ceremonies that were canceled due to the adjudication hold have not been rescheduled.  Ex. C at 60-69, 169-70.

Taken together, the information provided by Plaintiffs, and USCIS itself, demonstrates widespread noncompliance with the Court's preliminary injunction order. Seeking to avoid the

---

[5] Furthermore, on April 20, 2026, USCIS informed a Congressional Liason from Representative Jerry Nadler's office that it was not complying with Judge Burroughs' initial temporary stay, and that application remained subject to the adjudication pause.  Ex. C at 34.

[6] A few Plaintiffs report some success, including an approved I-130; however, that same Plaintiff indicates that the USCIS agent that approved her I-130 also informed her that her I-485 could not be processed because of "the current adjudication hold and pending court case" that would require her application to "undergo further review."  Ex. C at 25.

instant motion to enforce, on May 17, 2026, Plaintiffs' *Doe I* counsel Jim Hacking transmitted a

Compliance Letter to the US Attorney's Office for Massachusetts requesting further information

on whether USCIS was complying with the preliminary injunction. On May 18, Defendants,

through their counsel Bronwyn Nayci, asserted simply that "they are in compliance with the

Court's order." *See,* Ex B at 2.  Plaintiffs' counsel renewed the request for documentation, first

raised in the letter of compliance, in order to confirm compliance with the Court's orders. *Id.*  On

May 19, 2026, Defendants provided only this response to Plaintiffs' counsels' substantive

concerns regarding compliance with the preliminary injunction: "Per the Court's April 30, 2026

order, USCIS is enjoined from the hold policies in PM 602-0192, PM 602-0194 and the PA

2025-26 related to the 22 plaintiffs.  USCIS also, per the Court's May 7, 2026 order, is enjoined

from the hold policies in PM 602-0192, PM 602-0194 and the PA 2025-26 related to the 167

plaintiffs in Doe I, and the 99 plaintiffs in Doe II.  Therefore, USCIS is not applying the PMs or

the PA to the plaintiffs referenced." Ex. B at 1.  Because Defendants stonewalled Plaintiffs'

counsels' good faith attempts to confirm compliance, Plaintiffs filed the instant motion to

enforce.

Given the volume of evidence submitted with this motion demonstrating a lack of

compliance, including widespread USCIS communications to Plaintiffs that their applications are

still subject to the enjoined Directives, and USCIS's refusal to even acknowledge the impact of

the preliminary injunction on Plaintiffs' applications, Plaintiffs assert that the minimal assurance

from USCIS, via their counsel, is insufficient to demonstrate compliance in the face of evidence

of widespread noncompliance.

**CONCLUSION**

Based on the arguments contained in this motion, and the supporting evidentiary exhibits,

Plaintiffs respectfully request the Court grant this motion to enforce its preliminary injunction,

under whatever conditions or procedures to ensure USCIS's compliance the Court sees fit.

Respectfully submitted,

*/s/ Carl Hurvich* **(BBO # 698179)**
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
617-245-8090
Carl@brookslawfirm.com
*/s/ LaToya N. McBean Pompy*
NY Bar # 6153985
McBean Law, PLLC
235 Mamaroneck Ave, Suite 202
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com


*/s/ Dana M. Camilleri*
Virginia Bar # 76568
Green Evans-Schroeder, PLLC
130 West Cushing St.,
Tucson, AZ 85701
520-639-7288
danac@arizonaimmigration.net

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I, DANA M. CAMILLERI, hereby certify that a true and correct copy of the foregoing

was served on Defendants by filing the document through the Court's CM/ECF system.

Dated: May 28, 2026

*/s/ Dana M. Camilleri*

Dana M. Camilleri