# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *Akmurat O. Doe*, *et al.*,<br><br>Plaintiffs,<br><br><br>v.<br><br>*Donald J. Trump, et. al.*,<br><br> Defendants. | <br><br><br>Civil Action Nos. 1:25-cv-13946-JEK and 1:26-cv-11382-JEK |

### <u>PLAINTIFFS' MOTION TO FILE UNDER SEAL</u>

Now come the Doe II Plaintiffs that originated in Civil Action No 1:26-cv-11382 and now consolidated into Civil Action 1:25-cv-13946, by and through their attorneys, and move the Court for leave to file exhibits and supporting documents under seal. On March 20, 2026, the Doe II Plaintiffs filed a Motion to Proceed Pseudonymously in Document No. 3 on the Federal Docket. This Motion has not yet been ruled upon. As such, the Doe II Plaintiffs respectfully request to file further exhibits and supporting documents under seal. Simultaneously herewith, on May 28, 2026, the Doe II Plaintiffs filed a Motion to Compel enforcement of the TRO and Preliminary Injunction. In connection with said filing, the Doe II Plaintiffs have several exhibits and supporting documents that they would request to present to the Court under seal.

In support of this motion, Doe II Plaintiffs state that the public filing of the exhibits and supporting documents will disclose sensitive details regarding the Doe II Plaintiffs. Pursuant to Mass. L. R. 7.2, a motion to file under seal should include "a statement, supported by good cause, that the material should be impounded until further order of the court."  The information

contained in the exhibits to the motion to compel includes personally identifiable information ("PII"), particularly the Plaintiffs' alien numbers.  The U.S. Department of Labor broadly defines PII as any "information that can be used to distinguish or trace an individual's identity, either alone or when combined with other information that is linked or linkable to a specific individual." *See* Guidance on the Protection of Personally Identifiable Information (PII), https://www.dol.gov/general/ppii (last accessed Apr. 16, 2026). The U.S. Department of Labor recognizes that "[t]he loss of PII can result in substantial harm to individuals, including identity theft or other fraudulent use of the information." *Id.* Because of these concerns, the U.S. Department of Labor reminds all contractors and employees "that safeguarding sensitive information" such as PII "is a critical reasonability that must be taken seriously at all times." *Id.*

On May 28, 2026, Defendants, through Counsel, indicated they take no position on the instant motion to file the document under seal.

As such, the Doe II Plaintiffs request leave to file the exhibits under seal with an opportunity to redact the filings before they are made public.

Respectfully submitted,

*/s/ Carl Hurvich* **(BBO # 698179)**
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
617-245-8090
Carl@brookslawfirm.com

*/s/ LaToya N. McBean Pompy*
NY Bar # 6153985
McBean Law, PLLC
235 Mamaroneck Ave, Suite 202
White Plains, NY 10605
914-898-9488

L.Pompy@mcbeanlaw.com

***/s/ Dana M. Camilleri***
Virginia Bar # 76568
McBean Law, PLLC
235 Mamaroneck Ave, Sute 202
White Plains, NY 10605
914-898-9488
D.Camilleri@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I, LaToya N. McBean Pompy, hereby certify that a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

Dated: May 28, 2026

*/s/ LaToya N. McBean Pompy*
LaToya N. McBean Pompy