**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al., | |
| *Plaintiffs,* | Civil Action No.: 1:25-cv-13946-JEK |
| v. | CONSOLIDATED WITH: |
| DONALD J. TRUMP, et al., | *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK |
| *Defendants.* | |

**JOINT SCHEDULING STATEMENT**

On May 28, 2026, the Court denied the Parties Joint Motion to Continue the Initial Scheduling Conference (ECF No. 93). On the same date, the Parties met and conferred to discuss a joint scheduling proposal but were unable to agree on a proposed schedule. The Parties' positions are as follows:

**Plaintiffs' Timetable for Discovery and Motion Practice**:

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures**. Plaintiffs suggest that initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by June 15, 2026.

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after July 15, 2026.

3. **Fact Discovery – Interim Deadlines**

   a. Plaintiffs suggest that all requests for production of documents and interrogatories must be served by June 15, 2026.

1

b. Plaintiffs suggest that all requests for admission must be served by June 15, 2026.

c. Plaintiffs suggest that all depositions, other than expert depositions, must be completed by August 15, 2026.

4. **Obligation to Supplement**. Supplemental disclosures under Fed. R. Civ. P. 26(e) shall be made promptly after the receipt of information by the party or counsel and, in any event, no later than the completion of fact discovery, unless good reason can be shown for why such information was not available.

5. **Final Fact Discovery Deadline**. Plaintiffs suggest that all discovery, other than expert discovery, must be completed by August 15, 2026.

6. **Status Conference**. A status conference will be held on _____ at __:__ a.m./p.m. By _____, [two days prior to the status conference], the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

7. **Expert Discovery**. The parties do not anticipate a trial of this matter. Rather, the parties believe the case will be decided on cross-motions for summary judgment.

8. **Summary Judgment Motions**.

a. Plaintiffs suggest that motions for summary judgment must be filed contemporaneously by September 1, 2026.

b. Plaintiffs suggest that oppositions to summary judgment motions must be filed within 21 days after service of the motion.

2

9. **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

**Procedural Provisions**

1. **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

   Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact

discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda**. Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences**. The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5. **Additional Conferences**. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense

6.  **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7.  **Pretrial Conference**. Lead trial counsel are required to attend any pretrial conference.

**Defendants' Timetable for Discovery and Motion Practice**:

1. **Rule 26(f) Conference**: This case involves questions regarding administrative agency action and claims brought under the Administrative Procedure Act (APA), 5 U.S.C. §§ 553, 706(2)(A), (C), 706(2)(A). APA review "involves neither discovery nor trial." *Atieh v. Riordan,* 727 F.3d 73, 76 (1st Cir. 2013). Accordingly, no Rule 26(f) conference is required in this matter.

2. **Initial Disclosures**: Because this is an APA case, the Court will resolve the matter based on its review of the parties' dispositive motions and the Certified Administrative Record. As such, no initial disclosures will be required.

3. **Amendments to Pleadings**: Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after **June 12, 2026**.

4. **Fact Discovery:** This case involves questions regarding administrative agency action and claims brought under the APA, 5 U.S.C. §§ 553, 706(2)(A), (C), 706(2)(A). APA review "involves neither discovery nor trial." *Atieh,* 727 F.3d at 76. Accordingly, no discovery will be conducted in this matter.

5. **Status Conferences:** Status conferences will be held by videoconference at the Court's convenience.

6. **Expert Discovery**: This case involves questions regarding administrative agency action and claims brought under the APA 5 U.S.C. §§ 553, 706(2)(A), (C), 706(2)(A). APA review "involves neither discovery nor trial." *Id.* Accordingly, no discovery will result from this matter.

//

7. **Dispositive Motions and Answers to the Complaint**:

    a. Defendants will file an Answer to the Complaint in *Abeer H. Doe, et al. v. Trump, et al.,* 1:26-cv-11382-JEK on **June 1, 2026**.

    b. Defendants will file an Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 91) on **June 5, 2026**.

    c. Defendants will file a Response to Plaintiffs' Motion to Enforce (ECF No. 96) on **June 11, 2026**.

    d. Plaintiffs shall file their Motion(s) for Summary Judgment by **July 6, 2026**.

    e. Defendants shall file their Oppositions to Plaintiffs' motion(s) for summary judgment in a consolidated Opposition. Defendants shall file such an Opposition by **August 3, 2026**.

        i. Defendants ask the Court to enlarge the page limits on Defendants' Opposition to Plaintiffs' Motion for Summary Judgment by 15 pages (totaling 35 pages). Such an enlargement will allow Defendants to respond in a consolidated response to both Plaintiffs' motions.

8. **Pretrial Conference**: No pretrial conference is required in this matter. The Court will resolve this matter upon review of the parties' dispositive motions.

9. **Trial**: No trial is required in this matter. The Court will resolve this matter upon review of the parties' dispositive motions.

## **Procedural Provisions**

1. **Extension of Deadlines:** All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the

requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown.

2. **Reply Memoranda:** The parties need not seek leave of Court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, is double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. The parties may otherwise file reply or surreply memoranda only with leave of the Court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

3. **Status Conferences**: Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

Respectfully submitted,

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

*/s/ James O. Hacking*
JAMES O. HACKING, III
MO Bar # 46728
Admitted Pro Hac Vice
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
jim@hackingimmigrationlaw.com

*/s/ Carl Hurvich (BBO # 698179)*
Brooks Law Firm
10 High Street, Suite 3
Medford, MA  02155
617-245-8090
Carl@brookslawfirm.com

*/s/ LaToya N. McBean Pompy*
NY Bar # 6153985
McBean Law, PLLC
235 Mamaroneck Ave, Sute 202
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

*/s/ Dana M. Camilleri*
Virginia Bar # 76568
McBean Law, PLLC
235 Mamaroneck Ave, Sute 202
White Plains, NY 10605
914-898-9488
D.Camilleri@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

CARA ALSTERBERG
Senior Litigation Counsel

BRONWYN NAYCI
Trial Attorney

*/s/ Victoria Turcios*
VICTORIA TURCIOS
United States Department of Justice
Civil Division
Office of Immigration Litigation
450 Fifth Street N.W.
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: May 28, 2026

*/s/ Victoria Turcios*
**VICTORIA TURCIOS**

9