May 17, 2026

**VIA U.S. MAIL AND
EMAIL**

Ms. Bronwyn Nayci
Trial Attorney
United States Department of Justice
Office of Immigration Litigation
Post Office Box 868 | Ben Franklin Station | Washington, DC  20044
bronwyn.h.nayci@usdoj.gov

Dear Ms. Nayci,

We write regarding compliance with the Court's April 30, 2026 Memorandum and Order (Dkt. 82) and May 7, 2026 Order (Dkt. 87) (together, the "Orders"). The Orders require Defendants to immediately lift the adjudicative hold imposed by Policy Memoranda PM-602-0192 and PM-602-0194 as to all plaintiffs in this consolidated action, and to cease applying the significant negative factor policy set forth in Policy Alert PA-2025-26 to those plaintiffs' pending applications for adjustment of status and work authorization.

In order to monitor compliance and avoid unnecessary motion practice, we respectfully request that Defendants provide the following information and documentation by close of business May 23, 2026:

1. Implementation Directive. A copy of any directive, policy alert, memorandum, or written communication issued by USCIS to its adjudicators, field offices, service centers, and asylum offices communicating the Court's Orders and instructing officers to lift the adjudicative hold and cease applying the significant negative factor policy as to the plaintiffs. If no written directive has been issued, please advise how the Court's Orders were communicated to adjudicating personnel and what form that communication took.

2. Scope of Communication. Identification of which USCIS components received the implementation directive — including, specifically, whether the National Benefits Center, Vermont Service Center, Nebraska Service Center, Texas Service Center, and all asylum offices with jurisdiction over the plaintiffs' pending applications received notice of the Orders and instructions for compliance.

3. Case-Level Action. For each of the named plaintiffs in this consolidated action, confirmation of whether the adjudicative hold has been lifted as to that plaintiff's pending application(s), and whether any action has been taken on those applications since the Orders issued. We recognize that production of individualized case histories for all plaintiffs may require some time and are willing to discuss a reasonable schedule for that production.

4. Significant Negative Factor Policy. An explanation of how Defendants have implemented the injunction against applying the significant negative factor policy to the plaintiffs' adjustment of status and work authorization applications — including any written guidance issued to adjudicators regarding the Orders' prohibition on applying PA-2025-26 to those applications.

5. Operational Guidance. Whether Defendants have issued or intend to issue any operational guidance modifying or superseding PM-602-0192 or PM-602-0194 in light of the Orders, and if so, the content and timing of any such guidance.

We ask these questions in good faith and with the goal of facilitating compliance without the need to involve the Court. If Defendants have already taken comprehensive steps to implement the Orders, documentation of those steps will allow us to confirm compliance and report to our clients accordingly. If, on the other hand, compliance is incomplete or the scope of the Orders is in dispute as to particular plaintiffs or application types, we would prefer to identify those issues and attempt to resolve them through conferral before seeking the Court's assistance.

We appreciate your cooperation and look forward to your response.

Respectfully,

/s/ James O. Hacking, III
Hacking Immigration Law, LLC

/s/ LaToya N. McBean Pompy
McBean Law, PLLC

cc:     Victoria Turcios (email only: victoria.e.turcios2@usdoj.gov).
        Eve Piemonte (email only: eve.piemonte@usdoj.gov)