**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al.,

     *Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

     *Defendants.*

Civil Action No.: 1:25-cv-13946-JEK

CONSOLIDATED WITH:
*Abeer H. Doe, et al. v. Trump, et al.*,
1:26-cv-11382-JEK

**JOINT STATUS REPORT**

On June 2, 2026, at 11:00 AM, the Court held an Initial Scheduling Conference in this matter. ECF No. 105. The Court ordered the Parties to meet and confer and file a joint status report addressing proposed deadlines for discovery events and a process for regular reporting on the named Plaintiffs' pending benefit applications. *Id.* The Parties propose the following dates as follows:

**Parties' Timetable for Discovery and Motion Practice**:

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(f), it is hereby ORDERED that:

1. **Initial Disclosures**.

   *Plaintiffs' Position***:** Plaintiffs believe the parties shall serve initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference by June 15, 2026.

   *Defendants' Position***:** The Parties shall serve initial disclosures as required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference by June 30, 2026.

2. **Amendments to Pleadings**. Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after

1

July 15, 2026. Defendants note their opposition to any further motions seeking to add additional parties to this action or to amend the pleadings to assert new claims for the reasons discussed at the Scheduling Conference.

3. **Fact Discovery – Interim Deadlines.**

   *Plaintiffs' Position*:

   a. Plaintiffs suggest that all requests for production of documents and interrogatories must be served by June 15, 2026.

   b. Plaintiffs suggest that all requests for admission must be served by June 15, 2026.

   c. Plaintiffs suggest that all depositions, other than expert depositions, must be completed by August 15, 2026.

   *Defendants' Position*:

   a. All requests for production of documents and interrogatories must be served by July 14, 2026.

   b. All requests for admission must be served by July 14, 2026.

   c. All fact depositions, other than expert depositions, must be completed by September 15, 2026.

4. **Obligation to Supplement**. The Parties are aware of their obligations under Fed. R. Civ. P. 26(e) to supplement or correct their disclosures or discovery responses in a timely manner.

5. **Final Fact Discovery Deadline**.

   *Plaintiffs' Position*:

   Plaintiffs suggest that all discovery, other than expert discovery, must be completed by August 15, 2026.

   *Defendants' Position*:

All fact discovery must be completed by September 15, 2026.

6.  **Status Conference**. A status conference will be held on _____ at __:__ a.m./p.m.

By _____, [two days prior to the status conference], the parties shall file a status report indicating the current status of the case, including whether the parties intend to seek expert discovery and/or intend to file any dispositive motions, whether the parties are interested in mediation, as well as any other matter relevant to the progress of the case.

7.  **Expert Discovery**. At this time the parties do not anticipate expert discovery will be required in this matter.

8.  **Summary Judgment Motions**.

*Plaintiffs' Position***:**

Plaintiffs suggest that motions for summary judgment must be filed contemporaneously by September 1, 2026.  Plaintiffs suggest that oppositions to summary judgment motions must be filed within 21 days after service of the motion.

*Defendants' Position***:**

Defendants propose a staggered briefing schedule in an effort to avoid duplicative briefing.

a.  Plaintiffs will file their Motion for Summary Judgment no later than October 13, 2026.

b.  Defendants will file their Opposition and Cross-Motion for Summary Judgment no later than November 3, 2026.

c.  Plaintiffs will file their Reply in Support of their Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment no later than November 17, 2026.

9.  **Initial and Pretrial Conferences**. The initial pretrial conference will be scheduled at a later

point in the proceedings. The parties must prepare and submit a pretrial memorandum in accordance with Local Rule 16.5(d) five business days prior to the date of the conference, except that the parties need not include matters required by Local Rule 16.5(d)(2) or (3). The trial date will normally be set at the initial pretrial conference. A final pretrial conference will be scheduled at the time the trial date is set. The court may also schedule interim pretrial conferences in appropriate cases.

10. **Regular Joint Status Reports**.

*Plaintiffs' Position:*

The Parties are ordered to file joint status reports regarding the status of the named Plaintiffs' pending benefit applications. Plaintiffs suggest that such status reports be filed every two weeks, but acknowledge the Court considered every three weeks to be reasonable. Within three days of the date of the Court's order, Plaintiffs will provide a master status report template for all Plaintiffs from both consolidated cases, which includes the Plaintiffs' full names, alien numbers and receipt numbers. The Joint Status Reports will be filed under seal given the sensitive nature of the status reports (which will include identities of the Plaintiffs and their alien registration numbers). Plaintiffs will also promptly inform the Court of any Plaintiffs whose claims become moot.

*Defendants' Position:*

The Parties are ordered to file joint status reports regarding the status of the named Plaintiffs' pending benefit applications. Such Joint Status Reports will be filed every 30 days. The Joint Status Reports will be filed under seal given the sensitive nature of the status reports (which will include identities of the Plaintiffs and their alien registration numbers). Plaintiffs will also promptly inform the Court of any Plaintiffs whose claims become moot.

## Procedural Provisions

1. **Extension of Deadlines**. All requests to extend or modify deadlines must be made by motion and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; and (5) whether the opposing party consents and, if not, the reasons given for refusing to consent. The motion shall also contain a summary of the discovery, if any, that remains to be taken, and a specific date when the requesting party expects to complete the additional discovery, join other parties, amend the pleadings, or file a motion. Motions to extend or modify deadlines will be granted only for good cause shown. Absent an emergency, any request for an extension or adjournment shall be made at least forty-eight hours prior to the deadline or scheduled appearance.

2. **Motions to Compel or Prevent Discovery**. Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later than the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the Court after the relevant deadline has passed, the Court may enter such additional orders relating to discovery as may be appropriate.

3. **Reply Memoranda**. Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, is double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum. Parties may otherwise file reply or surreply memoranda only with leave of

court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the motion for leave.

4. **Status Conferences**. The Court has scheduled a status conference after (or close to) the close of fact discovery for case management purposes. Any party who reasonably believes that a status conference will assist in the management or resolution of the case may request one from the Court upon reasonable notice to opposing counsel.

5. **Additional Conferences**. Upon request of counsel, or at the Court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences where appropriate to avoid undue inconvenience or expense.

6. **Early Resolution of Issues**. The Court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

7. **Pretrial Conference**. Lead trial counsel are required to attend any pretrial conference.

Respectfully submitted,

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

*/s/ James O. Hacking*
JAMES O. HACKING, III
MO Bar # 46728
Admitted Pro Hac Vice
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
jim@hackingimmigrationlaw.com

*/s/ Carl Hurvich (BBO # 698179)*
Brooks Law Firm
10 High Street, Suite 3
Medford, MA  02155
617-245-8090
Carl@brookslawfirm.com

*/s/ LaToya N. McBean Pompy*
NY Bar # 6153985
McBean Law, PLLC
235 Mamaroneck Ave, Sute 202
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

*/s/ Dana M. Camilleri*
Virginia Bar # 76568
McBean Law, PLLC
235 Mamaroneck Ave, Sute 202
White Plains, NY 10605
914-898-9488
D.Camilleri@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

LUZ MARIA RESTREPO
Senior Litigation Counsel

*/s/ Victoria Turcios*
VICTORIA TURCIOS
United States Department of Justice
Civil Division
Office of Immigration Litigation
450 Fifth Street N.W.
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

I, James O. Hacking, III, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 9, 2026

*/s/ James O. Hacking, III*