**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al., | |
| *Plaintiffs,* | Civil Action No.: 1:25-cv-13946-JEK |
| v. | CONSOLIDATED WITH:<br>*Abeer H. Doe, et al. v. Trump, et al.*, |
| DONALD J. TRUMP, et al., | 1:26-cv-11382-JEK |
| *Defendants.* | |

**DEFENDANTS' CONSOLIDATED RESPONSE TO PLAINTIFFS' MOTIONS TO
ENFORCE (ECF NOS. 96, 101)**

**INTRODUCTION**

The Court should deny Plaintiffs' Motions to Enforce the Preliminary Injunction (ECF No. 96, 101) (collectively, "Plaintiffs' Motions"). When Plaintiffs initially reached out to Defendants on May 17, 2026, with general concerns about preliminary injunction compliance, Defendants responded with a general confirmation that they were in compliance with the Court's orders. On May 27, 2026 at 6:04 PM, Plaintiffs' counsel in *Abeer H. Doe* emailed undersigned counsel indicating their intent to file a motion to enforce the Court's preliminary injunction orders on the following morning.[1] Defendants' counsel inquired as to specific instances of alleged noncompliance in an effort to obtain more information from Plaintiffs and resolve any potential issues. That night, Plaintiffs sent Defendants unredacted copies of the exhibits filed with their motion. About 17 hours later, the *Abeer H. Doe* Plaintiffs filed their motion. On May 28, 2026, Plaintiffs' counsel in *Akmurat O. Doe* emailed undersigned counsel indicating their intent to file a similar motion to enforce the Court's preliminary injunction orders on the following day. Defendants' counsel renewed their requests for an opportunity to review the specific allegations

---

[1] The relevant emails between counsel are available if this Court wishes to review them.

1

of noncompliance with Defendants, but counsel refused to share any exhibits or specific allegations. Upon review of the Plaintiffs' exhibits, it appears that many Plaintiffs contacted United States Citizenship and Immigrations Services ("USCIS") via the agency's AI chatbot or chat center agents to ask about the status of their applications. Regrettably, the Plaintiffs received inaccurate information. Rather than bringing this information to Defendants' attention in good faith and engaging in a constructive meet and confer to try to resolve the confusion, Plaintiffs either shared exhibits the night before filing their motion or refused to share exhibits—or any details at all about the alleged non-compliance—with Defendants prior to filing their motions. This resulted in Defendants being unable to engage in any meaningful investigation into the allegations before Plaintiffs filed their motions. Defendants have since discovered that some USCIS call center representatives are providing inaccurate information to Plaintiffs, but this is not evidence of noncompliance with the Court's orders. Setting that issue aside, what is left of Plaintiffs' motion is their request for the Court to require Defendants to adjudicate their applications more quickly. But, as this Court recently recognized, this is not an unreasonable delay case. Therefore, this Court should deny Plaintiffs' Motions in whole.

## BACKGROUND

On January 12, 2026, Plaintiffs in *Akmurat O. Doe, et al. v. Trump, et al.*, No. 1:25-cv-13946-JEK ("*Doe I*"), moved for a preliminary injunction enjoining Defendants from taking any action to implement or enforce "Defendants' November 27, 2025 Policy Alert PA-2025-26, Defendants' December 2, 2025 Policy Memorandum PM-602-0192, Defendants' January 1, 2026 Policy Memorandum PM-602-0194, and any other unpublished policies or procedures pausing the processing of all asylum applications and any immigration benefit requests for individuals from

39 countries." ECF No. 8 at 2. Defendants opposed the motion. ECF No. 23. Plaintiffs replied in support of their motion. ECF No. 28.

On April 30, 2026, this Court granted in part and denied in part Plaintiffs' motion for preliminary injunction. ECF No. 82. The Court enjoined Defendants from enforcing the adjudicative hold policy, set forth in Policy Memorandum 602-0192 and Policy Memorandum 602-0194, to the pending benefit applications of the 22 *Doe I* plaintiffs who had filed declarations demonstrating irreparable harm. *See id.* at 42–43. The Court further enjoined Defendants from enforcing the significant negative factor policy, set forth in PA 2025-26, to pending applications for adjustment of status and work authorization of any of the 22 *Doe I* plaintiffs who submitted declarations, and cease applying the significant negative factor policy to the adjudication of those plaintiffs' applications for adjustment of status and work authorization. *Id.* at 44–45.

