**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al,

    Plaintiffs,

v.

DONALD J. TRUMP, et al.,

    Defendants.

Case No.   1:25-cv-13946-JEK

CONSOLIDATED WITH:

    *Abeer H. Doe, et al. v. Trump, et al.*,
    1:26-cv-11382-JEK

<u>**PLAINTIFFS' REPLY TO DEFENDANTS' CONSOLIDATED RESPONSE TO
MOTION TO ENFORCE**</u>

This Court's April 30, 2026 Order directed Defendants to "immediately lift the adjudicative hold" as to the named Plaintiffs, ECF 82 at 4, and its May 7, 2026 Order extended that relief to all named Plaintiffs in both consolidated actions, ECF 87. Defendants oppose the motion principally on the declaration of USCIS Deputy Director Angelica Alfonso-Royals, who states that USCIS has lifted the enjoined policies as to the named Plaintiffs. ECF 112-1 ¶¶ 5-6. But the same declaration concedes, at paragraph 8, that USCIS was still "taking steps to ensure" that its public-facing systems "reflect compliance" and that "accurate information is provided" to applicants. The hold may have been "lifted" on paper but not in operation. The communications Plaintiffs documented are not, as Defendants suggest, a customer-service aberration; they are the consequence of an instruction the agency's own systems had not yet carried out.

**I.    A DIRECTIVE TO LIFT THE HOLD IS NOT SATISFIED BY UNDERTAKING TO LIFT IT.**

The Orders did not direct Defendants to begin lifting the adjudicative hold, or to work toward lifting it. They directed Defendants to "immediately lift" it. ECF 82 at 44. An agency complies with that command by removing the hold and beginning to process the Plaintiffs' cases again, not by promising that removal of the hold is underway. Whether the hold has in fact been removed is a question Defendants' own submission answers.

## II.     THE DECLARATION'S OWN TERMS ESTABLISH THAT THE LIFT REMAINS INCOMPLETE.

In her declaration, Deputy Director Alfonso-Royals states that USCIS "has lifted the enjoined policies with respect to the named Plaintiffs" and "issued guidance that the hold policy could not be applied" to them. ECF 112-1 ¶¶ 5-6. Those statements are in the past tense; they describe a lift already accomplished. The same declaration, however, acknowledges that USCIS "is taking steps to ensure" that its "systems accessible to the public reflect compliance with the court's orders, and that accurate information is provided in response to customer service inquiries." *Id.* ¶ 8. That acknowledgment is in the present tense, and it describes work still underway. The declaration thus asserts, in the same breath, that the hold has been lifted and that the systems and information channels that would give the lift effect were still being brought into compliance.

A hold that the agency's own public systems continue to reflect has not been lifted in any operative sense. The instruction described in paragraphs 5 and 6 - that the hold "could not be applied" to the named Plaintiffs - is one those systems had not yet implemented as of the declaration's date. That is why Plaintiffs continued to be told, in writing, that the hold remained in place "due to their country of birth," that it was "still as is until further notice," and that they should consult the enjoined policies for the reasoning in their cases. ECF 101 at 1-2. And it is why USCIS personnel, responding in writing to congressional inquiries made on behalf of named Plaintiffs, stated that those Plaintiffs remained subject to the adjudicative pause notwithstanding this Court's Orders. Those statements were not misinformation about the hold; they were accurate reports of a hold the agency's systems still enforced and continue to enforce.

## III.     THIS SEQUENCE - ACT FIRST, COMPLETE THE WORK LATER - IS THE SAME ONE THE AGENCY HAS FOLLOWED SINCE THE MEMORANDA ISSUED.

The pattern is not new to the compliance phase. When USCIS issued the challenged memoranda, it did not first complete the analysis that would justify the holds; it imposed the holds and represented that operational guidance would follow within 90 days. The 90-day period elapsed without that guidance and without any lifting or meaningful modification of the holds. ECF 82 at 9-10, 13. This Court ruled the

holds unlawful in part for that reason: the agency had not provided a reasoned explanation, had not meaningfully considered the reliance interests of the affected applicants, and had not evaluated alternatives before acting. Id. at 36-40.

The APA is structured precisely to prevent that inversion. The requirement of reasoned decisionmaking - and, in the ordinary course, of notice and comment - exists so that an agency does the work *before* it acts: it examines the problem, weighs the reliance interests, considers the alternatives, and assembles its record, and only then issues its rule. An agency that reverses that order at the rulemaking stage acts unlawfully. An agency that reverses it again at the compliance stage - representing that the hold is lifted while it is still, by its own account, taking the steps necessary to make its systems reflect that lift - has not complied. In each instance the defect is the same: the action precedes the work that is supposed to support it.

**CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court grant their Motion to Enforce.

**RESPECTFULLY SUBMITTED**
June 15, 2026

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

*/s/ James O. Hacking, III*
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

*/s/ Carl Hurvich*
Carl Hurvich
BBO # 698179)
Brooks Law Firm
10 High Street, Suite 3
Medford, MA  02155
617-245-8090
Carl@brookslawfirm.com

/*s/ LaToya N. McBean Pompy*
LaToya N. McBean Pompy
NY Bar # 6153985
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

*/s/ Dana M. Camilleri*
Virginia Bar # 76568
Green Evans-Schroeder
130 W. Cushing St.
Tucson, AZ 85701
danac@arizonaimmigration.net

*/s/ Lauren E. Allu*
NY Bar # 4160644
NJ Bar# 014772002
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
l.allu@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that on the above-referenced date, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

*/s/ James O. Hacking, III*
James O. Hacking, III