**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al., | |
| *Plaintiffs,* | Civil Action No.: 1:25-cv-13946-JEK |
| v. | CONSOLIDATED WITH: |
| DONALD J. TRUMP, et al., | *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK |
| *Defendants.* | |

**OPPOSED MOTION TO STAY DISCOVERY**

Defendants, by and through their attorneys, respectfully request that the Court stay discovery in this matter pending a decision by the United States Court of Appeals for the First Circuit in *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-1703 (1st Cir.), which involves a challenge to the same policies at issue in this case. As this Court recognized in its recent order denying Plaintiffs' motions to enforce, the challenged policies in this matter "have been declared unlawful, vacated, and set aside in whole by another federal court." ECF No. 117 (citing *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026), *judgment entered*, No. 26-cv-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026)). The Government has appealed the *Dorcas* decision to the First Circuit Court of Appeals. The Government expects that the First Circuit's decision in that appeal will have significant impact on Plaintiffs' pending claims before this Court, and may be dispositive of this case. In an effort to promote judicial economy and avoid the unnecessary expenditure of the limited resources of the parties and the Court, Defendants respectfully ask the Court to stay all discovery and related discovery deadlines

1

in this matter. This request is not made for the purpose of undue delay, will not prejudice Plaintiffs, and is supported by good cause for the reasons discussed below.

## BACKGROUND

Plaintiffs in this action have challenged the Department of Homeland Security (DHS) Policy Alert 2025-26, U.S. Citizenship and Immigration Services (USCIS) Policy Memorandum PM-602-0192 and PM-602-0194. Plaintiffs claim Policy Alert 2025-26, PM-602-0192, and PM-602-0194 are *ultra vires* (Count One); contrary to law in violation of the Administrative Procedure Act (APA) (5 U.S.C. 706(2)(A), (C)) (Count Two); arbitrary and capricious (5 U.S.C. 706(2)(A)) (Count Three); in violation of the APA's notice and comment requirements (5 U.S.C. § 553) (Count Four); in violation of the equal protection clause of the Fifth Amendment (Count Five); and in violation of the due process clause of the Fifth Amendment (Count Six). *See* ECF No. 7 ¶¶ 63–93; *see also Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-ADB, ECF No. 1 ¶¶ 170–201 (same).

This Court has enjoined Defendants from enforcing the adjudicative hold policy, set forth in Policy Memorandum 602-0192 and Policy Memorandum 602-0194, to the pending benefit applications of all Plaintiffs in this matter. ECF No. 82, 87. The Court has also enjoined Defendants from enforcing the significant negative factor policy, set forth in PA 2025-26, to all pending applications for adjustment of status and work authorization of all Plaintiffs in this matter. *Id.*

Following a scheduling conference and two competing scheduling proposals filed by the parties (ECF Nos. 99, 105, 109), the Court issued a scheduling order in this matter. ECF No. 116. Consistent with this Court's scheduling order, the parties exchanged initial disclosures on June 30, 2026. Additional discovery deadlines are imminent—specifically, requests for production, requests for admission, and interrogatories must be served by July 14, 2026. *Id.* Additionally, the

parties filed a Joint Status Report on July 13, 2026 providing the Court with an update on the Plaintiffs' pending benefit applications. ECF No. 123.

Since this Court's preliminary injunction orders, twenty-two (22) Plaintiffs' pending benefit applications have been adjudicated. ECF No. 106, 118, 120. Those Plaintiffs have filed voluntary dismissals. *Id.*

## LEGAL STANDARD

District courts have the discretionary authority to stay discovery and other case deadlines. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). In determining whether to grant a stay, courts consider several factors, including: "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-255). The pendency of a related proceeding in another tribunal is a "typical reason" for a stay. *Hewlett-Packard Co. v. Berg*, 61 F.3d 101, 105 (1st Cir. 1995). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

**ARGUMENT**

On June 5, 2026, a district court in the District of Rhode Island declared unlawful the same policies challenged by Plaintiffs in this action. *Dorcas*, 2026 WL 1622708 at \*57; *see also* ECF No. 108 (Plaintiffs' Notice of Supplemental Authority). The *Dorcas* decision vacated in full and set aside PM 602-0192, PM 602-0194, and PA 2025-26. *Dorcas*, 2026 WL 1622708 at \*57. On June 11, 2026, the *Dorcas* court entered a final judgment in favor of the plaintiffs in that matter and against the Government. *Dorcas International Institute. of Rhode Island, et al. v. United States Citizenship & Immigration Services, et al.*, No. 26-cv-132-JJM-PAS, ECF No. 37 (Jun. 11, 2026, D.R.I.). On June 12, 2026, the Government filed a notice of appeal in the *Dorcas* case. *Dorcas International Institute. of Rhode Island, et al. v. United States Citizenship & Immigration Services, et al.*, No. 26-cv-132-JJM-PAS, ECF No. 39 (Jun. 13, 2026, D.R.I.). Also, on June 12, 2026, USCIS provided public notice that it construed the *Dorcas* decision as a "court-ordered vacatur," that "applies agency-wide." *See* https://www.uscis.gov/newsroom/alerts/court-order-on-hold-policies (last visited on July 14, 2026). USCIS further stated that the "vacatur applies to PM 602-0192, PM 602-0194, and PA 2025-26, which should be treated as if they are not in effect." *Id.*

