**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al,

    Plaintiffs,

v.

DONALD J. TRUMP, et al.,

    Defendants.

Case No.   1:25-cv-13946-JEK

CONSOLIDATED WITH:

   *Abeer H. Doe, et al. v. Trump, et al.*,
   1:26-cv-11382-JEK

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO STAY DISCOVERY**

Defendants have already asked this Court to relieve them of discovery in this case, and the Court said no. In the parties' Joint Scheduling Statement, Defendants took the position that, because Plaintiffs' claims arise under the Administrative Procedure Act, there should be no Rule 26(f) conference, no initial disclosures, and no discovery of any kind: *"APA review 'involves neither discovery nor trial.' . . . Accordingly, no discovery will be conducted in this matter."* ECF No. 99, at 5. This Court rejected that position. On June 22, 2026, it entered a scheduling order directing discovery to proceed. ECF No. 116. The parties exchanged initial disclosures on June 30, 2026, and written discovery on July 14, 2026.

As outlined below, the Court entered that order with the *Dorcas* litigation squarely before it. The District of Rhode Island decided *Dorcas* on June 5, 2026, entered final judgment on June 11, and the Government filed its notice of appeal on June 12 — all before this Court set the schedule on June 22. Every circumstance Defendants now invoke as grounds for a stay, already existed when the Court decided that discovery would proceed.

Defendants' motion is thus a request to revisit a question this Court has already decided, on facts that have not changed. It should be denied on that basis alone. But the motion also fails the very standard Defendants invoke. They identify no hardship beyond the ordinary burden of litigating — which the law

1

does not recognize as a basis for a stay. They seek an open-ended stay tethered to another court's appeal of indeterminate duration. And they cannot show the absence of prejudice to Plaintiffs, least of all while they are simultaneously appealing *Dorcas* — and moving to stay its judgment — in an effort to reinstate the very policies they say make discovery unnecessary. And the appeal on which the motion depends has already faltered: on July 15, 2026, the District of Rhode Island denied the Government's motion to stay its vacatur pending that appeal, holding that the Government is not likely to succeed. The motion should be denied.

## BACKGROUND

Plaintiffs challenge DHS Policy Alert 2025-26 and USCIS Policy Memoranda PM-602-0192 and PM-602-0194. The Complaint pleads six counts, including that the policies are *ultra vires* (Count One), contrary to law and in excess of statutory authority under the APA (Count Two), arbitrary and capricious (Count Three), promulgated without required notice and comment (Count Four), and in violation of the equal protection (Count Five) and due process guarantees of the Fifth Amendment (Count Six). ECF No. 7 ¶¶ 63–93. This Court has preliminarily enjoined Defendants from enforcing the challenged policies against Plaintiffs. ECF Nos. 82, 87.

On May 28, 2026, the parties filed a Joint Scheduling Statement. ECF No. 99. Plaintiffs proposed a full discovery schedule. *Id.* at 1–2. Defendants took the opposite position, contending that no discovery of any kind should occur because this is an APA case that, in their view, would be resolved on the administrative record: *"APA review 'involves neither discovery nor trial.' . . . Accordingly, no discovery will be conducted in this matter." Id.* at 5 (quoting *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013)).

While the scheduling dispute was pending, the District of Rhode Island decided *Dorcas International Institute of Rhode Island v. USCIS*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026), which vacated and set aside the same policies nationwide. The court entered final judgment on June 11, 2026, *id.*, 2026 WL 1695954 (D.R.I. June 11, 2026), and the Government filed its notice of

appeal the next day, June 12, 2026, *Dorcas v. USCIS*, No. 26-1703 (1st Cir.).

On June 22, 2026 — ten days after the Government appealed *Dorcas* — this Court entered its scheduling order directing discovery to proceed. ECF No. 116. Consistent with that order, the parties exchanged initial disclosures on June 30, 2026, and Plaintiffs propounded requests for production, requests for admission, and interrogatories on July 14, 2026. On that day, Defendants filed the instant motion, seeking to stay all discovery until the First Circuit decides the *Dorcas* appeal. ECF No. 124.

The next day, on July 15, 2026, the District of Rhode Island denied the Government's motion to stay its vacatur pending appeal, holding that the Government had not made a strong showing of likelihood of success on appeal and that the balance of equities and the public interest weighed against a stay. *Dorcas*, No. 26-cv-132-JJM-PAS (D.R.I. July 15, 2026).

