**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al.,

*Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

*Defendants.*

Civil Action No.: 1:25-cv-13946-JEK

CONSOLIDATED WITH:
*Abeer H. Doe, et al. v. Trump, et al.*,
1:26-cv-11382-JEK

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)(1) to protect the confidentiality of certain nonpublic and confidential material the parties intend to exchange during the course of discovery. The proposed protective order is intended to govern the disclosure, handling, and use of Confidential Information exchanged in the course of the limited discovery and other proceedings in this action. It also includes provisions addressing inadvertent production of privileged materials. *See* Fed. R. Evid. 502(d).

On June 2, 2026, during a scheduling conference, this Court indicated that it would allow (1) discovery on "the guidance that was supposed to have come out 90 days after the [challenged policy] memoranda were issued," and (2) "discovery in connection with the constitutional claims." ECF 110, Scheduling Conference Tr. 19. The Court's Scheduling Order, permitting this limited discovery to proceed, was entered on June 22, 2026. ECF 116. Defendants then attempted to negotiate with Plaintiffs for a protective order relating specifically to this discovery, without success. Therefore, Defendants now move the Court for a limited protective order governing the discovery this Court has ordered because discovery in this action is likely to involve disclosure of confidential, proprietary, law enforcement sensitive, or private information for which special

protections are warranted. The proposed protective order is distinct from and does not seek to modify the standalone stipulated protective order this Court entered on February 25, 2026 which only concerns the exchange of confidential personally identifiable information ("PII Stipulated Protective Order") about Plaintiffs. *See* ECF No. 45.[1] Although protective orders of the type sought here are standard practice, Plaintiffs' position is that the proposed Protective Order is not appropriate given the "vast national implications and public interest[s]" involved in this case. Accordingly, Plaintiffs, through counsel, have refused to negotiate a stipulated protective order with Defendants.

**STANDARD OF REVIEW**

Rule 26(c) of the Federal Rules of Civil Procedure provides this Court with discretion to issue protective orders limiting the extent and manner of discovery for good cause shown. *See* Fed.R.Civ.P. 26(c)(1). "[T]he party seeking a protective order bears the burden of establishing good cause and a specific need for protection." *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.,* 319 F.R.D. 422, 437 (D.P.R. 2016). Good cause must be based upon "a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986). Protective orders are standard practice in this district for immigration-related class actions and multi-party suits against the government. *See, e.g., D.V.D. V. DHS,* 1:25-CV-10225, (D. Mass.), ECF No. 96 (joint protective order); *LaMarche v. Mayorkas*, No. 3:23-cv-30029 (D. Mass.), ECF No. 37-1 (stipulated confidentiality agreement);

[1] The PII Stipulated Protective Order, ECF No. 45, initially applied to the plaintiffs in *Akmurat O. Doe, et al. v. Trump, et al.*, 1:25-cv-13946-JEK (D. Mass.) ("*Doe I*"). The Court indicated during the June 2, 2026, Scheduling Conference that the PII Stipulated Protective Order extended to the plaintiffs in *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK (D. Mass.) ("*Doe II*") due to the consolidation of *Doe I* and *Doe II*. ECF 110, Scheduling Conference Tr. 7.

*Roe v. Mayorkas*, No. 1:22-cv-10808 (D. Mass.), ECF No. 59, 78 (stipulated protective order and amended order).

## ARGUMENT

There is good cause for issuance of the Protective Order. *See* Fed. R. Civ. P. 26(c). The limited discovery in this case may involve production of confidential, proprietary, law enforcement sensitive, or private information for which special protection from public disclosure and from use for any purpose other than prosecution of this case is warranted.

The proposed Protective Order defines "confidential information" as: (1) names, addresses, and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and Federal Rule of Civil Procedure 5.2; (2) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (3) any personally identifiable information related to third parties other than the individual whose information is being sought; (4) federal law-enforcement-sensitive information, including but not limited to, investigative files and techniques; (5) names, phone numbers, and email addresses of federal employees unless subject to the law enforcement privilege; and (6) any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.

