**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al., *Plaintiffs,* v. DONALD J. TRUMP, et al., *Defendants.* | Civil Action No.: 1:25-cv-13946-JEK<br>CONSOLIDATED WITH: *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK |

# [PROPOSED] PROTECTIVE ORDER

## 1. PURPOSES AND LIMITATIONS

On June 2, 2026, during a scheduling conference, this Court indicated that it would allow (1) discovery on "the guidance that was supposed to have come out 90 days after the [challenged policy] memoranda were issued," and (2) "discovery in connection with the constitutional claims." ECF 110, Scheduling Conference Tr. 19. The Court's Scheduling Order, permitting discovery to proceed, was entered on June 22, 2026. ECF 116. Therefore, Defendants petition the Court for a limited protective order regarding compliance with what the Court has ordered, as discovery in this action is likely to involve disclosure of sensitive, confidential, privileged, and/or private information for which special protection may be warranted.

The instant proposed protective order does not impact the standalone stipulated protective order solely concerning confidential personally identifiable information ("PII Stipulated Protective Order") about Plaintiffs, which the Court signed and entered on February 25, 2026, and which the parties continue to adhere to. ECF 45.[1]

[1] The PII Stipulated Protective Order, ECF 45, initially applied to the plaintiffs in *Akmurat O. Doe, et al. v. Trump, et al.*, 1:25-cv-13946-JEK (D. Mass.) ("*Doe I*"). The Court indicated during the June 2, 2026, Scheduling Conference that the PII Stipulated Protective Order extended to the plaintiffs in *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-

Defendants otherwise acknowledge that this Protective Order is consistent with LCR 26.1. Subject to the narrow circumstances outlined in the PII Stipulated Protective Order, ECF 45, the instant Protective Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Accordingly, to adequately and reasonably protect and preserve the confidentiality of information; to expedite the flow of information between the parties; and to serve the ends of justice, Defendants hereby request that the Court enter the following Protective Order.

**2. "CONFIDENTIAL INFORMATION"**

Subject to the PII Stipulated Protective Order, ECF 45, "Confidential Information" shall include any information that is not publicly available and qualifies for protection under applicable law, statutes or regulations, including, but not limited to: (1) names, addresses, and any other personally identifiable information covered by the Privacy Act, 5 U.S.C § 552a and Federal Rule of Civil Procedure 5.2; (2) a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G); (3) any personally identifiable information related to third parties other than the individual whose information is being sought; (4) federal law-enforcement-sensitive information, including but not limited to, investigative files and techniques; (5) names, phone numbers, and email addresses of federal employees unless subject to the law enforcement privilege; and (6) any other information protected or restricted from disclosure by state or federal statute or regulation which otherwise

11382-JEK (D. Mass.) ("*Doe II*") due to the consolidation of *Doe I* and *Doe II*. ECF 110, Scheduling Conference Tr. 7.

could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure.[2]

**3. SCOPE**

This Protective Order governs only disclosures undertaken to comply with the Court's ruling regarding discovery during the June 2, 2026, Scheduling Conference in this case. ECF 110, Scheduling Conference Tr. 19. It does not apply to any other information or authorize or require any broader disclosure.

The protections conferred by this agreement cover not only Confidential Information (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Information.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain. This Protective Order binds the parties and their respective agents, successors, personal representatives and assignees.

**4. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

4.1 Basic Principles. A receiving party may use confidential information that is disclosed in connection with this Court's ruling during the June 2, 2026, Scheduling Conference in this case, ECF 110, Scheduling Conference Tr. 19, (subject to the PII Stipulated Protective Order, ECF 45, applicable rules of evidence, and the confidentiality of such information being maintained) only for purposes of

[2] The existence of this Protective Order does not necessarily authorize or require the disclosure of all or any information protected from disclosure by statute or regulation. Further, this Protective Order applies only to information necessary to comply with the Court's ruling during the June 2, 2026, Scheduling Conference in this case (ECF 110, Scheduling Conference Tr. 19), and does not authorize or require broader disclosure to Plaintiffs.

litigating this action. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2 Disclosure of "CONFIDENTIAL" Information. Subject to the PII Stipulated Protective Order, ECF 45, and unless otherwise ordered by the Court or permitted in writing by the relevant party, a receiving party may disclose any confidential information only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel assisting in this action with an appropriate need to know. If the receiving party's counsel ceases to represent said party in this action for any reason, said counsel and any employees of said counsel shall no longer have access to or be authorized to receive any confidential information;

(b) the Court, court personnel, and court reporters and their staff;

(c) copy or imaging services retained by counsel to assist in the duplication of confidential information, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential information to third parties and to immediately return all originals and copies of any confidential information and protect confidential information in accordance with provisions of this Protective Order;

(d) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(e) any other person mutually authorized by the parties' counsel to examine such information with an appropriate need to know.

