**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>*Defendants.* | Civil Action No.: 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**DEFENDANTS' MOTION TO QUASH, FOR A PROTECTIVE ORDER, AND STAY OF DISCOVERY**

Defendants move for this Court to quash, for a protective order, or otherwise disallow certain of Plaintiffs' discovery requests, deposition notices, and Rule 30(b)(6) deposition topics that far exceed the scope of limited discovery this Court authorized.[1] Specifically, Plaintiffs have noticed eight depositions of high-ranking U.S. Citizenship and Immigration Services (USCIS) officials, noticed a Rule 30(b)(6) deposition on 41 (forty-one) topics, and served written discovery seeking information unrelated to the two narrow topics on which this Court has authorized limited discovery to be completed by September 15, 2026. ECF No. 116 (Scheduling Order). Regardless of whether this Court analyzes Plaintiffs' proposed discovery under record supplementation or Rule 26 principles, Plaintiffs' proposed discovery—with the exception of the discovery topics Defendants proposed in Exhibit E—should be disallowed.

First, because this case arises under the Administrative Procedure Act (APA), Plaintiffs' proposed discovery must be viewed as a request to supplement the administrative record Defendants have already produced. Discovery to supplement the administrative record must

[1] During the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) constitutional claims and (2) the 90-Day Guidance. ECF No. 110 at 19:9-24.

ultimately be "necessary" to allow the Court to review the final agency action at issue. *Ruskai v. Pistole,* 775 F.3d 61, 66 (1st Cir. 2014) (listing exceptions to the record rule making supplementation necessary). At present, this Court has determined discovery beyond the administrative record is only necessary on two narrow topics. Conversely, much of Plaintiffs' proposed discovery are irrelevant to these topics and, in any event, unnecessary to resolve Plaintiffs' constitutional claims.

Second, even under ordinary Rule 26 discovery principles, the majority of Plaintiffs' proposed discovery should be disallowed because it is unrelated to Plaintiffs' constitutional claims or USCIS's 90-day guidance on which this Court has ordered discovery, and is therefore disproportionately burdensome. This discovery is particularly disproportionate considering the Court's intention that the discovery be modest and completed in an expedited fashion, by September 15, 2026. *See also* ECF No. 110 at 13:15-19 ("So what I'd like to do is hear from both sides on your views on why the plaintiffs are *requesting some, what I take to be a modest amount of discovery* or proposing discovery deadlines…") (emphasis added). Therefore, under either standard, this Court should disallow much of Plaintiffs' proposed discovery.

Instead, Defendants request that the Court limit discovery to the scope proposed in Exhibit E. Defendants' proposal in Exhibit E includes both written discovery and topics for a Rule 30(b)(6) deposition. The scope of discovery proposed in Exhibit E is more than sufficient to provide this Court with the information it needs to resolve the claims before it. Alternatively, Defendants ask the Court to clarify the scope of discovery that will be permitted in this case.

Defendants have attempted to confer with Plaintiffs to narrow the scope of their discovery requests. After email correspondence and a videoconference, Plaintiffs have refused to limit any of their requests. Plaintiffs have also refused to negotiate a stipulated protective order that would

allow the efficient exchange of confidential information which is a standard prerequisite to the production of any discovery. *See* ECF No. 134. Without a ruling from this Court, the Parties will be unable to efficiently proceed with discovery. Accordingly, Defendants also request that this Court briefly stay discovery until it rules on this motion. Staying discovery until the Court rules on this motion will preserve the parties and this Court's resources by obviating the need for additional motions practice regarding this discovery.

