# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br><br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Federal Defendants hereby respond to Plaintiffs' First Set of Requests for Production of Documents ("RFPs") as follows:

**PRELIMINARY STATEMENT**

Defendants' Objections are based on the information known to Defendants at this time and are made without prejudice to assertion of additional objections should Defendants identify additional grounds for objection. Defendants reserve the right to supplement, clarify, revise, or correct any or all of its responses to Plaintiffs' Requests for Production. By answering these Requests for Production, Defendants do not waive, and specifically reserve, the right to assert any and all objections to the form of the questions asked and the admissibility of any such answers or any documents on any and all grounds, including, but not limited to, competency, relevance, materiality, and privilege. Furthermore, Defendants answer herein without, in any manner, admitting or implying that Plaintiffs' Requests for Production (or Defendants' responses) are relevant to any party's claim or defense and proportionate to the needs of the case.

//

//

## OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. "Defendants object to the extent that any instructions or definitions go beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.

2. Defendants object to Plaintiffs' Definition of "USCIS Systems[,]" as defined in the instructions in Plaintiffs' First Set of Requests for Production because "USCIS Systems" is overbroad. Plaintiffs' definition of "USCIS Systems" includes "any electronic system used by USCIS to receive, track, route, flag, hold, or adjudicate applications[.]" As defined, "USCIS Systems" encompasses systems which are irrelevant to this litigation and would include substantial irrelevant and privileged material.

## GENERAL OBJECTIONS TO ALL REQUESTS

Defendants assert and incorporate by reference the following objections to Plaintiffs' RFPs as though they were set forth in full in each response:

1. Defendants object to the RFPs to the extent that they purport to impose obligations other than ones that are imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Massachusetts, or an order of the Court.

2. Defendants object to the RFPs to the extent that they seek: (a) attorney work product, trial preparation materials, or communications that are protected by the attorney-client privilege, (b) documents that are protected by the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, the investigation files privilege, executive privilege, and the official information privilege; (c) documents that, if produced, would violate the

legitimate privacy interests and expectations of persons who are not party to this litigation; or (d) documents to which any other privilege applies.

3. Defendants object to the RFPs to the extent that they require Defendants to conduct an unduly burdensome and disproportionate search for documents. Defendants further object to the extent that the RFPs request documents that are publicly available, that are in the custody or control of Plaintiffs, that are readily accessible to Plaintiffs, or that Plaintiffs otherwise can obtain with minimal burden. *See* Fed. R. Civ. P. 26(b)(2)(C)(i). Defendants further object to the extent that the RFPs are not reasonably limited in time or scope.

4. Defendants object to the extent the requests purport to require the disclosure of information in the possession, custody or control of entities other than Defendants, Fed. R. Civ. P. 34, or seek information that can and should be sought from another entity.

5. Defendants object to the RFPs to the extent that they seek information or documents from non-party agencies and do not comply with such agencies' Touhy regulations. *See* 22 C.F.R. part 172; 28 C.F.R. §§ 16.21–.26; 30 C.F.R. part 516, app'x C; 32 C.F.R. part 1703. Defendants further object to the RFPs to the extent they require the disclosure of information in the possession, custody, or control of entities other than properly named Defendants on the grounds that such discovery is beyond the scope of Fed. R. Civ. P. 34 and other applicable law.

6. Defendants further object to the extent that the RFPs that seek documents which are not "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount

in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, [or where] the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

7. Defendants object to the RFPs to the extent they seek documents outside the limited scope of discovery permitted in this matter: Plaintiffs' constitutional claims and the "90-Day Guidance." ECF No. 110 at 19:9-24. Defendants object to any RFPs that seek documents beyond this limited scope as overbroad, burdensome, and not proportional to the permitted discovery allowed in this case.

8. Defendants also object to the extent that Plaintiffs' requests for production seek information protected from disclosure under the Privacy Act, 5 U.S.C. § 552(a), Federal Rule of Civil Procedure 26(b)(3)(A), or under regulations preventing disclosure of specific alien information. Inadvertent disclosure of privileged information is not intended to be, and may not be construed as, a waiver of any applicable privilege.

9. Each and every response incorporates the above objections, regardless of whether a specific objection is reasserted in respect to a specific RFP.

10. Defendants reserve the right to assert additional responses and objections at a later time in the event that Defendants discover additional grounds for objections, in accordance with Federal Rule of Civil Procedure 26(e).

