# EXHIBIT

# B

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br><br>*Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK |

**<u>DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS</u>**

Pursuant to Federal Rule of Civil Procedure 26 and 36, Defendants, in their official capacities, hereby submit initial objections to "Plaintiffs' First Set of Requests for Admission to Defendants," served on July 14, 2026 (hereinafter, "Requests"). Defendants' objections and responses are based on the information known to Defendants at this time and are made without prejudice to assertion of additional objections should Defendants identify additional grounds for objection. Defendants specifically reserve the right to amend, supplement, clarify, revise, or correct any or all of their responses to these Requests for Admissions under Rules 26(e) and 36(b). Defendants' responses are provided in accordance with Federal Rule of Civil Procedure 26(b)(1), which permits the discovery of any information, not privileged, that is both (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. By providing such information, Defendants do not waive, and specifically preserve, any objection to its admissibility on the grounds of relevance, materiality, or other appropriate ground.

**<u>OBJECTIONS TO DEFINITIONS</u>**

1. Defendants object to Plaintiffs' Definition of "USCIS Systems[,]" as defined in the instructions in Plaintiffs' First Set of Requests for Production because "USCIS Systems" is overbroad. Plaintiffs' definition of "USCIS Systems" includes "any electronic system

used by USCIS to receive, track, route, flag, hold, or adjudicate applications[.]" As defined, "USCIS Systems" encompasses systems which are irrelevant to this litigation and would include substantial irrelevant and privileged material.

## OBJECTIONS AS TO ALL REQUESTS

1. Defendants object to Plaintiffs' Requests for Admission to the extent that they are improper attempts to use requests for admission as discovery devices. *See, e.g., Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 206 (D. Md. 1985) ("Rule 36 is not a discovery tool in the truest sense, but, rather, is a procedure for obtaining admissions for the record of facts already known."); *Erie Ins. Prop. & Cas. Co. v. Johnson*, 272 F.R.D. 177, 184 (S.D.W. Va. 2010) (stating "requests for admission are intended to narrow the scope of issues for trial, not to lead to the discovery of admissible evidence.").
2. Defendants object to all Requests which are aimed at obtaining information regarding Defendants' compliance with the Court's preliminary injunctions (ECF Nos. 82, 87). During the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) constitutional claims and (2) the 90-Day Guidance. ECF No. 110 at 19:9-24. The Court has not indicated that discovery would be permitted into compliance with the preliminary injunctions in this matter, and on this basis Defendants object to any Request seeking discovery into Defendants' compliance with the preliminary injunctions in this matter.

## REQUESTS FOR ADMISSION

**Request 1:** Admit that USCIS did not issue the operational guidance referenced in PM-602-0192 within ninety days of its issuance.

**Objections:** Defendants object to this Request as vague and ambiguous because it is unclear what is meant by "operational guidance."

**Response:** Subject to, and without waiving the foregoing objection, Defendants admit.

**Request 2:** Admit that USCIS did not issue the operational guidance referenced in PM-602-0194 within ninety days of its issuance.

**Objections:** Defendants object to this Request as vague and ambiguous because it is unclear what is meant by "operational guidance."

**Response:** Subject to, and without waiving the foregoing objection, Defendants admit.

**Request 3:** Admit that, as of the date of these responses, the 90-Day Guidance has not been issued in final form.

**Response:** Admit.

**Request 4:** Admit that the Hold remained in effect after the ninety-day periods referenced in the Challenged Policies elapsed.

**Objections:** Defendants object to this Request as vague and ambiguous with respect to the phrase "the Hold remained in effect." Specifically, it is unclear whether this phrase means the Hold was in effect for all relevant applications or some applications. Defendants further object to this Request as vague and ambiguous as it is unclear whether the Request seeks an admission concerning all aliens impacted by the Hold or just the named plaintiffs in this litigation. Defendants additionally object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 5:** Admit that USCIS did not lift the Hold upon the expiration of those ninety-day periods.

**Objections:** Defendants object to this Request as vague and ambiguous with respect to the phrase "USCIS did not lift the Hold." Specifically, it is unclear whether this phrase refers to lifting the Hold for all applications or a subset of applications. Defendants further object to this Request as vague and ambiguous as it is unclear whether the Request seeks an admission concerning all aliens impacted by the Hold or just the named plaintiffs in this litigation. Defendants additionally

object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 6:** Admit that USCIS did not modify the Hold upon the expiration of those ninety-day periods.

**Objections:** Defendants object to this Request as vague and ambiguous with respect to the phrase "USCIS did not modify the Hold." Specifically, it is unclear whether this phrase refers to modifying the Hold for all applications or a subset of applications. Defendants further object to this Request as vague and ambiguous as it is unclear whether the Request seeks an admission concerning all aliens impacted by the Hold or just the named plaintiffs in this litigation. Defendants additionally object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 7:** Admit that the Hold applies to applications identified by reference to the applicant's country of birth or nationality.

**Objections:** Defendants object to this Request as vague and ambiguous because it does not specify a time period and the Challenged Policies have been vacated by *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 LX 218480 (D.R.I. June 5, 2026) ("*Dorcas*") so they are no longer in effect. The Hold therefore does not currently apply to any applications. Defendants interpret this Request as referring to how the Hold applied before the *Dorcas* vacatur.

**Response:** Subject to, and without waiving the foregoing objections, Defendants admit that the Challenged Policies applied to some applications filed by aliens who were citizens or nationals of certain countries listed in Presidential Proclamations 10949 and 10998.

**Request 8:** Admit that the Designated Countries were identified by reference to nationality or country of birth.

**Objections:** Defendants object to this Request as vague and ambiguous. It is unclear what this request is seeking to be admitted, as countries are inherently identified by reference to nationality.

