# EXHIBIT

# C

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-13946-JEK

CONSOLIDATED WITH:

*Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK

**DEFENDANTS' RESPONSE TO FIRST SET OF INTERROGATORIES**

Defendants, by and through counsel, object and respond to Plaintiffs' First Set of Interrogatories to Defendants in accordance with Federal Rules of Civil Procedure 26 and 33, Local Rule 33.1, and the Joint Scheduling Statement (ECF No. 99, 109) and the Court's Scheduling Order ("Order") (ECF No. 116).

Plaintiffs' interrogatories were served on Defendants via email on July 14, 2026. Defendants respond subject to the accompanying objections. Defendants' objections are based on information known to Defendants at this time and are made without prejudice to additional objections should Defendants later identify additional grounds for objection. Defendants also submit this response subject to: (a) any objections as to competency, relevancy, materiality, privilege, and admissibility of any of the answer; (b) the right to object to other discovery procedures involving and relating to the subject matter of the interrogatories herein; and (c) a reservation of the right to supplement, clarify, revise, or correct any or all of the responses herein at any time as provided under Federal Rule of Civil Procedure 26(e).

## GENERAL OBJECTIONS TO DEFINTIONS

1. Defendants object to the extent that any definition goes beyond the requirements of the Federal Rules of Civil Procedure or the Local Rules of the District of Massachusetts.
2. Defendants object to Plaintiffs' Definition of "USCIS Systems[,]" as defined in the instructions in Plaintiffs' First Set of Requests for Production because "USCIS Systems" is overbroad. Plaintiffs' definition of "USCIS Systems" includes "any electronic system used by USCIS to receive, track, route, flag, hold, or adjudicate applications[.]" As defined, "USCIS Systems" encompasses systems which are irrelevant to this litigation and would include substantial irrelevant and privileged material.

## GENERAL OBJECTIONS

1. Defendants object to the Interrogatories to the extent that they seek: (a) attorney work product, trial preparation materials, or communications that are protected by the attorney-client privilege, (b) information that is protected by the deliberative process privilege, the joint defense privilege, the common interest privilege, the law enforcement privilege, the investigation files privilege, executive privilege, and the official information privilege; or (c) information to which any other privilege applies.
2. Defendants object to the Interrogatories to the extent that they purport to impose obligations other than ones that are imposed by the Federal Rules of Civil Procedure, the Local Civil Rules of the District of Massachusetts, or an order of the Court.
3. Each and every response incorporates the above objections, regardless of whether a specific objection is reasserted with respect to a specific interrogatory. Defendants specifically reserve the right to assert additional objections in the event that Defendants discover

additional grounds for objections, in accordance with Federal Rule of Civil Procedure 26(e).

**RESERVATION OF RIGHTS**

Defendants' responses to Plaintiff's First Set of Interrogatories to Defendants are made subject to and without waiving:

1. In providing these responses, Defendants reserve the right to supplement, clarify, revise, or correct any or all of the responses herein at any time.

2. In providing these responses, Defendants do not waive and hereby expressly reserve their right to assert any and all objections as to the admissibility into evidence – at the trial of this action or in any other proceeding—of any response herein or of any documents annexed to or referred to herein, on any and all grounds, including but not limited to competency, relevance materiality, proportionality, and privilege.

3. In providing these responses, Defendants do not in any manner admit or imply that they consider any Interrogatory or the responses herein to be relevant, admissible, or material to the subject matter of this action, nor do Defendants in any manner admit or imply that they consider any request or the responses herein to be proportional to the needs of the case.

4. Defendants expressly reserve the right to object to the use of their responses to any Interrogatory in any proceedings other than the above-captioned action.

5. Defendant incorporates the foregoing objections in each response below.

**INTERROGATORIES**

**INTERROGATORY NO. 1:** Identify each person responsible for preparing, reviewing, clearing, or approving the 90-Day Guidance, stating each person's title and role.

