# EXHIBIT

# E

## I. Defendants' Proposed Scope of Discovery

**Defendants propose that the following topics of discovery are within the limited scope of discovery that the Court has permitted in this matter:**

1. Whether the Challenged Policies treat benefit applications differently based on the nationality and/or country of origin of the applicant?
2. Whether the Challenged Policies provide an individualized review by which USCIS determines whether to apply/lift the Hold?
3. Whether applicants are provided with notice and an opportunity to make their case as to why the Hold should be lifted with respect to their application?
4. Which nationalities/countries of origin did the Challenged Policies apply to?
5. What is the status and/or anticipated timeline for release of the forthcoming "90 Day Guidance"?

## II. Defendants' Proposed 30(b)(6) Deposition Topics

**Defendants agree that Plaintiffs' Proposed Deposition Topics 4–8 are, subject to Defendants' objections and with Defendants' redline edits below, permissible topics for a Rule 30(b)(6) deposition in this matter. Defendants therefore propose the following topics:**

**MATTERS FOR EXAMINATION**

4. The scope and operation of the Global Asylum Hold, including which applications and applicants it covers, any change in that scope over time, the ~~nature,~~ status~~,~~ and anticipated completion of the "comprehensive review" referenced in the December Memorandum, and the authority and process for lifting the hold or adjudicating an otherwise-eligible application (including the Director/Deputy Director approval requirement).
5. The scope and operation of the Benefits Hold, including the benefit types and applicants it covers, its extension to additional countries by the January Memorandum, what

processing (if any) occurs on held applications while final decisions are paused, and the authority and process for lifting the hold or adjudicating an otherwise-eligible application.

6. The scope and operation of the Comprehensive Re-Review Policy, including which previously granted benefits and applicants it covers, the procedures, standards, and criteria USCIS applies in re-reviewing and deciding whether to revoke, rescind, or terminate a benefit, the process or notice (if any) afforded to affected individuals, and the anticipated duration of the re-review.

7. The scope and operation of the Country-Specific Factors Policy, including how USCIS personnel are directed to weigh "country-specific factors" as a significant negative factor in discretionary adjudications, which factors are considered, whether and how the policy applies beyond the Designated Countries, and any guidance, training, or instructions provided to adjudicators ~~and any adjudications in which it has been applied~~.

8. The current operative status of each Challenged Policy, and any modification, narrowing, resumption, or rescission of any Challenged Policy, including:

    ~~a. Operation PARRIS — its purpose, procedures, scope, and status;~~

    b. the March 30, 2026 website Alert and the April 30, 2026 Update — what holds were lifted, for whom, and on what basis, and whether any change was effectuated by a memorandum of the USCIS Director (as the Challenged Policies require) or only by website posting; and

    c. the "internal review process for lifting holds on individual or group cases," including who administers it and the criteria applied.