**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br><br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

## I. INTRODUCTION

Plaintiffs do not oppose entry of a confidentiality order in this case. To the contrary, Plaintiffs recognize that a properly tailored order will facilitate the limited discovery the Court has authorized and protect genuinely confidential information from unnecessary disclosure. Plaintiffs oppose, however, Defendants' proposed order as drafted because it is substantially broader than their showing warrants, improperly shifts burdens to Plaintiffs, and threatens to regulate the use of information in ways that exceed the legitimate purpose of a discovery protective order.

Defendants' motion fails for four reasons. First, Defendants have not made the particularized showing of potential harm required by Rule 26(c). Second, several of the proposed categories - including trade secrets and confidential commercial information, "law-enforcement-sensitive" information, and the proposed statutory and regulatory catch-all - lack any demonstrated application to the discovery authorized in this case. Third, several operative provisions improperly place the burden on Plaintiffs to challenge confidentiality designations and constrain how Plaintiffs may use information in litigating this action. Fourth, and most importantly, Defendants have made entry of a protective order a condition of producing discovery that the Court has already authorized. Approximately twenty of Defendants' Requests for Production responses state that responsive materials will be produced only "subject to a protective order entered in this case." Thus, the dispute is no longer merely about the terms of

confidentiality protections; Defendants have made the absence of an order the stated reason for withholding court-ordered discovery.

Plaintiffs therefore propose a straightforward solution. The Court should enter Plaintiffs' proposed protective order, attached as Exhibit A, which protects legitimately confidential information while preserving the parties' ability to litigate this case. The Court should also establish a date certain for Defendants to begin rolling production of the discovery already ordered. If the Court instead adopts portions of Defendants' proposal, it should at minimum strike or substantially narrow the unsupported categories and incorporate the burden, challenge, sealing, and privilege provisions described below.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) permits a court, for good cause, to issue an order protecting a party or person from undue burden or harm in connection with discovery. The burden of establishing good cause rests with the party seeking a protective order. Defendants themselves acknowledge that principle.

The First Circuit has made clear that good cause requires more than generalized assertions. In *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986), the court held that good cause must rest on "a particular factual demonstration of potential harm, not . . . conclusory statements." See also *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 789 (1st Cir. 1988) (holding that the party seeking a protective order bears the burden of demonstrating good cause).

A party cannot establish good cause for an expansive protective order merely by asserting that discovery *may* contain sensitive material. Rule 26(c) requires a particularized showing of good cause for the protection sought. That requirement necessarily limits a protective order to information for which the designating party has demonstrated a cognizable need for protection. As Defendants themselves acknowledge, filing confidential information with the Court implicates Local Civil Rule 7.2 and the separate standards governing motions to seal. Defendants therefore cannot use a request for a broad protective order to circumvent those requirements. The protective order should facilitate the orderly

exchange of genuinely sensitive discovery, not prejudge whether particular materials ultimately warrant restriction from litigant access.

## III. DEFENDANTS HAVE NOT MADE THE PARTICULARIZED SHOWING REQUIRED BY RULE 26(c)

Defendants' showing is notably conditional. Their motion repeatedly asserts that discovery "may involve" sensitive information, "could include" certain materials, that the Government "anticipates" disputes over particular documents, and that "to the extent" certain information is relevant, it should remain confidential.

Those assertions do not identify a concrete document, category of documents, anticipated volume of production, or specific harm that would result from disclosure of particular information. Nor do they explain why a narrower order could not adequately protect the interests Defendants identify. Moreover, the absence of a factual showing is particularly notable because Defendants have submitted declarations from agency officials when they have sought to establish factual propositions elsewhere in this litigation. See, e.g., ECF 49-1; ECF 112-1. Defendants could have provided a declaration identifying the types of materials actually expected to be produced, the risks associated with disclosure, and the specific protections allegedly necessary. They did not.

Where a party identifies a specific and demonstrated risk, the Court can tailor protection to address it. But generalized and conditional assertions, such as those offered here, cannot justify a broad, self-executing order based on categories that could sweep in substantial portions of the discovery without regard to whether the underlying material actually warrants protection.

## IV. THE PROPOSED CONFIDENTIALITY CATEGORIES SHOULD BE NARROWED

### A. Personally Identifiable Information

Plaintiffs do not object in principle to protecting genuinely sensitive personally identifiable information. But Category 1 substantially overlaps with the stipulated PII protective order already entered in this case. See ECF 45.

The new order should therefore expressly provide that it supplements, rather than supersedes or modifies, ECF 45. In addition, Federal Rule of Civil Procedure 5.2 already governs the treatment and redaction of specified categories of personal information in filings. The protective order should not impose duplicative or broader restrictions on such information absent a demonstrated need for protection beyond the requirements of Rule 5.2.

