**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al,

Plaintiffs,

v.

DONALD J. TRUMP, et al.,

Defendants.

Case No. 1:25-cv-13946-JEK

CONSOLIDATED WITH:

*Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-JEK

**PLAINTIFFS' PROPOSED PROTECTIVE ORDER**

Upon consideration of the parties' submissions concerning the need for a protective order, including Plaintiffs' response to Defendants' motion for protective order, and for good cause shown, the Court enters the following Protective Order pursuant to Federal Rule of Civil Procedure 26(c).

## 1. PURPOSE AND LIMITATIONS

This Protective Order governs the disclosure and use of information produced in discovery in this action that a party or non-party, in good faith, designates as confidential and that is entitled to protection under Federal Rule of Civil Procedure 26(c).

On June 2, 2026, during a scheduling conference, the Court permitted: (1) discovery concerning "the guidance that was supposed to have come out 90 days after the [challenged policy] memoranda were issued"; and (2) "discovery in connection with the constitutional claims." ECF 110, Scheduling Conference Tr. 19. The Court subsequently entered a Scheduling Order on June 22, 2026, permitting discovery to proceed. ECF 116.

This Protective Order is intended to facilitate the orderly exchange of discovery while safeguarding information that genuinely warrants confidential treatment. This Protective Order does not expand the scope of discovery authorized by the Court, create any privilege or immunity from discovery, alter any party's obligations under the Federal Rules of Civil Procedure or applicable law, or authorize any party to withhold information that is otherwise discoverable.

The proposed Protective Order does not alter, amend, or supersede the parties' existing stipulated protective order governing Plaintiffs' confidential personally identifiable information ("PII Stipulated Protective Order"), which the Court entered on February 25, 2026. ECF 45. The parties remain subject to and shall continue to comply with the PII Stipulated Protective Order.

Nothing in this Protective Order shall be construed as determining whether any particular information is privileged, relevant, admissible, discoverable, or otherwise protected from disclosure under applicable law.

**2. "CONFIDENTIAL INFORMATION"**

For purposes of this Protective Order, "Confidential Information" means non-public information that the designating party, in good faith, reasonably believes qualifies for protection under Federal Rule of Civil Procedure 26(c), because disclosure of the specific information would result in particularized harm or prejudice warranting protection.

A party seeking protection under this Protective Order bears the burden of establishing good cause for the protection sought. Confidential Information may include:

a) personally identifiable information that is not otherwise governed by the PII Stipulated Protective Order, including personal telephone numbers, personal email addresses, home addresses, identifying numbers, and similar private identifying information;

b) identifying information concerning non-parties, to the extent such information is genuinely private and disclosure is unnecessary to the litigation; and

c) other specific information for which the designating party establishes a cognizable basis for protection under Rule 26(c) or other applicable law.

The following shall not be designated Confidential solely by virtue of their nature:

a) the names, titles, positions, or official contact information of federal employees acting in their official capacities;

b) information concerning governmental decision-making merely because it was created, reviewed, or possessed by a federal employee;

c) information merely because it has been characterized by an agency or employee as "law-enforcement-sensitive," "sensitive," or by a similar administrative designation;

d) information merely because it concerns a third party, where the information itself is not private or otherwise entitled to protection; or

e) information merely because a statute or regulation may restrict its disclosure, without identification of the applicable authority and a showing that the specific information is entitled to protection.

Nothing in this section prevents a party from separately asserting a privilege or other protection recognized by law as to particular information. Any such assertion shall be made as to the particular information at issue and in accordance with the Federal Rules of Civil Procedure and applicable law.

**3. SCOPE**

This Protective Order governs information produced or disclosed in discovery in this action that is properly designated as Confidential Information. The protections conferred by this Protective Order extend to copies, excerpts, summaries, and compilations that contain or reveal Confidential Information, as well as testimony or presentations that actually disclose Confidential Information.

The protections conferred by this Protective Order do not apply to information that is publicly available or that becomes publicly available through no violation of this Protective Order. A designation of information as Confidential Information does not, by itself, establish that the information is privileged or otherwise immune from discovery.

Nothing in this Protective Order shall be construed to restrict Plaintiffs from using information as reasonably necessary to litigate this action, subject to the confidentiality protections and other limitations imposed by this Protective Order.