On May 1, 2026, the Court consolidated this matter with *Doe et al. v. Trump, et al.* ("*Doe II*") (No. 1:26-cv-11382-ADB). ECF No. 83. The Court ordered the parties to confer on whether the *Doe I* injunction should apply to remaining named Plaintiffs with unfiled declarations in *Doe I*, and the named Plaintiffs in *Doe II*. *See* ECF Nos. 82, 83. Defendants did not oppose the Court extending the *Doe I* preliminary injunction (ECF No. 82) order to the remaining Plaintiffs in *Doe I*, nor the named Plaintiffs in *Doe II*. *See* ECF No. 86. On May 7, 2026, the Court extended the existing preliminary injunction (ECF No. 82) to all named Plaintiffs in *Doe I* and *Doe II*. ECF No. 87. These cases were consolidated on May 1, 2026. ECF No. 83.

On May 28, 2026, the *Doe II* Plaintiffs filed a Motion to Enforce the Court's April 30, 2026 and May 7, 2026 preliminary injunction orders. ECF No. 96 ("*Doe II* Motion"). *Doe II* Plaintiffs state "USCIS agents are regularly informing Plaintiffs, their elected representatives, in writing and over the telephone that the lawsuit and injunction had no impact on the hold on their applications."

ECF No. 96 at 4. Plaintiffs also assert that "[Defendants'] counsel has simply stonewalled any attempts to ensure that its clients are complying with this Court's order." *Id.* On May 29, 2026, Plaintiffs in *Doe I*, filed a similar Motion to Enforce the Court's preliminary injunction orders. ECF No. 101 ("*Doe II* Motion"). Plaintiffs in *Doe II* argue they have been told "repeatedly and in writing, that the hold remains in place due to their country of birth." *Id.* at 1. Plaintiffs also assert that USCIS agents have told Plaintiffs "that they do not have access to, or have not received, information regarding the Court's orders or their implementation within the agency, that the hold is 'still as is until further notice," and that Plaintiffs should consult the enjoined polices on the reasoning behind the hold in their cases. *Id.* at 1–2.

## LEGAL STANDARD

"Federal courts are not reduced to issuing injunctions and hoping for compliance. Once issued, an injunction may be enforced." *Morales Feliciano v. Rosello Gonzalez*, 124 F. Supp. 2d 774, 784 (D.P.R. 2000) (quoting *Hutto v. Finney*, 437 U.S. 678, 690 (1978). Moreover, this Court "has the power to supervise compliance with an injunction and to 'modify a preliminary injunction in consideration of new facts.'" *State v. Trump*, 871 F.3d 646, 654 (9th Cir. 2017) (quoting *A&M Records, Inc. v. Napster, Inc.*, 248 F.3d 1091, 1098 (9th Cir. 1995)).

## ARGUMENT

The Court should deny Plaintiffs' Motions. Defendants are and have been in compliance with the Court's preliminary injunction orders. Defendants submit the attached declaration by Deputy Director of U.S. Citizenship and Immigration Services ("USCIS"), Angelica Alfonso-Royals, which certifies Defendants' compliance with the Court's orders. Ex. A ("Alfonso-Royals Declaration") ¶ 5–6. USCIS notified its operations department of this Court's injunctions. *Id.* ¶ 5.

4

Additionally, several of Plaintiffs' applications have been adjudicated since this Court's orders. *Id*. ¶ 7.

Defendants acknowledge that Plaintiffs have submitted approximately 322 pages of documentation in support of their Motions. This documentation includes, *inter alia*, (1) Plaintiffs' declarations describing conversations with USCIS agents, (2) and screenshots of conversations between Plaintiffs and USCIS. *See Doe II* Motion, Ex. C ("*Doe II* Exhibits"); *Doe I* Motion, Exs. B–E ("*Doe I* Exhibits"). While not true of all Plaintiffs' documentation, it appears that many of the *Doe II* Plaintiffs' documentation concerns the pace of adjudication of their pending applications. *See e.g. Doe II* Exhibits at 2 (stating "Despite the preliminary injunction, there has been no movement in my case since USCIS received it in [sic] January, [sic] 30, 2026."); *id.* at 20 ("I have not received any decision or substantive movement regarding my case."); *id.* at 36 ("I have not received any further communication from USCIS indicating whether my case remains on hold. I also have not received any interview notice or substantive adjudication update on the petition."). But this case does not include a pace of adjudication claim. *See generally* ECF No. 7 ("*Doe I* Complaint"), *Abeer H. Doe, et al. v. Trump et al.*, No. 1:26-cv-11382-JEK, ECF No. 1 ("*Doe II* Complaint"). And importantly, the Court's preliminary injunction orders do not require Defendants to adjudicate Plaintiffs' pending applications within any specific timeframe. *See* ECF Nos. 82, 87.