The Government's pending *Dorcas* appeal will significantly impact this case. Regardless of the outcome, a First Circuit decision on these policies will provide the parties and the Court with meaningful—and binding—guidance as to the legal claims and defenses in this case and may even resolve this litigation entirely. If the First Circuit affirms the *Dorcas* vacatur, Plaintiffs' claims challenging the vacated policies will be rendered moot. If the First Circuit reverses the district court and remands for further litigation, the basis for that decision will significantly aid this Court in resolving Plaintiffs' claims and may substantially narrow the issues in this case. For

these reasons, Defendants respectfully submit that the best way to preserve the parties' and the Court's limited resources is to pause discovery while the *Dorcas* appeal is resolved.

Significantly, Plaintiffs will not be prejudiced by a stay of discovery. Plaintiffs have asked the Court to declare unlawful the same policies which were already vacated by the *Dorcas* court. ECF No. 7 (Prayer for Relief); *see also Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK, ECF No. 1 (Prayer for Relief). The Government has appealed the *Dorcas* decision and accordingly does not argue that Plaintiffs' claims are currently moot.[1] However, because the *Dorcas* decision has vacated the challenged policies nationwide and this Court has preliminarily enjoined USCIS from applying the policies to these specific Plaintiffs, there is no threat of harm to Plaintiffs from the challenged policies. Plaintiffs thus will not be prejudiced by a stay because their applications are being adjudicated; indeed, the claims of many Plaintiffs will become moot during the pendency of the *Dorcas* appeal.[2] Conversely, Defendants will be harmed absent a stay as they will have to expend significant resources to conduct discovery and to defend discovery requested by Plaintiffs, and potentially engage in litigation of discovery disputes.

Furthermore, a stay of discovery in this case would preserve the parties' resources and promote efficiency in any discovery to be conducted in this litigation, and promote judicial economy. It makes little sense to permit discovery at this stage when the issues presented to the First Circuit involve the core legal questions at issue in this case. If the First Circuit affirms the *Dorcas* vacatur, Plaintiffs' claims will be moot and any discovery taken on those claims will have been a waste of time and resources. Courts routinely grant a stay of the case when a closely-related

---

[1] Notably, the Government has filed an emergency motion to stay the district court's order in the *Dorcas* matter, but the Court has yet to rule on the motion. *See Dorcas International Institute. of Rhode Island, et al. v. United States Citizenship & Immigration Services, et al.*, No. 26-cv-132-JJM-PAS, ECF No. 46 (Jun. 19, 2026, D.R.I.).

[2] The claims of at least 22 Plaintiffs have already become moot since this Court issued its preliminary injunction orders.

or potentially dispositive matter is pending in another court. *Hewlett-Packard Co.*, 61 F.3d at 105; *see, e.g., Dyer v. Penobscot Cty.*, No. 1:20-cv-00224-NT, 2020 WL 5801081, at *4 (D. Me. Sep. 28, 2020) (granting stay pending outcome of related state court proceedings because proceeding with litigation would be inefficient and "inefficiency would work a hardship upon the defendants"); *Bean Me. Lobster, Inc. v. Monterey Bay Aquarium Found.*, No. 2:23-cv-00129-JAW, 2025 WL 1114801, at *5 (D. Me. Apr. 15, 2025) ("[T]he current appeal may advance the ultimate termination of this litigation by dismissing, or substantially narrowing, the case. Proceeding [. . .] in the trial court while the First Circuit considers a potentially dispositive appeal would be an inefficient use of the Court's and the parties' time and resources").

To be clear, the Government seeks a stay of discovery only. If granted, the parties would proceed as previously ordered with filing joint status reports regarding the status of Plaintiffs' pending benefit applications. ECF No. 116. A stay of discovery would also permit (1) Plaintiffs to raise preliminary injunction concerns with the Court (should any issues arise), and (2) keep the matter open for both parties to proceed with further litigation, if necessary, once the First Circuit issues its decision in *Dorcas.* A stay of discovery is especially appropriate in this matter because the First Circuit's decision will be binding on this Court. Finally, as discussed above, a stay of discovery does not prejudice Plaintiffs because they are already obtaining the relief they seek— adjudication of their pending benefit applications—via the *Dorcas* vacatur and this Court's preliminary injunction orders.[3]

For these reasons, Defendants respectfully request that the Court stay discovery and all related deadlines in this matter until the First Circuit issues a decision on the *Dorcas* case.

---

[3] In the event that the *Dorcas* court or First Circuit stays the district court's decision in *Dorcas*, the Defendants will notify this Court. However, Defendants posit that a stay of discovery is nevertheless appropriate given the Court's preliminary injunction orders and the pending *Dorcas* appeal.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Director

MATTHEW SEAMON
Assistant Director

*/s/ Victoria Turcios*
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(2), counsel for Defendants certify that on July 13, 2026, she conferred with counsel for Plaintiffs in a good faith attempt to resolve or narrow the issues presented in this motion to stay discovery. On July 13, 2026, Plaintiffs responded that they will oppose the motion.

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 14, 2026

*/s/ Victoria Turcios*
VICTORIA TURCIOS