## LEGAL STANDARD

A stay of proceedings is not a matter of right. The party seeking a stay bears the burden of showing that the circumstances justify an exercise of that discretion. *Clinton v. Jones*, 520 U.S. 681, 708 (1997); *see Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) (describing the burden as "heavy"). The case cited by the Defendants in support of a stay makes clear that in order to carry that burden, "the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). A stay must be "kept within the bounds of moderation"; one that is "immoderate" is "unlawful unless so framed in its inception that its force will be spent within reasonable limits." *Id.* at 256–57.

## ARGUMENT

**I.    This Court Has Already Ordered Discovery To Proceed — With *Dorcas* In View — And Defendants Identify Nothing That Has Changed.**

Defendants' motion asks this Court to reverse a different decision than it reached less than a month ago. In the Joint Scheduling Statement, Defendants argued that this case should proceed with *no*

discovery at all. ECF No. 99, at 5. The Court considered and rejected that contention, entering a scheduling order that directs discovery to proceed and setting the deadlines the parties are now working under. ECF No. 116. Defendants' present request — to halt that same discovery — is the same relief they already sought, repackaged as a stay.

Nothing material has changed since June 22. Defendants rest their motion on the *Dorcas* decision, the Government's appeal of it, this Court's preliminary injunctions, and the ongoing adjudication of Plaintiffs' applications. But each of those circumstances predates the scheduling order. *Dorcas* was decided June 5, reduced to judgment June 11, and appealed June 12; the injunctions issued earlier still; and adjudications were already underway. The Court set this schedule with all of it in view. A motion that re-presents an issue the court has already decided, without any intervening change in law or fact, is in substance a motion for reconsideration, and reconsideration is an extraordinary remedy and ordinarily does not provide a vehicle for revisiting arguments previously advanced and rejected or presenting theories that could have been raised earlier. *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006).

The Government's penchant for re-litigating settled questions regarding the administrative hold is not unique to this Court. On July 15, 2026, the District of Rhode Island denied the Government's stay motion in *Dorcas* precisely because it "largely recycles" arguments that the Court already considered and rejected. *Dorcas*, ECF No. 51, at 3; *see also Afr. Cmtys. Together v. Noem*, No. 25-cv-13939-PBS, 2026 WL 961900, at *1 (D. Mass. Apr. 9, 2026) (denying a stay where the Government largely repeat[ed] the arguments they already raised). Defendants take the same approach here, asking this Court to undo the discovery ruling it entered — after full consideration — on June 22, 2026.

The proper vehicle for altering a scheduling order is a motion to modify for good cause under Federal Rule of Civil Procedure 16(b)(4), which focuses on the diligence (or lack thereof) of the moving party. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004). Defendants do not invoke Rule 16(b)(4), and they could not satisfy it: having litigated and lost the very question of whether discovery

should proceed, they cannot show the diligence or good cause that a modification would require. The Court's considered judgment that discovery should go forward should not be disturbed on a record that is unchanged from the one already before it.

**II.    Defendants Fail the Standard They Invoke Because They Show No Hardship or Inequity.**

Even taken on its own terms, the motion does not satisfy *Landis*. The only harm Defendants identify is that, absent a stay, they "will have to expend significant resources to conduct discovery and to defend discovery requested by Plaintiffs, and potentially engage in litigation of discovery disputes." ECF No. 124, at 5. That is nothing more than the ordinary burden of litigating a case — and it is settled that such a burden is not the clear case of hardship or inequity *Landis* requires.

Defendants offer no specifics — no description of any particular discovery that would be uniquely burdensome, no estimate of cost, and no explanation of why the discovery this Court already ordered is any more onerous than the discovery any litigant must provide. Their generalized invocation of "resources" is the burden every party bears, and it cannot justify the "drastic and unusual" remedy of a stay. *Landis*, 299 U.S. at 256. Because Defendants carry the burden and have not made the required showing, the motion fails at the threshold.

**III.    The Requested Stay Is Indefinite and Immoderate.**

Defendants ask the Court to "stay discovery and all related deadlines in this matter until the First Circuit issues a decision on the *Dorcas* case." ECF No. 124, at 6. That is an open-ended request tied to the resolution of a separate appeal on a timeline no one can predict, and one that could be extended further by rehearing or certiorari proceedings. *Landis* forbids exactly this: a stay must be "so framed in its inception that its force will be spent within reasonable limits," and one of indefinite duration is immoderate, and therefore, improper. 299 U.S. at 257.

Defendants' own course of conduct underscores the open-endedness of what they seek. The emergency motion to stay the *Dorcas* judgment that Defendants cited to this Court as pending, ECF No.