Plaintiffs' case presents programmatic challenges to agency policies. Specifically, Plaintiffs' allege Policy Alert 2025-26 and PM-602-0192 and PM-602-0194 are *ultra vires*, violative of the Administrative Procedure Act (5 U.S.C. §§ 553, 706(2)(A), 706(C), and violative of the due process and equal protection clauses of the Fifth Amendment. ECF No. 7 (Amended Complaint); *see also Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-ADB, ECF No. 1. During

the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) constitutional claims and (2) the 90-Day Guidance. ECF No. 110 at 19:9-24. The discovery most relevant here involves agency memoranda, operational directives, and communications reflecting government decision-making processes. This document production may include, *inter alia*, (1) documents bearing the identifying information of individuals who work for the U.S. Citizenship and Immigration Service ("USCIS"), and/or (2) law enforcement sensitive documents.

The public disclosure of identifying information of USCIS personnel is not necessary to Plaintiffs' claims because Plaintiffs' claims concern application of policies. The personal identifiers of USCIS employees (especially those below the level of Director) are unnecessary to the needs of the litigation in this matter. Indeed, Rule 26(b)(1) requires discovery to be both relevant and proportional to the needs of the case, considering the importance of the issues, the burden of production, and the potential harm to individuals. Here, there is no probative value attached to public disclosure of USCIS employee identifying information—especially for those at or below Director. Similarly, to the extent any law enforcement sensitive information is relevant to Plaintiffs' discovery requests, that information should remain confidential and public disclosure is unnecessary for Plaintiffs to litigate this matter.

Moreover, a protective order is especially necessary in this matter where the Court has permitted limited discovery into the 90-day guidance related to the challenged (and vacated) policies. Plaintiffs have served multiple written discovery requests seeking draft versions of the 90-day guidance or related documents. Because the 90-day guidance has not been issued, any documents sought by Plaintiffs will be deliberative in nature and likely subject to the deliberative-process privilege. The Government anticipates that there will be motion practice over the disclosure of these deliberative materials. However, in the event the Court orders the disclosure of

these deliberative documents, a protective order would, at minimum, be necessary to protect the documents from further disclosure of materials while the Parties litigate this action. *See Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8–9 (2001) ("The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions.") (cleaned up). Public disclosure of deliberative documents has the potential harm of causing a chilling effect on candid communication within the agency. Similarly, a protective order is required in order to shield against public disclosure of any inadvertently produced documents which may be confidential or subject to privilege.

Finally, the issuance of this protective order does not obviate the duty of the Parties to seek to seal any information used in litigation that may also be deemed confidential under the protective order. LCR 7.2(d). To the extent Plaintiffs argue that no information should be protected from public disclosure due to the public's interest in this case, that concern would apply only to documents ultimately used in litigation—not all documents produced in this action. As such, that potential concern is more appropriately addressed in a motion to seal than in a standard protective order intended to aid in the exchange of sensitive, confidential information.

## CONCLUSION

Protective orders governing the exchange of discovery is standard practice, aids in the efficient exchange of discoverable information, and protects sensitive information—including information that has no probative value to the public—from being disclosed. This Court should therefore enter the proposed protective order attached to this motion.

DATED: August 18, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

MATTHEW SEAMON
Assistant Director

MARY LARAKERS
Senior Litigation Counsel

***/s/ Victoria Turcios***
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(2) on August 4, 2026, counsel for Defendants shared a copy of the attached proposed protective order for Plaintiffs' review. Defendants offered an opportunity to discuss the draft by phone. On August 7, 2026, Plaintiffs' responded by email:

> We also wanted to make our position known concerning the protective order. We do not believe the draft reflects an appropriate framework for the parties' anticipated exchange of information during discovery. Plaintiffs disagree that such a protective order is warranted in this case with vast national implications and public interest. At this time, a redline of the draft would be inefficient and ineffective because of our vastly different viewpoints on the produced discovery in this matter.

Accordingly, Defendants have attempted in good faith to resolve or narrow the issues discussed in this motion.

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 18, 2026

***/s/ Victoria Turcios***
VICTORIA TURCIOS