All persons listed in subparagraphs 4.2(c)-(e) to whom Confidential Information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT A. Counsel for each party shall retain copies of the acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, except as set forth above, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations, including the PII Stipulated Protective Order. This Protective Order is limited to compliance with the Court's ruling during the June 2, 2026, Scheduling Conference in this case. ECF 110, Scheduling Conference Tr. 19.

4.3 <u>Filing Confidential Information.</u> Subject to the PII Stipulated Protective Order, ECF 45, before filing any other Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with opposing counsel (where practical, at least seven days prior to the intended filing date) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or

stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 83.6.11 otherwise sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4.4 Use of Confidential Information in Court. Nothing in this Protective Order shall prevent a party from using Confidential Information at trial or during a hearing. However, any party using Confidential Information must provide sufficient advance notice such that a party may request (a) that the portion of the proceeding where use is made be in camera or protected from public disclosure to the maximum extent practicable, and (b) that the transcript of that portion of the proceeding be maintained under seal, with access thereto limited to persons entitled to access under this Protective Order.

During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Confidential Information shall be subject to this Protective Order. Properly designated Confidential Information shall remain protected after conclusion of this litigation.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that

qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. The designating party must affix the word "CONFIDENTIAL" to each page of paper or electronic document that contains Confidential Information or must provide the receiving party with a list identifying the documents that contain Confidential Information.

5.3 Inadvertent Failures to Designate. If the designating party inadvertently fails to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify the other party's counsel of the failure within five business days of discovering the failure. The designating party shall promptly supply the other party's counsel with new copies of any documents bearing corrected confidentiality designations or a new list classifying the documents as containing Confidential Information, and the other party's counsel

shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed. Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

**6. DEPOSITIONS**

For testimony given during a deposition, a party may designate a deposition or portion thereof as "Confidential" by doing so on the record at the deposition or by serving written notice of the page and line of the confidential deposition portions. Such designations must be made within ten (10) business days of receiving the final transcript. Until the aforesaid period to designate the deposition has passed, (1) the entire transcript shall be deemed as Confidential Information under the terms of this agreement and (2) any court filings including information derived from any deposition shall be filed under seal in accordance with the local rules. A party may also orally designate testimony during the course of a deposition by making a statement to that effect, on the record at the deposition. In this case, the court reporter shall transcribe the designated pages in a separate volume marked with the appropriate designation. Any individual attending the deposition must leave the room prior to discussion of whether material is designable if that person is not authorized to view Confidential Information under the terms of this Order.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 Timing of Challenges. Any party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 83.6.11, if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the opposing party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected; and

(d) decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION**

Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. Thus, when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a

claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an order that provides for production without prior privilege review. The parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502(d), if deemed necessary.

**11. NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party shall destroy all Confidential Information obtained and in its possession, custody, or control, except as this Court may otherwise order. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, counsel is entitled to retain one archival copy of all Confidential Information. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**12. MISCELLANEOUS**

(a) Enforceability. Upon the Court's endorsement, the parties are bound by the terms of this Protective Order until those terms are modified by order of the Court.

(b) Right to Further Relief. Nothing in this Protective Order abridges the right of any party to seek its modification by the Court in the future.

(c) Right to Assert Other Objections. No party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

**IT IS SO ORDERED.**

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

LUZ MARIA RESTREPO
Senior Litigation Counsel

***/s/ Victoria Turcios***
VICTORIA TURCIOS
United States Department of Justice
Civil Division
Office of Immigration Litigation
450 Fifth Street N.W.
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

**ATTORNEYS FOR DEFENDANTS**

**IT IS SO ORDERED.**

DATED: August XX, 2026

______________________________
**JULIA E. KOBICK**
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ___________________________________ [print or type full name], of ___________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the case of *AKMURAT O. DOE, et al. v. DONALD J. TRUMP*, et al. (consolidated with *Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK), pending in the District of Massachusetts and bearing Case No. 1:25-cv-13946-JEK. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ________________________

City and State where sworn and signed: ________________________

Printed name: ________________________

Signature: ________________________