## BACKGROUND

This case presents programmatic challenges to USCIS policies. Specifically, Plaintiffs allege Policy Alert 2025-26 and PM-602-0192 and PM-602-0194 are *ultra vires*, violative of the Administrative Procedure Act (5 U.S.C. §§ 553, 706(2)(A), 706(C), and violative of the due process and equal protection clauses of the Fifth Amendment. ECF No. 7 (Amended Complaint); *see also Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-ADB, ECF No. 1. On April 21, 2026, Defendants produced an administrative record which included the challenged policies themselves, the Executive Orders and Presidential Proclamations on which they challenged policies are based, relevant press releases, and relevant provisions of the USCIS Policy Manual. *See* ECF No. 78. During the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) Plaintiffs' constitutional claims and (2) the 90-day guidance noted in the aforementioned policies. ECF No. 110 at 19:9-24. Per this Court's scheduling order, fact discovery closes on September 15, 2026. ECF No. 116.

On July 14, 2026, Plaintiffs served written discovery requests on Defendants seeking various documents and information on topics outside of the limited scope of discovery in this matter. For example, Plaintiffs have sought information on the Government's compliance with this Court's preliminary injunction (PI) orders, compliance with orders entered by the District of Rhode

Island, and made requests which appear on their face untethered to the constitutional claims or 90-day guidance. *See* Ex. A (Defendants' Responses to Plaintiffs' First Set of Requests for Production of Documents); Ex. B (Defendants' Responses to Plaintiffs' First Set of Requests for Admission); Ex. C (Defendants' Responses to Plaintiffs' First Set of Interrogatories). Similarly, Plaintiffs notified Defendants of their intent to depose eight USCIS officials and conduct a Rule 30(b)(6) deposition. *See* Ex. F. Plaintiffs have proposed forty-one topics (including sub-topics) for the Rule 30(b)(6) deposition. *See* Ex. D. With limited exceptions, the topics proposed by Plaintiffs are also outside the limited scope of discovery ordered by this Court. *See* Ex. D; ECF No. 110 at 19:9-24.

## STANDARD OF REVIEW

### A. Review Under the Administrative Procedure Act

Under the APA, courts review whether an agency action "was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). "In applying that standard, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142 (1973). Discovery does not become available in an APA case simply because plaintiffs enrobe their complaint in constitutional garb; instead, the due process claim is folded into the APA cause of action. *See Ruskai v. Pistole,* 775 F.3d 61, 65-66 (1st Cir. 2014) (reviewing a claim that the TSA violated the Fourth Amendment using the administrative record); *see also Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017) ("where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate"); *Moralez v. Perdue*, 2017 WL 2264855, at *3 (E.D. Cal. May 24, 2017) ("A plaintiff cannot skirt the administrative record rule by alleging

constitutional violations within the administrative review process. This bootstrap argument does not broaden the review from that of the administrative record to evidence outside the record.").

While the existence of a constitutional claim does not *automatically* entitle a plaintiff to extra-record discovery, there are limited situations where supplementation of the record may be appropriate. *Town of Winthrop v. F.A.A.,* 535 F.3d 1, 14 (1st Cir. 2008) ("Supplementing the administrative record on judicial review is…the exception, not the rule, and is discretionary with the reviewing court."). The exceptions to the record rule stem from the principle that there should be enough information in the record so as not to "frustrate effective judicial review." *Camp,* 411 U.S. at 142-43; *Ruskai,* 775 F.3d at 66 (describing exceptions). Supplementation may be appropriate "(1) when *necessary* to determine whether the agency considered all relevant factors in making its decision; (2) when the agency has relied on extra-record materials; (3) when *necessary* to explain technical terms or complex subject matter; or (4) when the agency has acted in bad faith." *Ruskai,* 775 F.3d at 66 (emphasis added).

**B. Rule 26**

Rule 26(c) of the Federal Rules of Civil Procedure provides this Court with discretion to issue protective orders limiting the extent and manner of discovery for good cause shown. *See* Fed.R.Civ.P. 26(c)(1). "[T]he party seeking a protective order bears the burden of establishing good cause and a specific need for protection." *Autoridad de Carreteras y Transportacion v. Transcore Atl., Inc.,* 319 F.R.D. 422, 437 (D.P.R. 2016). Good cause must be based upon "a particular factual demonstration of potential harm, not on conclusory statements." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986).