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** All documents constituting, comprising, or reflecting the 90-Day Guidance, in any draft or final form.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** Defendants object to this Request as overly broad, vague, and ambiguous, because "constituting, comprising, or reflecting" is poorly defined to include a wide array of potential documents. The 90-Day Guidance has not been issued by Defendants. Accordingly, Defendants also object to this Request in that it seeks draft documents of the 90-Day Guidance, which are protected by the deliberative process privilege. Defendants also object to this request to the extent that the Request seeks documents which may be covered by attorney-client privilege and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 2:** All documents reflecting the drafting, development, review, clearance, or approval of the 90-Day Guidance, including drafts and internal edits.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** Defendants object to this Request as overly broad, and unduly burdensome, because "drafting, development, review, clearance, or approval" is poorly defined to include a wide array of potential documents. The 90-Day Guidance has not been issued by Defendants. Accordingly, Defendants also object to this Request in that it seeks draft documents of the 90-Day Guidance, which are protected by the deliberative process privilege. Defendants also object to this request to the extent that the Request seeks documents which may be covered by attorney-client privilege and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 3</u>:** All Communications concerning the timing, scheduling, delay, deferral, or non-issuance of the 90-Day Guidance.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 3</u>:** The 90-Day Guidance has not been issued by Defendants. Accordingly, Defendants object to this Request in that it seeks draft documents of the 90-Day Guidance, which are protected by the deliberative process privilege. Defendants also object to this request to the extent that the Request seeks documents which may be covered by the attorney-client privilege and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 4</u>:** All documents identifying the persons responsible for preparing, reviewing, or approving the 90-Day Guidance.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:** Defendants object to this Request as overly burdensome and not proportional to the needs of this case because identifying every document that could be construed as "identifying the persons responsible for preparing, reviewing, or approving the 90-Day Guidance," however tangentially or indirectly, would require an inordinately burdensome and time-consuming search of agency employee emails and other electronic databases. Defendants also object to this request to the extent that the Request seeks documents which may be covered by the deliberative process privilege, attorney-client privilege, attorney work product privilege, and the law enforcement privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 5:** All documents reflecting any decision to delay, defer, suspend, or not issue the 90-Day Guidance, and the reasons for that decision.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:** The 90-Day Guidance has not been issued by Defendants. Accordingly, Defendants object to this Request in that it seeks draft documents of the 90-Day Guidance, which are protected by the deliberative process privilege. Defendants also object to this request to the extent that the Request seeks documents which may be covered by attorney-client privilege and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 6:** All documents reflecting internal deadlines, milestones, or calendars for the 90-Day Guidance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:** The 90-Day Guidance has not been issued by Defendants. Accordingly, Defendants object to this Request to the extent that it seeks draft documents of the 90-Day Guidance that are protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 7:** All documents reflecting the analyses the 90-Day Guidance was to perform or incorporate, including any risk-factor analysis, country-conditions assessment, or vetting review referenced in the Challenged Policies or in the Declaration of Andrew Good (ECF 49-1).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 7</u>:** The 90-Day Guidance has not been issued by Defendants. Defendants object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, attorney work product privilege, and the law enforcement privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:** All Communications between USCIS and any other component of DHS, or the Department of State, concerning the content, timing, or status of the 90-Day Guidance.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 8</u>:** Defendants object to this Request in that it seeks documents protected by the deliberative process privilege. Defendants also object to this Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product privilege. Defendants further object to this Request in that it seeks information or documents in the possession, custody, or control of entities or persons other than Defendants. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 9</u>:** All documents reflecting the basis for, or the criteria or methodology used in, selecting the Designated Countries.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 9</u>:** Defendants object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants further object to this Request in that it

seeks information or documents in the possession, custody, or control of entities or persons other than Defendants. Defendants additionally object to this request because this Request seeks information already in Plaintiffs' possession. The "basis for, or the criteria or methodology used in, selecting the Designated Countries is available in the Certified Administrative Record ("CAR"), in Executive Order 14161, and Proclamation 10949. *See* ECF No. 78 at 20-31. Defendants stand on their objections and will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 10:** All documents reflecting any consideration of nationality, national origin, religion, ethnicity, or race in the formulation or application of the Challenged Policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:** Defendants object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants also object to this request on the grounds that it is overbroad, vague, unduly burdensome, and disproportional to the needs of the case; identifying every document that could be construed as "reflecting any consideration of nationality, national origin, religion, ethnicity, or race in the formulation or application of the Challenged Policies" however tangentially or indirectly, would require an inordinately burdensome and time-consuming search of agency employee emails and other electronic databases. Defendants further object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants also object to this request because this Request seeks information already in Plaintiffs' possession. The Challenged Policies were formulated or applied based on the criteria outlined in Executive Order 14161 and

Proclamation 10949, which are contained in the CAR. *See* ECF No. 78 at 20-31. Defendants stand on their objections and will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:** All documents reflecting the justification for applying the Hold on the basis of the Country-of-Birth Criterion.