**Response:** Subject to, and without waiving the foregoing objections, Defendants deny. The Designated Countries referenced in Challenged Policies were identified by Presidential Proclamation 10949 and Presidential Proclamation 10998.

**Request 9:** Admit that the Hold applies to the adjudication of applications filed by persons already admitted to or present in the United States.

**Objections:** Defendants object to the term "adjudication" as vague and ambiguous, because "adjudication" may encompass multiple actions.

**Response:** Subject to, and without waiving the foregoing objection, Defendants deny in part that that the hold applied to the entire adjudications process and admit in part that the hold applied to the issuance of final actions in the adjudications process of applications filed by aliens who were citizens or nationals of certain countries listed in Presidential Proclamations 10949 and 10998. ECF No. 78 at 255, n.2.

**Request 10:** Admit that the Hold applies to applications for asylum.

**Objections:** Defendants object to this Request as vague and ambiguous because it does not specify a time period and the Challenged Policies have been vacated by the *Dorcas* decision, so they are no longer in effect. The Hold therefore does not currently apply to any applications. Defendants interpret this Request as referring to how the Hold applied before the *Dorcas* vacatur.

**Response:** Subject to, and without waiving the foregoing objections, Defendants admit that the Challenged Policies applied to final adjudicative actions on Forms I-589, Application for Asylum and for Withholding of Removal, filed by aliens who were citizens or nationals of certain

countries listed in Presidential Proclamations 10949 and 10998. However, USCIS denies that the Hold applied to all applications for asylum because USCIS lifted the hold on asylum applications from non-high-risk countries on March 25, 2026.

**Request 11:** Admit that the Challenged Policies do not require an individualized determination as to a particular applicant before the Hold is applied to that applicant's application.

**Objections:** Defendants object to this Request as vague and ambiguous because it does not specify a time period and the Challenged Policies have been vacated by the *Dorcas* decision, so they are no longer in effect. The Hold therefore does not currently apply to any applications. Defendants interpret this Request as referring to how the Hold applied before the *Dorcas* vacatur.

**Response:** Subject to, and without waiving the foregoing objection, Defendant denies. PM-602-0192 and PM-602-0194 specifically state "USCIS will conduct a thorough review on a case-by-case basis to assess benefit eligibility…". ECF No. 78 at 152, 253, 257. PM-602-0194 also listed a number of "Exceptions to the Adjudication Hold" which would require some level of individualized assessment on the applications. ECF No. 78 at 258.

**Request 12:** Admit that, after April 30, 2026, one or more USCIS Systems continued to reflect a hold on one or more Named Plaintiffs' applications.

**Objections:** Defendants object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 13:** Admit that, as of June 12, 2026, USCIS had not completed updating USCIS Systems to ensure that they do not impose limitations or requirements based on the Challenged Policies.

**Objections:** Defendants object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 14:** Admit that, after April 30, 2026, one or more USCIS representatives informed one or more Named Plaintiffs that the Hold remained in place.

**Objections:** Defendants object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 15:** Admit that USCIS representatives conveyed inaccurate information to one or more applicants concerning the status of the Hold.

**Objections:** Defendants object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter. ECF No. 110 at 19:9-24. Moreover, Defendants object to this Request as overbroad in that it seeks discovery that is not proportional to the needs of the case under Rule 26(b)(1) because it seeks information relating "applicants" which is not defined in the instructions in Plaintiffs' First Set of Requests for Production. Accordingly, this Request fails to describe the type of information sought with reasonable particularity and would encompass substantial irrelevant material which is disproportionate to the needs of the case. Defendants also object to this Request as unduly burdensome in that it seeks an admission or denial of information without any temporal limitations.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 16:** Admit that, as of June 12, 2026, USCIS had not completed providing updated guidance to its adjudications components regarding compliance with the vacatur entered in *Dorcas*.

**Objections:** Defendants object to this Request as overbroad in that it seeks an admission or denial of information outside of the scope of the limited discovery that the Court has permitted in this matter. ECF No. 110 at 19:9-24.

**Response:** Defendants stand on their objections and will not admit or deny this Request.

**Request 17:** Admit that the "enhanced vetting plan" referenced at paragraph 10 of the Good Declaration (ECF 49-1) is not contained in the certified administrative record (ECF 78).

**Response:** Defendants admit. Because this document post-dates PM-602-0192 and PM-602-0194, it is not part of the certified administrative record.

**Request 18:** Admit that the country-by-country information referenced at paragraph 9 of the Good Declaration (ECF 49-1) is not contained in the certified administrative record (ECF 78).

**Response:** Defendants admit. Because this document post-dates PM-602-0192 and PM-602-0194, it is not part of the certified administrative record.

DATED: August 13, 2026

Respectfully Submitted,

DREW C. ENSIGN
Assistant Attorney General
United States Department of Justice
Civil Division
Office of Immigration Litigation

MATTHEW P. SEAMON
Assistant Director
Office of Immigration Litigation

LUZ MARIA RESTREPO
Senior Litigation Counsel
Office of Immigration Litigation

EVE A. PIEMONTE
Deputy Chief
United States Department of Justice
United States Attorney's Office
Defensive Litigation Unit

*/s/ Victoria Turcios*
VICTORIA TURCIOS
(MD Bar #1912180181)
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Benjamin Franklin Station
Washington, D.C. 20044
202-451-7661
Victoria.E.Turcios2@usdoj.gov

## CERTIFICATE OF SERVICE

I, Victoria Turcios, hereby certify that a true copy of the above document was served on Plaintiffs through their attorneys of record by e-mail on August 13, 2026.

*/s/ Victoria Turcios*
Victoria Turcios
Trial Attorney
Office of Immigration Litigation