**RESPONSE TO INTERROGATORY NO. 1:** Defendants object to this interrogatory as not proportional to the needs of this case insofar as it is not relevant to the parties' claims and defenses. Defendant also objects to this Interrogatory as not proportional to the needs of this case insofar as it seeks each person responsible for preparing, reviewing, clearing, or approving the 90-Day Guidance. Subject to the forgoing objections, Defendants construe this Interrogatory as requesting the identification of a USCIS employee who can give true and correct answers regarding the 90-Day guidance; in that regard, Defendants identify the following:

Robert R. Pietrafesa

Director, Headquarters Operations Support

Fraud Detection and National Security

United States Citizenship and Immigration Services.

**INTERROGATORY NO. 2:** State whether the 90-Day Guidance was issued, and if so, identify the issuing document, its date, and its recipients; if it was not issued, state the reasons it was not issued.

**OBJECTION TO INTERROGATORY NO. 2:** Defendants object to this interrogatory to the extent that it seeks a response containing information that is protected by the deliberative process privilege and the law enforcement privilege.

**RESPONSE TO INTERROGATORY NO. 2:** Subject to and without waiving the foregoing objections, Defendants state that the 90-Day Guidance has not been issued. Efforts to issue the 90-Day Guidance have been suspended in wake of the *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 LX 218480 (D.R.I. June 5, 2026) ("*Dorcas* decision"), which vacated the policies Plaintiffs challenge in this litigation.

**INTERROGATORY NO. 3:** Describe the status of the 90-Day Guidance as of the date of these answers, including any anticipated issuance date and the identity of each person with authority to issue it.

**RESPONSE TO INTERROGATORY NO. 3:** Defendants state that the 90-Day Guidance has not been issued. Efforts to issue the 90-Day Guidance have been suspended in wake of the *Dorcas* decision, which vacated the policies Plaintiffs challenge in this litigation.

**INTERROGATORY NO. 4:** Identify each internal deadline or milestone set for the 90-Day Guidance and, for each that was not met, the reason it was not met.

**OBJECTION TO INTERROGATORY NO. 4:** Defendants object to the extent that this interrogatory seeks a response containing information that is protected by the deliberative process privilege and the law enforcement privilege.

**RESPONSE TO INTERROGATORY NO. 4:** Subject to and without waiving the foregoing objection, Defendants submit that efforts to issue the 90-Day Guidance have been suspended in wake of the *Dorcas* decision. No additional responsive information is being provided at this time based on the above objections. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 5:** Describe the analyses, reviews, or assessments that the 90-Day Guidance was to perform or incorporate, and state, for each, whether it was completed.

**OBJECTION TO INTERROGATORY NO. 5:** Defendants object to this interrogatory because it seeks a response containing information that is protected by the deliberative process privilege and the law enforcement privilege. Defendants further object to this interrogatory to the extent that it seeks a response containing information that is beyond the scope of the limited

discovery the Court has permitted in this case concerning constitutional claims, in addition to the 90-Day Guidance. ECF No. 110 at 19:9-24.

**RESPONSE TO INTERROGATORY NO. 5:** Subject to and without waiving the foregoing objection, Defendants submit that efforts to issue the 90-Day Guidance have been suspended in wake of the *Dorcas* decision. No additional responsive information is being provided at this time based on the above objections. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 6:** Describe the criteria and methodology used to select the Designated Countries, and identify each person who participated in that selection.

**OBJECTION TO INTERROGATORY NO. 6:** Defendants object to this interrogatory because it seeks a response containing information that is protected by the deliberative process privilege. Defendants further object to this interrogatory to the extent that it seeks a response that is not within the knowledge of the Defendants and their current employees and agents.

**RESPONSE TO INTERROGATORY NO. 6:** Subject to and without waiving the foregoing objections, a description of the criteria and methodology used to select the Designated Countries is available in the Certified Administrative Record "CAR" in this case. ECF No. 78 at 6-9, 80-83, 142-43, 255-59.