**B. Trade Secrets and Confidential Commercial Information**

Defendants have identified no trade secret, commercial information, research information, or other proprietary material that this policy challenge is likely to implicate. The case concerns the legality of federal agency policies and the Government's decision-making concerning those policies. Defendants identify no document or subject matter suggesting that trade-secret or confidential commercial information protections are necessary.

Defendants should not receive a prospective authorization to designate material in a category they have not shown exists in this litigation. If Defendants contend that a particular document actually implicates a legitimate trade secret or other protected commercial interest, they can identify that document and make the required showing.

**C. Third-Party Personally Identifiable Information**

Plaintiffs do not object to protecting the identifying information of non-parties where disclosure is genuinely unnecessary. But that protection should be limited accordingly. The category should encompass names, addresses, contact information, identifying numbers, and similar identifying information, not substantive portions of documents simply because they concern third parties. Otherwise, a category directed at privacy could become a vehicle for concealing relevant evidence.

**D. Federal Law-Enforcement-Sensitive Information**

The designation "law-enforcement sensitive" does not, standing alone, establish a privilege or demonstrate good cause under Rule 26(c). Nor should the protective order itself determine that materials bearing that designation are protected from discovery. If Defendants withhold particular materials on the basis of a recognized privilege, they must assert that privilege as to those materials and make the showing

required by applicable law. An agency's confidentiality designation, without more, does not establish the privilege or demonstrate good cause for withholding the designated material.

The proposed language is also facially overbroad. It covers "federal law-enforcement-sensitive information" and then provides, "including but not limited to," investigative files and techniques. That formulation contains no meaningful limiting principle. As drafted, it could encompass virtually any government document that an agency employee or representative characterizes as "sensitive," regardless of whether the material presents a specific risk warranting protection under Rule 26(c).

Plaintiffs therefore request that this category be removed. At minimum, it should be limited to materials as to which Defendants have specifically asserted a cognizable privilege or other recognized basis for protection and made the showing required to sustain it. The protective order should not itself predetermine whether particular materials are privileged or otherwise warrant protection.

**E. Federal Employee Identifying Information**

This category should likewise be narrowed substantially. As drafted, the provision protects the names, telephone numbers, and email addresses of federal employees without requiring any showing that disclosure of particular information would create a cognizable risk of harm. The reference to information "subject to the law enforcement privilege" does not cure that defect. If Defendants intend to invoke that privilege, they must assert it with respect to particular materials and make the showing required to establish it. A protective order should not create a categorical exemption for federal-employee identifying information merely because the individuals are federal employees.

More importantly, Defendants' substantive argument—that identifying information concerning USCIS employees below the Director level has no probative value, confuses relevance with confidentiality. The identities of officials involved in drafting, clearing, approving, or implementing the challenged government policies may be directly relevant to Plaintiffs' claims. In *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977), the Supreme Court recognized that the circumstances surrounding governmental decision-making—including the sequence of events, departures from normal procedures, and statements or actions of decisionmakers—may bear on

discriminatory intent. Here, identifying the officials involved in the challenged decision-making is likewise relevant to Plaintiffs' discovery requests.

Defendants' own discovery responses underscore the point. In response to Interrogatory 14, Defendants identified Nathaniel Stiefel as a knowledgeable witness, and in response to Interrogatory 1, they identified Robert R. Pietrafesa as a knowledgeable witness. See ECF No. 135-3. Having themselves identified agency officials as relevant sources of information, Defendants cannot now invoke a categorical confidentiality rule to shield the identities of other agency personnel without showing why those individuals' identities warrant protection.

The appropriate distinction is between *official identities* and *private contact information*. Plaintiffs do not oppose reasonable protection for personal telephone numbers, personal email addresses, home addresses, or other genuinely private contact information. But the names and titles of officials acting in their official capacities should not be deemed confidential merely because those individuals are government employees. Any protection should instead be tailored to the specific privacy or security interest asserted.

**F. Any other information protected or restricted from disclosure by state or federal statute or regulation**

This confidential category should be stricken. Defendants propose keeping confidential "any other information protected or restricted from disclosure by state or federal statute or regulation whenever unauthorized disclosure could expose either party to penalties or sanctions." But Defendants identify no particular statute or regulation that supports this category as a whole. Instead, the provision would incorporate an undefined and potentially limitless range of statutory and regulatory restrictions into the protective order without identifying the information subject to protection or the legal authority supporting the designation.

The provision is also self-executing and contains no meaningful limiting principle. As drafted, it could permit Defendants to designate information as confidential based solely on their later determination that some statute or regulation might restrict its disclosure. That approach would effectively shift the

determination of what warrants protection from the Court to the designating party, without requiring identification of the applicable authority or a showing of good cause under Rule 26(c).