**4. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**

4.1 Basic Principles. A receiving party may use confidential information that is disclosed in connection with this Court's ruling during the June 2, 2026, Scheduling Conference in this case, ECF 110, Scheduling Conference Tr. 19, (subject to the PII Stipulated Protective Order, ECF 45, applicable rules of

evidence, and the confidentiality of such information being maintained) only for purposes of litigating this action, except as permitted by Section 4.5. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Protective Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

4.2 Disclosure of Confidential Information

Subject to the PII Stipulated Protective Order, ECF 45, and unless otherwise ordered by the Court or permitted in writing by the designating party, and except as permitted by Section 4.5, a receiving party may disclose Confidential Information only to the following persons:

a) the receiving party's counsel of record in this action and the employees of such counsel who are assisting with this action and have an appropriate need to know. If counsel ceases to represent the receiving party in this action for any reason, such counsel and the employees of such counsel shall no longer have access to or be authorized to receive Confidential Information;

b) the Court, court personnel, court reporters, and their staff;

c) copy, imaging, or other litigation-support services retained by counsel to assist in the duplication, processing, or handling of Confidential Information, provided that counsel for the party retaining such service instructs the service to maintain the confidentiality of the information, not disclose it to unauthorized third parties, and return or destroy the Confidential Information in accordance with this Protective Order;

d) the author or recipient of a document containing the Confidential Information, or any custodian or other person who otherwise possessed or knew the Confidential Information;

e) any other person mutually authorized in writing by counsel for the parties to receive or examine the Confidential Information, provided that such person has an appropriate need to know.

All persons listed in subparagraphs 4.2(c)-(e) to whom Confidential Information is disclosed shall first be required to read the terms of this Protective Order and sign a copy of the Acknowledgment and Agreement to be Bound, attached hereto as EXHIBIT A. Counsel for each party shall retain copies of the

acknowledgment form for 120 days from the conclusion of the litigation (including any appeals). This requirement does not apply to the disclosure of Confidential Information to the Court and its personnel, including court reporters.

Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a party, except as set forth above, and this Protective Order does not prohibit or absolve the Parties from complying with such other obligations, including the PII Stipulated Protective Order. This Protective Order is limited to compliance with the Court's ruling during the June 2, 2026, Scheduling Conference in this case. ECF 110, Scheduling Conference Tr. 19.

4.3 Filing Confidential Information. Subject to the PII Stipulated Protective Order, ECF 45, before filing any other Confidential Information with the Court, or discussing or referencing such material in court filings, the filing party shall confer with opposing counsel (where practical, at least seven days prior to the intended filing date) to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 83.6.11 otherwise sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

4.4 Use of Confidential Information in Court. Nothing in this Protective Order shall prevent a party from using Confidential Information at trial or during a hearing. However, any party using Confidential Information must provide sufficient advance notice such that a party may request (a) that the portion of the proceeding where use is made be in camera or protected from public disclosure to the maximum extent practicable, and (b) that the transcript of that portion of the proceeding be maintained under seal, with access thereto limited to persons entitled to access under this Protective Order.

During the pendency of this Action, the Court shall retain jurisdiction over this Protective Order, and persons who receive Confidential Information shall be subject to this Protective Order. Properly designated Confidential Information shall remain protected after conclusion of this litigation.

4.5 Use in Related Litigation. Counsel of record in this action may use and disclose Confidential Information in other actions pending in the United States District Court for the District of Massachusetts or in other federal courts that challenge the same policies at issue in this action, subject to the following conditions: (a) such use is limited to attorneys who are counsel of record in this action and their employees assisting with such matters; (b) the material shall retain its CONFIDENTIAL designation and remain subject to the terms of this Protective Order, and to any protective order entered in the other action, whichever affords greater protection; and (c) this Court retains jurisdiction to enforce this Protective Order as to any such use.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this agreement, or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced. The designating party must affix the word "CONFIDENTIAL" to each page of paper or electronic document

that contains Confidential Information or must provide the receiving party with a list identifying the documents that contain Confidential Information.

5.3 Inadvertent Failures to Designate. If the designating party inadvertently fails to designate material as Confidential Information at the time of production, they shall take reasonable steps to notify the other party's counsel of the failure within five business days of discovering the failure. The designating party shall promptly supply the other party's counsel with new copies of any documents bearing corrected confidentiality designations or a new list classifying the documents as containing Confidential Information, and the other party's counsel shall return or destroy the original materials, and certify in writing to the producing party that such information has been destroyed. Production of such Confidential Information, in and of itself, shall not constitute waiver of any claim of confidentiality.