Similarly, some Plaintiffs appear to suggest that there has been noncompliance with the Court's orders because they have paid for premium processing of their applications and USCIS has not yet issued a decision in their case. *See Doe II* Motion at 5 (arguing that lack of compliance is "especially telling in premium processing cases where Plaintiffs paid for USCIS to process their benefit applications on a specific timeline, and there has been no movement…"); *see also Doe I*

Exhibits, Ex. E at 1 ("Despite having requested premium processing, no decision has been issued…I have not received any interview notice, new request for evidence, or approval since the Court issued its Orders[.]"). But this is incorrect. A lack of decision in a case involving premium processing is not a question of compliance with the Court's orders but of pace of adjudication. Premium Processing permits an eligible applicant to pay an additional fee to have their application processed within a specified timeframe. *See* USCIS, How Do I Request Premium Processing?, https://www.uscis.gov/forms/all-forms/how-do-i-request-premium-processing (last visited Jun. 11, 2026). The case processing timeframe depends on the type of application filed with USCIS. *Id.* When an applicant requests premium processing, USCIS "guarantee[s] that [it] will take adjudicative action on the case within the [specified timeframe], or we will refund the premium processing fee." *Id.* Here, any applicant whose application is adjudicated outside of the relevant premium processing timeframe will be reimbursed the premium processing fee when USCIS adjudicates their application. Likewise, another Plaintiff suggests that they are being denied requests to expedite their pending applications—a discretionary benefit—as a result of noncompliance. *Doe II* Exhibits at 157 ("Since then, multiple congressional expedite requests have been submitted on my behalf. However, each time USCIS responded by citing the ban."). But USCIS' decision denying the expedite request does not cite the enjoined policies as a reason for the denial. *Id.* at 158–59; *see also id.* at 173 (separate Plaintiff's denied expedite request).

Finally, Defendants acknowledge that many Plaintiffs have submitted declarations or screenshots of conversations with USCIS representatives stating (inaccurately) that Plaintiffs applications were still subject to the enjoined policies after this Court's preliminary injunction orders[2]. *See generally Doe I* and *II* Exhibits. These statements are inaccurate. *See* Alfonso-Royals

---

[2] Defendants note that some Plaintiffs' declarations cite conversations occurring *prior* to the Court's orders as evidence of potential noncompliance. *See Doe II* Exhibits at 26 (discussing Plaintiff's last communication with USCIS was in

Declaration ¶¶5–7. The USCIS "chat center" representatives are not adjudicating officers, and they are only able to resolve certain inquiries that are not complex. *See* USCIS, USCIS Contact Center, https://www.uscis.gov/contactcenter (last visited Jun. 11, 2026). As a result, the chat center representatives have provided inaccurate information to some Plaintiffs, which is leading to confusion regarding preliminary injunction compliance. But this communications issue is not indicative of a compliance issue. Indeed, it is clear that the Court's orders are being followed because some Plaintiffs' applications have been adjudicated since the Court's orders. ECF No. 106 (Voluntary dismissal of two named Plaintiffs); Alfonso-Royals Declaration ¶ 7.

In sum, Defendants acknowledge and regret that some chat center representatives have provided inaccurate information to Plaintiffs. But these communications are erroneous and not indicative of Defendants' noncompliance with the Court's orders. As the Alfonso-Royals Declaration explains, Defendants have directed adjudicators not to enforce the enjoined policies as to the named Plaintiffs. *Id.* ¶¶ 5–6. Additionally, insomuch as Plaintiffs seek to compel adjudication of their application within a specified timeframe, this Court should decline to modify the existing preliminary injunction orders to expedite processing of these applications because this case does not involve a pace of adjudication challenge.

//

---

December 2026—prior to the Court's preliminary injunction orders); *id.* at 38–39 (another Plaintiff discussing a January 6, 2026, conversation with a USCIS agent).

7

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

CARA ALSTERBERG
Assistant Director

*/s/ Victoria Turcios*
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

8

## **CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: June 11, 2026

*/s/ Victoria Turcios*
VICTORIA TURCIOS

9