124, at 5 n.1, has since been denied, *Dorcas*, ECF No. 51 (D.R.I. July 15, 2026) — leaving Defendants to seek a stay from the First Circuit and, failing that, to litigate the appeal to its conclusion, with rehearing and certiorari proceedings to follow. A stay keyed to the terminus of that shifting, multi-tiered process is the antithesis of one confined within the bounds of moderation. *Landis*, 299 U.S. at 256.

## IV.    Defendants Cannot Show the Absence of Prejudice, and Their Own Position Refutes It.

Defendants contend that Plaintiffs will not be prejudiced because the *Dorcas* vacatur has set aside the challenged policies nationwide and this Court's injunctions protect Plaintiffs in the interim. ECF No. 124, at 5–6. That argument is undone by Defendants' own conduct. Defendants have appealed *Dorcas* and have moved to stay its judgment, *id.* at 5 n.1, and they expressly decline to concede that Plaintiffs' claims are moot, *id.* A party that is actively litigating to restore the challenged policies cannot simultaneously maintain that those policies pose no threat. *Cf. Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (a party asserting that voluntary cessation moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (same).

Recent events lay the contradiction bare. Defendants sought emergency relief from the District of Rhode Island to stay the *Dorcas* vacatur pending appeal, and on July 15, 2026, that court denied the motion — holding that Defendants are not likely to succeed on appeal and that the equities and the public interest weigh against them. *Dorcas*, ECF No. 51, at 3–4. Defendants thus remain bound by the vacatur even as they continue working to undo it, and must now seek a stay from the First Circuit. The protection on which their no-prejudice argument depends is therefore not merely contingent but actively contested — by Defendants themselves. A party laboring to eliminate the protection it invokes cannot credibly claim that the protection renders discovery unnecessary. The maneuver also belies Defendants' professed concern for the "orderly course of justice" and judicial economy, *see* ECF No. 124, at 1–6: Defendants demand orderly, economical process in this Court while pursuing emergency relief elsewhere to dissolve

the vacatur at once.

The protections Defendants invoke are, moreover, contingent and interlocutory. If the First Circuit stays or reverses the *Dorcas* vacatur, or if this Court's preliminary injunctions are later modified, Plaintiffs will need precisely the discovery that a stay would have denied them — and will have lost months of it. Delay independently prejudices Plaintiffs: memories fade, documents and custodians become harder to locate, and the development of the merits record on live claims is postponed indefinitely.

**V.      A Stay Would Not Simplify the Issues Because *Dorcas* Will Not Dispose of This Case.**

Defendants argue that the *Dorcas* appeal may resolve or narrow this case and that a stay would therefore promote efficiency. ECF No. 124, at 4–6. But a decision on the APA questions in *Dorcas* will not dispose of Plaintiffs' equal protection (Count Five) and due process (Count Six) claims, which turn on intent and a case-specific factual record that appellate review of a different case cannot supply. This Court necessarily recognized as much when it ordered discovery to proceed over Defendants' contention that the case could be decided on the administrative record alone.

The efficiency factor thus cuts against a stay. Fact discovery directed at the constitutional claims does not overlap with the legal questions pending before the First Circuit. Pausing that discovery would not simplif[y] . . . the issues at all — it would only delay their resolution. That a related appeal is pending does not change the analysis where, as here, the appeal will not resolve the claims for which discovery is needed.

The premise of Defendants' efficiency argument has, in any event, been overtaken. The district court in Dorcas has now considered the Government's request for a stay pending appeal and held that the Government "has not made a strong showing that it is likely to succeed on the merits of its appeal." Dorcas, ECF No. 51, at 3. Staying merits discovery to await an appeal as to which the district court found no strong showing of likely success would conserve nothing; it would only postpone this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay Discovery and direct the parties to proceed under the scheduling order entered June 22, 2026 (ECF No. 116).

RESPECTFULLY SUBMITTED
July 22, 2026

*/s/ Stefanie Fisher-Pinkert*
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

*/s/ James O. Hacking, III*
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

*/s/ Carl Hurvich*
Carl Hurvich
BBO # 698179)
Brooks Law Firm
10 High Street, Suite 3
Medford, MA  02155
617-245-8090
Carl@brookslawfirm.com

*/s/ LaToya N. McBean Pompy*
LaToya N. McBean Pompy
NY Bar # 6153985
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

*/s/ Lauren E. Allu*
NY Bar # 4160644
NJ Bar# 014772002
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
l.allu@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: July 22, 2026

*/s/ James O. Hacking, III*
James O. Hacking, III