The party seeking to quash a subpoena bears "the burden of demonstrating that compliance would result in an undue burden, while the subpoenaing party must sustain the burden of

establishing that the requested information is relevant and proportional to the claims/defenses in the case." *Euell v. Rhode Island*, No. CV 22-101-MRD-PAS, 2026 WL 309605, at *2 (D.R.I. Feb. 5, 2026). Federal Rule of Civil Procedure 26(b)(2)(C), requires courts to limit discovery requests which are either outside the scope permitted by Rule 26(b)(1), or which are "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Indeed, courts have observed that discovery "cannot be used as a fishing expedition to pursue merely speculative inquiries." *Euell*, 2026 WL 309605, at *2 (citing *Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, Ltd.*, 333 F.3d 38, 41 (1st Cir. 2003). Courts have a duty to enforce Rule 26 by denying disproportionate and abusive discovery and to ensure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; Fed. R. Civ. P. 26(b)(1), Advisory Comm. Notes (2015).

## ARGUMENT

As noted *supra*, during the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) constitutional claims and (2) the 90-day Guidance. ECF No. 110 at 19:9-24. Plaintiffs' proposed discovery far exceeds this scope and is inappropriate under both the record supplementation rule and Rule 26. This Court should also stay discovery pending resolution of this motion to preserve the Parties' and this Court's resources.

### 1. The majority of Plaintiffs' discovery is unnecessary for effective judicial review of Plaintiffs' claims.

Plaintiffs' claims—even those on which this Court ordered discovery—are appropriately analyzed under the APA and the administrative record. *See Ruskai v. Pistole,* 775 F.3d at 65-66 (analyzing plaintiff's constitutional claim under the APA's "contrary to law" provision); *see also, Ursack, Inc. v. Sierra Interagency Black Bear Group*, 639 F.3d 949, 955 (9th Cir. 2011) (folding plaintiff's constitutional claims into his APA claim). Plaintiffs' constitutional claims do not

exempt them from the APA record rule. *See Ruskai v. Pistole,* 775 F.3d at 65-66. Indeed, Plaintiffs concede that the record rule and rules regarding supplementation of the record apply. ECF No. 110 at 14:11-17 ("As it relates to why I believe we need *limited discovery in this case to supplement the certified administrative record*. . .") (emphasis added). Similarly, this Court noted that while not all constitutional claims will require fact development, some (like the equal protection claim here) do. *Id.* at 16:8-18; *see also Ruskiai,* 775 F.3d at 65-66 (discussing supplementation of the record in the context of an "unusual" constitutional claim). Therefore, the Parties and this Court appear to agree that any discovery allowed in this case must be pursuant to the rules governing supplementation of the administrative record. Accordingly, to the extent Plaintiffs seek to expand the scope of discovery beyond the topics this Court on which this Court has already authorized discovery, Plaintiffs must demonstrate that discovery is necessary or that it otherwise falls within one of the recognized exceptions to the record rule. *See Ruskai v. Pistole,* 775 F.3d at 65-66. They cannot.

For example, and beginning with Plaintiffs' requests for production, Request for Production 18 seeks information related to Count III of the Complaint—that the challenged policies are allegedly arbitrary and capricious. Plaintiffs' Count III states, "Defendants failed to consider reliance interests, statutory mandates, or less restrictive alternatives such as individualized background checks." ECF No. 7, ¶78. Request for Production 18 directly relates to that count by seeking "[a]ll documents reflecting any consideration by USCIS of the reliance interests of applicants affected by the Hold, including applicants with pending applications filed before the Challenged Policies issued." *See* Ex. A. Next, Plaintiffs seek information related to compliance with *other* court orders not relevant to this case, which post-date the challenged policies and which are not within the scope of discovery authorized by the Court. Request for