**<u>REQUEST FOR PRODUCTION NO. 11</u>:** Defendants object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants further object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants additionally object to this request because this Request seeks documents already in Plaintiffs' possession. The "justification for applying" the Challenged Policies is contained within the Challenged Policies themselves—Executive Order 14161 and Presidential Proclamation 10949, which are contained in the CAR. *See* ECF No. 78 at 20-31. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 12</u>:** All documents reflecting the relationship, or fit, between the stated justification for the Challenged Policies and the application of the Hold to the domestic adjudication of applications filed by persons already admitted to or present in the United States.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:** Defendants object to this Request as broad, vague, or ambiguous in that the phrase "relationship, or fit" is unclear and not defined. Defendants also object to this Request because it is overbroad, unduly burdensome,

disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants further object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants additionally object to this request to the extent that it seeks documents already in Plaintiffs' possession. The "justification" sought in this Request is contained within the Challenged Policies themselves—PM-602-0192, PM-602-0194, and PA 2025-26, which are contained in the CAR. *See* ECF No. 78 at 6-9, 142-43, 255-59. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 13:** All documents reflecting any alternatives to the Hold that were proposed, considered, or rejected, and the reasons.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Defendants object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this Request as overly burdensome and not proportional to the needs of this case because identifying every document that could be construed as "reflecting any alternatives to the Hold that were proposed, considered, or rejected, and the reasons" would require a highly burdensome and time-consuming search of agency employee emails and other electronic databases. Defendants also object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to

identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 14:** All documents reflecting the decision to apply the Hold to applications for asylum or to all asylum applicants.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Defendants object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants also object to this request because this Request seeks documents already in Plaintiffs' possession. The "documents reflecting the decision to apply the Hold to applications for asylum or to all asylum applicants" is contained in the CAR. Specifically, this information is contained in PM 602-0192 (ECF No. 78 at 6-9) and the November 29, 2025 Memorandum (ECF No. 78 at 10-13). Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 15:** All documents reflecting the sequence of events, deliberations, or decisions leading to the issuance of each of the Challenged Policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Defendants object to this Request in that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants also object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in

this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this request because this Request seeks documents already in Plaintiffs' possession. The "documents reflecting the sequence of events, deliberations, or decisions leading to the issuance of each of the Challenged Policies" is contained within the CAR. *See* ECF No. 78 at 32-37. Defendants do not otherwise possess, and will not produce, any additional non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 16:** All documents reflecting any departure from, or deviation from, USCIS's ordinary adjudicative procedures, standards, or sequence occasioned by the Challenged Policies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Defendants object to this Request as overly broad, and unduly burdensome, because "ordinary adjudicative procedures, standards, or sequence" is poorly defined to include a wide array of documents. Defendants also object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants further object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants additionally object to this Request in that it seeks documents already in Plaintiffs' possession. *See* ECF No. 78 at 38-60. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 17:** All documents reflecting the actual or anticipated differential treatment, by nationality or country of birth, of applications subject to the Hold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Defendants object to this Request as overbroad, vague, unduly burdensome, and not proportional to the needs of this case because identifying every document that could be construed as "reflecting the actual or anticipated differential treatment, by nationality or country of birth, of applications subject to the Hold" would require an inordinately burdensome and time-consuming search of agency employee emails and other electronic databases. Defendants further object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants also object to this Request as broad, vague, or ambiguous in that the phrase "treatment" is unclear and not defined. Defendants additionally object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 18:** All documents reflecting any consideration by USCIS of the reliance interests of applicants affected by the Hold, including applicants with pending applications filed before the Challenged Policies issued.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Defendants object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants also object to this request as overly broad, unduly burdensome, vague, and ambiguous as the phrase "reliance interests" is unclear and not defined.