**INTERROGATORY NO. 7:** State the justification for applying the Hold to the domestic adjudication of applications filed by persons already admitted to or present in the United States, and identify the documents reflecting that justification.

**OBJECTION TO INTERROGATORY NO. 7:** Defendants object to this interrogatory to the extent it seeks a response containing information that is beyond the scope of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day

Guidance. ECF No. 110 at 19:9-24. Defendants further object to this interrogatory because it is overbroad to the extent that it seeks a response containing information related to applicants other than the Plaintiffs in this case. Defendants additionally object to this interrogatory to the extent that it seeks a response containing information protected by the deliberative process privilege and law enforcement privilege.

**RESPONSE TO INTERROGATORY NO. 7:**

Subject to and without waiving the foregoing objections, Defendants answer that the information requested is contained in the CAR. ECF No. 78 at 7, 83, 257, 263.

**INTERROGATORY NO. 8:** Identify each alternative to the Hold that was proposed, considered, or rejected, and state the reason for each rejection.

**OBJECTION TO INTERROGATORY NO. 8:** Defendants object to this interrogatory to the extent that it seeks a response containing information that is protected by the deliberative process privilege and attorney-client privilege. Defendants also object to this interrogatory to the extent it seeks a response containing information that is beyond the scope of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this interrogatory because it is overbroad to the extent that it seeks a response containing information related to applicants other than the Plaintiffs in this case.

**RESPONSE TO INTERROGATORY NO. 8:** Subject to and without waiving the foregoing objections, no additional responsive information is being provided at this time based on the above objections. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 9:** Describe the basis for applying the Hold by reference to the Country-of-Birth Criterion, and identify each person who approved that approach.

**OBJECTION TO INTERROGATORY NO. 9:** Defendants object to this interrogatory to the extent that it seeks a response containing information that is protected by the deliberative process privilege and law enforcement privilege.

**RESPONSE TO INTERROGATORY NO. 9:** Subject to and without waiving the foregoing objections, Defendants answer that the information requested is contained in the CAR. ECF No. 78 at 7, 83, 257, 263.

**INTERROGATORY NO. 10:** Identify, by date, author, and recipients, the guidance referenced at paragraph 6 of the Alfonso-Royals Declaration (ECF 112-1) providing that the Hold could not be applied to the Named Plaintiffs.

**OBJECTION TO INTERROGATORY NO. 10:** Defendants object to this interrogatory to the extent it seeks a response containing information regarding Defendants' compliance with the Court's preliminary injunctions (ECF Nos. 82, 87) because that is beyond the scope of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24.

**RESPONSE TO INTERROGATORY NO. 10:** Subject to and without waiving the foregoing objections, no responsive information is being provided at this time because the entire interrogatory is objectionable. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 11:** For each USCIS System, describe the action required to clear, remove, or disable the Hold within that System; state the date on which that action was taken with respect to the Named Plaintiffs as a group, or, if the action was taken on differing dates or has

not been taken as to some Named Plaintiffs, describe how and when the System was updated and identify any Named Plaintiffs as to whom the Hold has not been cleared; and identify the person responsible for performing and for verifying that action in each System.

**OBJECTION TO INTERROGATORY NO. 11:** Defendants object to this interrogatory to the extent it seeks a response containing information regarding Defendants' compliance with the Court's preliminary injunctions (ECF Nos. 82, 87) because that is beyond the scope of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24.

**RESPONSE TO INTERROGATORY NO. 11:** Subject to and without waiving the foregoing objections, no responsive information is being provided at this time because the entire interrogatory is objectionable. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 12**: Describe the internal hold-lifting process referenced at paragraph 8 of the Good Declaration (ECF 49-1), including its standards and required approvals, and identify each category of applications for which holds have been lifted.