A protective order should establish clear and administrable rules, not create an open-ended mechanism for unilateral designation. If a particular statute or regulation requires protection of particular information, Defendants can identify the applicable authority and the information to which it applies and seek appropriate protection. The proposed catch-all category is unnecessary and should not be included in the protective order.

## V. THE PROTECTIVE-ORDER DISPUTE SHOULD NOT DELAY COURT-ORDERED DISCOVERY

Defendants' assertion that Plaintiffs refused to negotiate requires clarification. Plaintiffs did not refuse confidentiality protections; they objected to Defendants' proposed framework because it was substantially overbroad and would impose restrictions beyond those necessary to protect legitimate confidential information. Plaintiffs now submit a proposed protective order, attached as Exhibit A, that provides appropriate protections while allowing discovery to proceed. There is therefore no basis for further delay in production based on the absence of an agreed protective order.

That delay is particularly significant because Defendants' discovery responses repeatedly condition production on entry of a protective order. Approximately twenty Requests for Production responses state that responsive materials will be produced only "subject to a protective order entered in this case." See ECF 135-1. No protective order governing this discovery has yet been entered, and Defendants have consequently produced no responsive materials under those conditional responses. The Court should therefore establish a date certain for production to begin, rather than permit the protective-order dispute to become a continuing impediment to discovery.

Prompt relief is particularly warranted in light of the Court's June 2, 2026 directive permitting limited discovery concerning the 90-Day Guidance and Plaintiffs' constitutional claims, followed by the June 22, 2026 Scheduling Order governing that discovery. Those orders contemplate the prompt exchange of discovery necessary to develop the factual record. That purpose is frustrated if Plaintiffs remain unable

to obtain documents that Defendants have represented they will produce only upon entry of a protective order. The Court should therefore ensure that the protective-order process does not become a barrier to the discovery the Court has already authorized. The discovery cutoff and subsequent deadlines also need to be extended.

## VI. RELIEF REQUESTED

For these reasons, Plaintiffs respectfully request that the Court:

1. Deny Defendants' proposed protective order as drafted;

2. Enter Plaintiffs' proposed protective order, attached as Exhibit A;

3. Order Defendants to commence rolling production within seven (7) days of entry of the protective order and substantially complete production within twenty-one (21) days;

4. Provide that entry of the protective order does not resolve or prejudge any claim of privilege, including deliberative-process or law-enforcement privilege, and require Defendants to identify any materials withheld on privilege grounds and provide any privilege log required by Federal Rule of Civil Procedure 26(b)(5) by a date certain;

5. Extend the previously-entered deadlines for completion of discovery and the filing of dispositive motions; and,

6. Permit Plaintiffs to use designated material as reasonably necessary to litigate this case, including in motions, briefs, depositions, hearings, and expert work, and, as provided in Section 4.5 of Exhibit A, in other federal actions challenging the same policies at issue in this action, subject to applicable protections.

7. Alternatively, if the Court adopts Defendants' proposed order in substantial part, Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed narrowing and striking of the confidential categories and require that the order provide that: (a) the party seeking continued protection bears the burden of establishing good cause for the designation; (b) Plaintiffs may challenge a confidentiality designation without assuming that burden; (c) a confidentiality designation does not constitute sealing or create any entitlement to file material under seal; (d) designated material may be used as reasonably

necessary to litigate this action, and, as provided in Section 4.5 of Exhibit A, in other federal actions challenging the same policies at issue in this action, subject to the order's protections; and (e) the order include a Federal Rule of Evidence 502(d) provision protecting against waiver resulting from inadvertent disclosure of privileged or protected material.

Plaintiffs do not oppose appropriate confidentiality protections. They respectfully request only that the Court enter a workable and appropriately tailored protective order that protects information genuinely warranting protection without unnecessarily restricting Plaintiffs' ability to litigate their claims or creating categorical grounds for withholding information Defendants have not shown requires protection. The Court should also establish a firm production schedule to ensure that the discovery it has authorized proceeds without further delay.

**RESPECTFULLY SUBMITTED**
September 1, 2026

***/s/ Stefanie Fisher-Pinkert***
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

***/s/ Carl Hurvich***
Carl Hurvich
BBO # 698179
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
617-245-8090
Carl@brookslawfirm.com

/*s/ LaToya N. McBean Pompy*
LaToya N. McBean Pompy
NY Bar # 6153985
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

*/s/ Lauren E. Allu*
NY Bar # 4160644
NJ Bar# 014772002
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
l.allu@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2026, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

*/s/ James O. Hacking, III*
James O. Hacking, III