**6. DEPOSITIONS**

For testimony given during a deposition, a party may designate specific testimony as Confidential Information either on the record during the deposition or by serving written notice identifying the specific portions of the final transcript that the party designates as Confidential Information. Any post-deposition designation shall be made within fourteen (14) days after receipt of the final transcript, unless the parties agree otherwise.

A party shall designate only those specific portions of deposition testimony for which protection is warranted and shall not designate an entire deposition transcript as Confidential Information absent a particularized basis for concluding that the transcript as a whole warrants protection.

A designation of deposition testimony as Confidential Information does not, by itself, require that any filing containing or referencing such testimony be filed under seal. Any request to file materials under seal shall be made in accordance with the applicable Local Rules and governing standards for sealed filings.

**7. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1 Timing of Challenges. Any party may challenge a designation of confidentiality at any time. A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

7.2 Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3 Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 83.6.11, if applicable). The burden of persuasion in any such motion shall be on the designating party. Nothing in this provision shall be construed to impose sanctions merely because a party challenges a confidentiality designation. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

a) promptly notify the opposing party in writing and include a copy of the subpoena or court order;

b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected; and

d) decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who received Confidential Information shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

**9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED INFORMATION**

Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. Thus, when a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

If Defendants withhold responsive materials on the basis of privilege or other protection, they shall identify the materials and assert the applicable privilege or protection in accordance with Federal Rule of Civil Procedure 26(b)(5) and any applicable order of the Court.

A confidentiality designation shall not itself constitute a claim of privilege and shall not relieve the producing party of its obligations under Rule 26(b)(5).

**11. NON-TERMINATION AND RETURN OF DOCUMENTS**

Within 60 days after the termination of this action, including all appeals, each receiving party shall destroy all Confidential Information obtained and in its possession, custody, or control, except as this Court may otherwise order, and except that Confidential Information used in another action as permitted under Section 4.5 may be retained for the duration of that action, subject to the terms of this Protective Order. The parties shall agree upon appropriate methods of destruction. Notwithstanding this provision, counsel is entitled to retain one archival copy of all Confidential Information. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

**12. MISCELLANEOUS**

a) Enforceability. Upon the Court's endorsement, the parties are bound by the terms of this Protective Order until those terms are modified by order of the Court.

b) Right to Further Relief. Nothing in this Protective Order abridges the right of any party to seek its modification by the Court in the future.

c) Right to Assert Other Objections. No party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.

**13. PRODUCTION OF COURT-ORDERED DISCOVERY**

The entry of this Protective Order shall not delay or excuse the production of discovery that the Court has ordered to be produced.

To the extent Defendants have stated in their discovery responses that responsive materials will be produced upon entry of a protective order, Defendants shall commence rolling production within seven (7) days after entry of this Protective Order and shall substantially complete such production within twenty-one (21) days after entry of this Protective Order, subject to any properly asserted claims of privilege, relevance, or other protection or objection under the Federal Rules of Civil Procedure.

Any materials withheld on the basis of privilege or other protection shall be identified in accordance with Federal Rule of Civil Procedure 26(b)(5) and any applicable schedule established by the Court.

Nothing in this section shall be construed to resolve any dispute concerning the adequacy, completeness, or timing of Defendants' discovery responses, or the validity or merits of any properly asserted objection.

**IT IS SO ORDERED.**

**RESPECTFULLY SUBMITTED**
September 1, 2026

***/s/ Stefanie Fisher-Pinkert***
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

***/s/ Carl Hurvich***
Carl Hurvich
BBO # 698179)
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
617-245-8090
Carl@brookslawfirm.com

/***s/ LaToya N. McBean Pompy***
LaToya N. McBean Pompy
NY Bar # 6153985
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605

914-898-9488
L.Pompy@mcbeanlaw.com

***/s/ Lauren E. Allu***
NY Bar # 4160644
NJ Bar# 014772002
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
l.allu@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**IT IS SO ORDERED.**

**DATED: September XX, 2026**

______________________________________

**JULIA E. KOBICK**
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ___________________________________ [print or type full name], of ___________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued in the case of AKMURAT O. DOE, et al. v. DONALD J. TRUMP, et al. (consolidated with Abeer H. Doe, et al. v. Trump, et al., 1:26-cv-11382-JEK), pending in the District of Massachusetts and bearing Case No. 1:25-cv-13946-JEK. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Massachusetts for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: ________________________

City and State where sworn and signed: ________________________

Printed name: ________________________

Signature: ________________________