Production 25 seeks "[a]ll documents reflecting the work described at paragraph 7 of the June 12, 2026 Alfonso-Royals Declaration in *Dorcas* (No. 26-cv-132, D.R.I., ECF 41-1) to ensure that USCIS Systems do not impose limitations or requirements based on the Challenged Policies." *See* Ex. A. Requests for Production 13, 15, 16, 18, 19, 20, 21, 22, 23, 24, 26, 28, 29, 31, and 34 are similarly objectionable because they exceed the scope of the discovery authorized by this Court. *See* Ex. A. The same is true of much of Plaintiffs' requests for admissions (*see* Ex. B, Requests 4, 5, 6, 12, 13, 14, 15, 16) and interrogatories (*see* Ex. C, Requests 5, 7, 8 10, 11, 12, 13, 14, 15). These requests are beyond the scope because they do not relate to Plaintiffs' constitutional claims nor the 90-day guidance. Plaintiffs cannot demonstrate that these requests, in light of the administrative record already produced, are necessary to resolving their claims before this Court. Accordingly, this Court should limit the written discovery consistent with the proposed scope in Exhibit E.

Second, Plaintiffs' Rule 30(b)(6) topics are also beyond the scope of the limited discovery in this case, and therefore unnecessary to resolve the claims before the Court. For example, Topics 18 and 19 seek deposition testimony regarding the Government's compliance with the Court's PI in this matter or with another court's order in a separate case (and in another district). *See* Ex. D. With the exception of the topics Defendants listed in Exhibit E, Plaintiffs' remaining topics (and subtopics) are similarly objectionable. *See infra* at 12 (explaining the topics are aimed at obtaining information related to Plaintiff's core APA claims (Counts I-IV) or seek information about the completeness or accuracy of the CAR).

Finally, Plaintiffs cannot show that eight depositions of high-ranking government officials fall within the scope of discovery authorized by this Court. As this Court has noted, this discovery was intended to be *modest.* ECF No. 110 at 19:9–10 ("I am going to allow *some* discovery beyond

the scope of the administrative record.") (emphasis added); *id.* at 13:15-19 ("So what I'd like to do is hear from both sides on your views on why the plaintiffs are *requesting some, what I take to be a modest amount of discovery* or proposing discovery deadlines…") (emphasis added). Taking the depositions of eight high ranking USCIS officials including the Director, Deputy Director, and former Deputy Director is antithetical to the idea of *modest* discovery. Nor, as discussed *infra* at 10–11, is it appropriate to depose such high-ranking officials. The Court should disallow these depositions as well.

Because Plaintiffs seek discovery beyond the scope of record supplementation this Court has deemed appropriate, Plaintiff must show that this discovery is otherwise *necessary* to resolve their claims before this Court. They cannot, as this Court has already intimated. This Court has already denied Plaintiffs' motions to enforce the PI and did not order discovery into PI compliance (*see* ECF No. 117). Moreover, compliance with court orders in other cases have nothing to do with this case, and Plaintiffs' claim that USCIS acted arbitrarily and capriciously is already addressed in the administrative record. Plaintiffs have no basis for seeking broad discovery outside the scope of the two topics on which this Court has permitted discovery. And, in any event, their proposed discovery appears inconsistent with their own representation that the discovery will the "limited" and mostly related to the 90-day guidance. ECF No. 110 at 14–15. The Court should limit the scope of discovery to that proposed in Exhibit E, which is consistent with the two topics on which this Court has authorized discovery.

**2. Plaintiffs' Proposed Discovery Is Unreasonably Cumulative, Duplicative, and Disproportionate to the Needs of this Limited Discovery.**

Even if this Court applies Rule 26 principles, rather than the APA record rule, to the discovery Plaintiffs have proposed in this case, Plaintiffs' proposed discovery should still be

disallowed. Plaintiffs' proposed discovery is unreasonably cumulative, duplicative, and disproportionate to the needs of the case.[2]