Defendants additionally object to this Request to the extent that the Request seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 19:** All documents reflecting any consideration of the effects of the Hold on applicants' employment authorization, ability to travel, eligibility deadlines, or status, occasioned by the suspension of adjudication.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Defendants object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants also object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants additionally object to this Request because it is duplicative of RFP 18 and is therefore not tailored with reasonable particularity and not proportional to the needs of the case. Defendants additionally object in that this Request seeks documents already in Plaintiffs' possession. ECF No. 78 at 8. Defendants stand on their objections and will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 20</u>:** All documents reflecting any consideration of the settled expectations of applicants whose applications were pending when the Challenged Policies issued.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 20</u>:** Defendants object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants also object to this Request as overly broad, unduly burdensome, vague, and ambiguous because the phrase "settled expectations" is unclear and undefined. Defendants further object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants additionally object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants also object to this Request because it is duplicative of RFPs 18–19 and is therefore not tailored with reasonable particularity and not proportional to the needs of the case. Defendants further object to this Request to the extent that it seeks documents already in Plaintiffs' possession. ECF No. 78 at 152. Defendants stand on their objections and will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 21</u>:** All documents constituting or reflecting the guidance, referenced at paragraph 6 of the Alfonso-Royals Declaration (ECF 112-1), that the Hold "could not be applied" to the Named Plaintiffs and that their applications be processed in the ordinary course.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 21</u>:** Defendants object to this Request because it seeks discovery into matters outside of the limited scope of discovery the Court has

permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants stand on their objections and will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 22:** All documents constituting or reflecting the notification to USCIS operations referenced at paragraph 5 of the Alfonso-Royals Declaration (ECF 112-1).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Defendants object to this Request because it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants stand on their objections and will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 23:** All documents reflecting the internal process for requesting and approving the lifting of holds described at paragraph 8 of the Good Declaration (ECF 49-1), including its standards, criteria, and required approvals.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Defendants object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants also object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, attorney work product privilege, and law enforcement privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 24</u>:** All documents reflecting each instance in which that hold-lifting process was invoked, and the disposition, including the categories of applications for which holds were lifted.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 24</u>:** Defendants object to this request as overly broad, unduly burdensome, vague, and ambiguous as the terms "instance" and "invoked" are unclear and not defined. Defendants also object to this Request in that it is not stated with reasonable particularity because it refers only to a previous request (RFP 23) and does not identify documents or categories independently. Defendants further object to this Request as overbroad, overly burdensome, and not proportional to the needs of this case because identifying every document construed as "reflecting each instance in which that hold-lifting process was invoked, and the disposition, including the categories of applications for which holds were lifted" would require an inordinately burdensome and time-consuming search of agency employee emails and other electronic databases. Defendants additionally object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants further object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants also object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, attorney work product privilege, and law enforcement privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 25</u>:** All documents reflecting the work described at paragraph 7 of the June 12, 2026 Alfonso-Royals Declaration in *Dorcas* (No. 26-cv-132, D.R.I., ECF 41-1) to ensure that USCIS Systems do not impose limitations or requirements based on the Challenged Policies.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 25</u>:** Defendants object to this Request because it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants stand on their objections and will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 26</u>:** All documents reflecting whether, when, and how the Hold was cleared, removed, or disabled within each USCIS System as to each Named Plaintiff.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 26</u>:** Defendants object to this Request because it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants stand on their objections and will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 27</u>:** All scripts, templates, training materials, and guidance provided to USCIS contact-center, customer-service, or chatbot personnel or systems concerning the Hold or its status.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 27</u>:** Defendants object to this Request because it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-

24. Defendants stand on their objections and will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 28:** All documents reflecting the basis for Defendants' acknowledgment that USCIS representatives conveyed inaccurate information to applicants concerning the Hold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:** Defendants object to this Request because it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants stand on their objections and will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 29:** All documents reflecting any USCIS System functionality that flags, routes, or holds applications by reference to the Country-of-Birth Criterion.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:** Defendants object to this request as overly broad, unduly burdensome, vague, and ambiguous as the phrase "USCIS System functionality" is unclear and not defined. Defendants further object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants additionally object to this Request because it is overbroad, unduly burdensome, disproportional to the needs of the case, and outside the scope of discovery to the extent that the Request seeks documents related to applicants other than the Plaintiffs in this case. Defendants stand on their objections and will not produce documents in response to this request.