**OBJECTION TO INTERROGATORY NO. 12:** Defendants object to this interrogatory to the extent that it seeks a response containing information concerning matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants also object to this interrogatory to the extent that it seeks a response containing information protected by the deliberative process privilege and law enforcement privilege.

**RESPONSE TO INTERROGATORY NO. 12:** Subject to and without waiving the foregoing objections, Defendants respond that USCIS established an internal process for lifting

holds on individual or group cases, requiring comprehensive review by multiple offices. Program Offices and Directorates, in consultation with the Office of Chief Counsel and the Office of Policy and Strategy, identified individuals and groups cases that required lifting the final adjudication holds due to extraordinary circumstances. Each lift request required benefit request specific vetting and screening for national security, public safety, and benefit integrity concerns. Each individual subject to a hold lift request also required identity verification and documentation of all findings and assessments related to eligibility to support legally sufficient decisions. Program Offices and Directorates with equities in the form type, Fraud Detection and National Security Directorate, Office of the Chief Counsel, and the Office of Policy and Strategy reviewed and cleared the hold lift requests. The Director of USCIS has the sole authority to lift any final adjudication hold. Holds had been lifted for groups of aliens vetted through Operation PARRIS, certain petitions filed by U.S. citizens, intercountry adoption forms, certain rescheduled oath ceremonies, statutory and regulatory decision issuance, refugee registrations for South African citizens/nationals, certain special immigrant visa petitions, certain employment authorization documents, and asylum applications from non-high-risk countries, and applications associated with medical physicians. Additionally, following the vacatur decision in *Dorcas*, the challenged adjudication holds have been lifted on all categories of applications. No additional responsive information is being provided at this time based on the above objections. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 13:** Describe the basis for Defendants' acknowledgment that USCIS representatives conveyed inaccurate information to applicants concerning the Hold, including the personnel and systems involved.

**OBJECTION TO INTERROGATORY NO. 13:** Defendants object to this interrogatory because it seeks a response containing information regarding Defendants' compliance with the Court's preliminary injunctions (ECF Nos. 82, 87) and that is beyond the scope of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24.

**RESPONSE TO INTERROGATORY NO. 13:** Subject to and without waiving the foregoing objections, no responsive information is being provided at this time because the entire interrogatory is objectionable. Defendants reserve the right to supplement this response if facts justify doing so and/or to the extent the objection ceases to apply.

**INTERROGATORY NO. 14:** Identify each person who served as a decisionmaker in adopting each of the Challenged Policies, and describe each person's role.

**OBJECTION TO INTERROGATORY NO. 14:** Defendants object to this interrogatory to the extent that it seeks a response containing information concerning matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this interrogatory as not proportional to the needs of this case and not relevant to the parties' claims and defenses. Defendants also object to this interrogatory as not proportional to the needs of this case insofar as it seeks each person who served as a decisionmaker in adopting each of the Challenged Policies. Defendants additionally object to this interrogatory as the term "decisionmaker" is vague and overbroad.

**RESPONSE TO INTERROGATORY NO. 14:** Subject to and without waiving the foregoing objection, Defendants construe this interrogatory as requesting the identity of a USCIS

employee who can give true and correct answers regarding the adoption of each Challenged Policy, and identifies:

Nathaniel I. Stiefel

Deputy Associate Director, Fraud Detection and National Security

Former Deputy Chief, Office of Policy and Strategy

United States Citizenship and Immigration Services

**INTERROGATORY NO. 15:** Identify all materials considered, directly or indirectly, by those decisionmakers that are not contained in the certified administrative record (ECF 78).