First, the Court should quash Plaintiffs' proposed depositions of eight, high-ranking agency officials, including the Director, Deputy Director, former Deputy Director of USCIS, and various office Chiefs, Acting Chiefs, or former Chiefs at USCIS offices. *See* Ex. F. As an initial matter, Plaintiffs' eight fact-witness depositions are improper because they seek to depose high-ranking officials and are, in any case, disproportionate to the needs of this limited discovery. "[T]he Supreme Court indicated that the practice of calling high ranking government officials as witnesses should be discouraged." *Bogan v. City of Bos.*, 489 F.3d 417, 423 (1st Cir. 2007) (discussing *U.S. v. Morgan*, 313 U.S. 409, 422 (1941)). The rule "that that top executive department officials" should not be deposed absent extraordinary circumstances "is based on the notion that '[h]igh ranking government officials have greater duties and time constraints than other witnesses' and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Id.* (quoting *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993)). Here, Plaintiffs are seeking to depose the Director of USCIS, the Deputy Director of USCIS, the former Deputy Director of USCIS, and various office Chiefs, Acting Chiefs, or former Chiefs. *See* Ex. F. Permitting such depositions would cause significant

[2] When the Government proposed a discovery timeline in this matter (ECF No. 109), it did so with the expectation that the discovery in this case would be limited in scope due, in large part, to the fact that Plaintiffs' proposed timeline for completed discovery was only 31 days. *See* ECF No. 109. Plaintiffs' proposed discovery neither aligns with Defendants' understanding of what the Court permitted, nor is it capable of completion under the timeline on which this Court has ordered limited discovery. ECF No. 110 at 19:9-24. In other words, when the abbreviated discovery timeline was established, the Government did not anticipate, nor should it have been expected to anticipate, three sets of written discovery requests, a Rule 30(b)(6) deposition spanning 41 topic areas, and eight depositions of high-ranking government officials.

operational burdens on the agency, Plaintiffs cannot demonstrate a need for such depositions, and therefore they should be disallowed.

Indeed, Plaintiffs have not provided any rational reason, let alone need, to depose such high-ranking government officials in this limited, expedited discovery, and certainly cannot attempt to do so before taking a Rule 30(b)(6) deposition. *Bogan,* 489 F.3d at 423 ("Depositions of high-ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated. However, even in such cases discovery is permitted only where it is shown that other persons cannot provide the necessary information.") (internal citations omitted). A Rule 30(b)(6) deposition—not a deposition of agency leadership—is sufficient for the limited discovery in this case. Accordingly, this Court should disallow Plaintiffs' proposal to take eight fact depositions of high ranking USCIS officials.

Second, Plaintiffs' proposed written discovery, with limited exceptions, is likewise unduly burdensome and disproportionate to the needs of this case. As discussed *supra* at 6–9, Plaintiffs seek information far beyond what is necessary to litigate their constitutional claims or to resolve questions regarding the 90-day guidance. For example, Requests for Production 13 and 15 seek "[a]ll documents reflecting any alternatives to the Hold that were proposed, considered, or rejected, and the reasons" and "[a]ll documents reflecting the sequence of events, deliberations, or decisions leading to the issuance of each of the Challenged Policies." *Id.* Neither topic has any bearing on this Court's resolution of Plaintiffs' constitutional claims nor the 90-day guidance. These requests relate instead to Plaintiffs' core APA claims (Counts I–IV) on which Defendants have already produced an administrative record. Therefore, this Court should disallow any requests that are beyond the scope of discovery Defendants propose in Exhibit E.

Finally, many of Plaintiffs' forty-one Rule 30(b)(6) topics are likewise disproportionate to the needs of this limited discovery. Defendants' objections to Rule 30(b)(6) testimony on these topics fall into three categories: (1) the topic is outside the scope of discovery because it seeks information about compliance with this Court's preliminary injunctions or the Government's compliance with a separate district court's order in an unrelated case; (2) the topic is aimed at obtaining information related to Plaintiff's core APA claims (Counts I-IV) which is beyond the discovery permitted by the Court; (3) the topic seeks information about the completeness or accuracy of the CAR. The following topics illustrate these objections.

First, as discussed *supra* at 8, Topics 18 and 19 concern "USCIS's compliance with and implementation of the Preliminary Injunction, and any resulting change to the Challenged Policies" and "USCIS's implementation of the Dorcas Vacatur and any resulting lift, resumption, reinstatement, or continuation of the Challenged Policies[.]" *Id.* Neither of these topics relate to Plaintiffs' constitutional claims or the 90-day guidance.