**REQUEST FOR PRODUCTION NO. 30:** All documents directly or indirectly considered by the decisionmakers in adopting each of the Challenged Policies.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 30</u>:** Defendants object to this Request as overly broad, and unduly burdensome, because "directly or indirectly considered" is poorly defined to include a wide array of potential documents. Defendants also object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, and attorney work product privilege. Defendants further object to this request to the extent that the Request seeks documents already in Plaintiffs' possession. These documents are available in the CAR. *See* ECF No. 78 at 20-37, 275-287. Defendants stand on their objections and will not produce documents in response to this request.

**<u>REQUEST FOR PRODUCTION NO. 31</u>:** All documents reflecting materials that were before the agency but omitted from the certified administrative record (ECF 78).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 31</u>:** Defendants object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants also object to this Request as overly broad and unduly burdensome, because "reflecting materials that were before the agency" is poorly defined to include a wide array of potential documents. Defendants also object to this Request to the extent that it seeks documents protected by the deliberative process privilege, attorney-client privilege, attorney work product privilege, and law enforcement privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 32</u>:** All documents constituting or reflecting the "enhanced vetting plan" referenced at paragraph 10 of the Good Declaration (ECF 49-1).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 32</u>:** Defendants object to this Request in that it seeks documents protected by the deliberative process privilege and law enforcement privilege. Defendants also object to this Request to the extent that it seeks documents protected by the attorney-client privilege and attorney work product privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 33</u>:** All documents constituting or reflecting the country-by-country information compiled as referenced at paragraph 9 of the Good Declaration (ECF 49-1).

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 33</u>:** Defendants object to this Request in that it seeks documents protected by the deliberative process privilege and law enforcement privilege. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**<u>REQUEST FOR PRODUCTION NO. 34</u>:** All documents related to the application of the Challenged Policies as they relate to the Named Plaintiffs.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 34</u>:** Defendants object to this Request to the extent that it seeks discovery into matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants also object to this request on the grounds that it is overbroad, vague, unduly burdensome, and disproportional to the needs of the case; identifying every document that could be construed as "related to the application of the Challenged Policies as they relate to the Named

Plaintiffs," however tangentially or indirectly, would require an inordinately burdensome and time-consuming search of agency employee emails and other electronic databases. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

**REQUEST FOR PRODUCTION NO. 35:** All documents related to the application of the Holds as they relate to the Named Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:** Defendants object to this Request in that it is not stated with reasonable particularity because it merely duplicates RFP 34 and does not identify any independent category of documents. Subject to and without waiving the foregoing objection, Defendants incorporate by reference and repeats its response to RFP 34, which fully addresses the documents sought by this Request. Defendants otherwise stand on their objections and will not produce additional documents in response to this request.

**REQUEST FOR PRODUCTION NO. 36:** All documents discussing Designated Countries as they relate to the Named Plaintiffs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:** Defendants object to this request on the grounds that it is overbroad, vague, unduly burdensome, and disproportional to the needs of the case. Identifying every document that could be construed as "discussing Designated Countries as they relate to the Named Plaintiffs," however tangentially or indirectly, would require an inordinately burdensome and time-consuming search of agency employee emails and other electronic databases. Subject to and without waiving the foregoing objections, Defendants are working to identify responsive documents and will produce any non-privileged, responsive documents after a reasonably diligent search subject to a protective order entered in this case.

DATED: August 13, 2026

Respectfully Submitted,

*/s/ Victoria Turcios*
VICTORIA TURCIOS
(MD Bar #1912180181)
*Trial Attorney*
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Benjamin Franklin Station
Washington, D.C. 20044
202-451-7661
Victoria.E.Turcios2@usdoj.gov

DREW C. ENSIGN
*Assistant Attorney General*
United States Department of Justice
Civil Division
Office of Immigration Litigation

MATTHEW SEAMON
*Assistant Director*
Office of Immigration Litigation

LUZ MARIA RESTREPO
*Senior Litigation Counsel*
Office of Immigration Litigation

EVE A. PIEMONTE
*Deputy Chief*
United States Department of Justice
United States Attorney's Office
Defensive Litigation Unit

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that a true copy of the above document was served on Plaintiffs through their attorneys of record by e-mail on August 13, 2026.

*/s/ Victoria Turcios*
Victoria Turcios
Trial Attorney
Office of Immigration Litigation