**OBJECTION TO INTERROGATORY NO. 15:** Defendants object to this interrogatory to the extent that it seeks a response containing information concerning matters outside of the limited scope of discovery the Court has permitted in this case: (1) constitutional claims and (2) 90-Day Guidance. ECF No. 110 at 19:9-24. Defendants further object to this interrogatory on the grounds that it is overbroad, burdensome, vague and disproportionate to the needs of the case under Rule 26(b)(1) because it seeks a response containing information relating to "[identifying] all materials considered, directly or indirectly, by those decisionmakers that are not contained in the certified administrative record (ECF 78)." Interrogatory No. 15 fails to describe the type of information sought with reasonable particularity and would encompass substantial irrelevant and privileged material. Defendants additionally object to this interrogatory on the grounds that it is overbroad and unduly burdensome as it would require the disclosure of information that is unrelated to the USCIS' adjudication policies at issue, and could potentially include sensitive unrelated internal operations, policy deliberations, or communications with non-party agencies. Defendants further object to this interrogatory on the grounds that is unreasonably duplicative of Plaintiffs' First Set of Requests for Production of Documents, Request for Production No. 31.

**RESPONSE TO INTERROGATORY NO. 15:**

Subject to and without waiving the foregoing objections, Defendants are working to identify materials responsive to this Interrogatory. Defendants will supplement this response promptly if they locate any such documents.

DATED: August 13, 2026

Respectfully Submitted,

*/s/ Victoria Turcios*
VICTORIA TURCIOS
(MD Bar #1912180181)
*Trial Attorney*
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Benjamin Franklin Station
Washington, D.C. 20044
202-451-7661
Victoria.E.Turcios2@usdoj.gov

DREW C. ENSIGN
*Assistant Attorney General*
United States Department of Justice
Civil Division
Office of Immigration Litigation

MATTHEW SEAMON
*Assistant Director*
Office of Immigration Litigation

LUZ MARIA RESTREPO
*Senior Litigation Counsel*
Office of Immigration Litigation

EVE A. PIEMONTE
*Deputy Chief*
United States Department of Justice
United States Attorney's Office
Defensive Litigation Unit

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that a true copy of the above document was served on Plaintiffs through their attorneys of record by e-mail on August 13, 2026.

/s/ Victoria Turcios
Victoria Turcios
Trial Attorney
Office of Immigration Litigation

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br><br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**<u>VERIFICATION OF NATHANIEL I. STIEFEL</u>**

I, Nathaniel I, Stiefel, certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, the following:

I am employed by the United States Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS").

I have read and know the contents of the Defendants' Response to First Set of Interrogatories, Nos. 6, 7, 8, 9, 11, 12, 14, and 15. These responses were prepared after obtaining information available to USCIS through its officers and employees and through DHS documents and records. These responses, subject to inadvertent and undiscovered errors, are based upon, and necessarily limited by, a review of available records and information thus far discovered in the course of preparing these responses. The responses regarding USCIS are true and correct to the best of my knowledge, information, and belief.

NATHANIE L I STIEFEL Digitally signed by NATHANIEL I STIEFEL Date: 2026.08.13 15:16:07 -04'00'

DATED: ___________ ______________________________

Nathaniel I. Stiefel
Deputy Associate Director, Fraud Detection and National Security
Former Deputy Chief, Office of Policy Strategy

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br><br>*Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK |

**VERIFICATION OF ROBERT R. PIETRAFESA**

I, Robert R. Pietrafesa, certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, the following:

I am employed by the United States Department of Homeland Security ("DHS"), U.S. Citizenship and Immigration Services ("USCIS").

I have read and know the contents of the Defendants' Response to First Set of Interrogatories, Nos. 1, 2, 3, 4, and 5. These responses were prepared after obtaining information available to USCIS through its officers and employees and through DHS documents and records. These responses, subject to inadvertent and undiscovered errors, are based upon, and necessarily limited by, a review of available records and information thus far discovered in the course of preparing these responses. The responses regarding USCIS are true and correct to the best of my knowledge, information, and belief.

DATED: 8/13/26

ROBERT R PIETRAFESA
Digitally signed by ROBERT R PIETRAFESA
Date: 2026.08.13 14:24:07 -04'00'

Robert R. Pietrafesa
Director, Headquarters Operations Support
Fraud Detection and National Security