Next, Topic 2 relates to "[t]he development, drafting, review, clearance, approval, and issuance of the November, December, and January Memoranda, including the identity and role of each person who authored, contributed to, approved, or directed the issuance of each Memorandum, and the timing of each step." *Id.* This topic is outside the scope of discovery, is unduly burdensome, and plainly seeks privileged information. *See also id.* (Topics 1, 3, 9). Specifically, this topic relates to Plaintiffs' core APA claims (Counts I-IV) and therefore is unduly burdensome because Defendants have already produced an administrative record addressing these claims. Additionally, any information about the internal deliberations involved in the development, drafting, review, clearance of the challenged policies would be protected by the deliberative process privilege and, potentially, the attorney-client and attorney work product

privileges. And, this information—the identities of individuals or the timing of various steps in the policymaking process—have no relevance to Plaintiffs' constitutional claims or 90-day guidance.

Finally, Topic 10 seeks "[t]he rationale USCIS has stated for the Challenged Policies and the connection between that rationale and the Policies." *Id.* This topic, and Topics 11–17, seek justifications for the policies themselves. *See id.* But this information is again already contained in the CAR and go to Plaintiffs' core APA claims (Counts I-IV) on which this Court has not authorized discovery. These topics are most accurately described as seeking information about the completeness or accuracy of the CAR. But Plaintiffs have not filed a motion nor made a "'strong showing of bad faith or improper behavior' by the agency" nor have Plaintiffs presented any evidence to suggest that the CAR is incomplete and requires supplementation on that basis. *Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2024 WL 5198705, at *2 (D. Mass. Oct. 2, 2024) (quoting *Town of Winthrop v. FAA*, 535 F.3d 1, 14 (2008). And again, these topics do not relate to (1) Plaintiffs' constitutional claims nor (2) the 90-Day Guidance. Accordingly, Defendants respectfully request that the Court limit discovery to the scope proposed in Exhibit E.

**3. The Court Should Stay Discovery Pending Resolution of This Motion.**

Defendants respectfully request that this Court stay discovery while the Court resolves this motion. The Parties are unfortunately at a significant impasse regarding the scope of discovery allowed by this Court. Proceeding with discovery before the resolution of this motion will inevitably result in multiple motions including individual motions to compel and motions for protective orders. Moreover, due to the scope of the Parties' disagreement—particularly concerning the depositions—it makes little practical sense to proceed with discovery absent a ruling from this Court. Defendants cannot begin to identify the appropriate Rule 30(b)(6) deponents unless the Parties' disagreement concerning the deposition topics is resolved.

Additionally, in light of these discovery disputes, Defendants cannot finalize custodians for document production without clarification from the Court on the scope of discovery.

**CONCLUSION**

Defendants understand that the Court has permitted *some* discovery outside of the administrative record in this case. However, this Court limited that discovery to Plaintiffs' constitutional claims and the 90-day guidance. The Court should quash, issue a protective order, or otherwise disallow the Plaintiff's proposed discovery that falls outside the scope of the discovery in Defendants' Exhibit E. Defendants propose that the pared-down discovery as provided in Exhibit E be completed within 45 days of the Court's order. Defendants' proposed scope of discovery is more than sufficient to allow this Court to resolve Plaintiffs' constitutional claims and questions regarding the 90-day guidance. Finally, Defendants ask the Court for a stay on discovery pending resolution of this motion. Such a stay is necessary given the parties' vastly differing view on the scope of this discovery.

DATED: August 19, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

MATTHEW SEAMON
Assistant Director

MARY LARAKERS
Senior Litigation Counsel

***/s/ Victoria Turcios***
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division

Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 7.1(a)(2) on August 13, 2026, counsel for Defendants conferred with Plaintiffs' counsel on the subjects addressed in this motion. The parties were unable to agree. Plaintiffs oppose this motion.

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: August 19, 2026

***/s/ Victoria Turcios***
VICTORIA TURCIOS