**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al.,<br>*Plaintiffs,*<br>v.<br>DONALD J. TRUMP, et al.,<br>*Defendants.* | Civil Action No.: 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO QUASH, FOR PROTECTIVE ORDER, AND STAY OF DISCOVERY**

Consistent with this Court's Scheduling Order, Defendants file this reply[1] in support of their Motion to Quash, for a Protective Order, and Stay of Discovery. ECF No. 135 ("Defendants' Motion"). Plaintiffs' Opposition to Defendants' Motion to Quash ("Plaintiffs' Opposition"), once again, fundamentally misunderstands Defendants' Motion. Plaintiffs claim the Government's Motion is "a third attempt to stop meaningful discovery in this case," by seeking "a sweeping, blanket prohibition on essential discovery[.]" Pls.' Opp'n at 1. But Defendants are not seeking reconsideration of this Court's order to permit supplementation of the Certified Administrative Record ("CAR"). Defendants *do* ask the Court to issue an order limiting discovery to the scope outlined during the June 2, 2026 Scheduling Conference[2] and to quash all deposition notices other than a limited version of Plaintiffs' Rule 30(b)(6) notice because they are not necessary nor

[1] ECF No. 116 (Court's Scheduling Order) at 3 ("Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed eight pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.").

[2] During the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) constitutional claims and (2) the 90-Day Guidance. ECF No. 110 at 19:9-24.

proportional to the needs of this case and seek information outside the scope of discovery this Court permitted.

**A. The CAR is Complete.** [3]

In their Opposition to Defendants' Motion, Plaintiffs argue for the first time that the CAR is incomplete in an effort to belatedly expand the scope of discovery to include discovery on their Administrative Procedure Act ("APA") claims. Pls.' Opp'n at 13. As a threshold matter, this is improper. To the extent Plaintiffs seek to expand the scope of discovery because they claim the CAR is incomplete, the proper mechanism is to file a motion for additional supplementation of the record. Regardless, it is well established that "[t]he focal point of APA review is the existing administrative record." *Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013). During the June 2, 2026 Scheduling Conference, the Court allowed limited discovery concerning (1) constitutional claims and (2) the 90-Day Guidance. ECF No. 110 at 19:9-24. The Court has *not* permitted record supplementation on Plaintiffs' core APA claims (Counts I–IV). And Plaintiffs have not made the requisite showing to warrant supplementation of the CAR as it relates to Counts I–IV.

Plaintiffs first claim that discovery is a tool to "test" whether the CAR is complete. They cite no authority to support such an assertion, and indeed, such an argument turns the standard on its head. The First Circuit has explained that "[w]hen reviewing agency decisions, we do not allow supplementation of the administrative record without specific evidence (i.e., a "strong showing") of the agency's 'bad faith or improper behavior.'" *Int'l Jr. Coll. of Bus. & Tech., Inc. v. Duncan*, 802 F.3d 99, 114 (1st Cir. 2015) (quoting *Town of Norfolk v. U.S. Army Corps of Eng'rs*, 968 F.2d 1438, 1458–59 (1st Cir. 1992)). Here, Plaintiffs have made no such showing. Rather, they insist that the Government's CAR is incomplete because the Government relied on declarations during

---

[3] The CAR is complete because the 90-Day Guidance has not been issued.

the course of this litigation regarding the status of the 90-Day guidance or compliance with the Court's injunctions. Pls.' Opp'n at 13, 14, 18. But Plaintiffs don't get to decide what documents are in the CAR—indeed, neither do Defendants. A CAR is composed of the "full administrative record that was before [the agency] *at the time [it] made [its] decision*." *Citizens to Pres. Overton Park*, *Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Saunders*, 430 U.S. 99 (1977) (emphasis added). Here, Plaintiffs are seeking documents which post-date the challenged agency action—the implementation and application of the challenged policies to Plaintiffs' pending applications. *See generally* ECF No. 7; *see also Abeer H. Doe, et al. v. Trump, et al.*, 1:26-cv-11382-ADB, ECF No. 1. But documents post-dating the challenged action are not part of the CAR. *Citizens to Pres. Overton Park*, 401 U.S. at 420.

Similarly, Plaintiffs' wish to have pre-decisional or deliberative documents included in the CAR is not supported by law. *See Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1455-58 (1st Cir. 1992) (upholding omission of documents on attorney-client and deliberative process privilege grounds); *In re Pharm. Indus. Average Wholesale Price Litig.*, 254 F.R.D. 35, 40 (D. Mass. 2008) ("deliberative documents may not be included in an administrative record because they often demonstrate a personal opinion of the agency policy that may inaccurately reflect or prematurely disclose the views of the agency.") (internal quotations omitted). Because Plaintiffs have not made the necessary showing to demonstrate the CAR is incomplete, the Court should not reconsider its initial decision and belatedly allow any supplementation of the CAR on Counts I–IV.

**B. Defendants' Written Discovery Responses Are Appropriate and Consistent.**

Plaintiffs also argue that Defendants' discovery responses undercut their Motion. First, they say Defendants' scope of discovery objection is waived by their responses to written

discovery requests. Pls.' Opp'n at 20. Specifically, Plaintiffs allege Defendants "waived their scope objection to Interrogatory 12 by answering substantively; that answer describes individualized review only to lift an existing hold, undercutting their RFA 11 denial that such review was required before the hold applied.". But Defendants specifically objected on the basis of scope in its response to Interrogatory 12. ECF No. 135-3 at 9. Defendants then responded to Interrogatory 12 "subject to and without waiving the foregoing objections[.]" *Id.* Moreover, the Government's response to Request for Admission 11 is consistent with its other written discovery responses.

Plaintiffs claim that Defendants have made inconsistent objections regarding scope of discovery is also wrong. *See* Pls.' Opp'n at 19–20 ("Exhibit E treats nationality-based differential treatment, individualized review, and country coverage as proper subjects, yet Defendants object to Topic 14 and RFPs 9, 10, and 17 on those issues. ECF No. 135-5, at 2; ECF No. 135-4, at 7; ECF No. 135-1, at 10–11, 15.). Defendants have repeatedly and consistently objected based on scope because the Court limited discovery to two narrow issues: (1) Plaintiffs' constitutional claims and (2) 90-Day Guidance. *See generally* ECF Nos. 135, 135-1, 135-2, 135-3. Defendants have also objected to Plaintiffs' discovery requests for other reasons, such as Plaintiffs being in possession of the information sought. Defendants' objections are not inconsistent, they are cumulative, and merely reflect that Plaintiffs' requests are objectionable on more than one ground.

**C. All Depositions Should Be Quashed Until the Court Issues an Order Outlining the Scope of Discovery.**

All of Plaintiffs' deposition notices should be quashed because (1) the information Plaintiffs seek to discover through depositions is outside the scope of the limited discovery, and (2) the sheer number of depositions is disproportionate to the needs of the case.

First, as discussed *supra* the Court ordered discovery into two limited issues—(1) Plaintiffs' constitutional claims and (2) the 90-Day Guidance. ECF No. 110 at 19:9-24. Plaintiffs claim deposition testimony is necessary to obtain "factual testimony from identified participants about what each official did, reviewed, communicated, and observed, and how the CAR was assembled and certified." Pls.' Opp'n at 4–5. Plaintiffs' own statements reveal how the information they seek is out of scope. Specifically, Plaintiffs say "Edlow's and Good's formulation knowledge cannot be supplied by an implementation official; Lin's knowledge of how the CAR was compiled cannot be supplied by a policymaker; and the knowledge of Kernochan and Stiefel as CAR signatories cannot be reconstructed by someone who merely reviews the finished record." Pls.' Opp'n at 6–7. But Director Edlow[4] is an unnecessary and improper deponent under the Apex Doctrine. *See* Defs.' Mot. 10–11; *see also infra*. Branch Chief Lin's testimony is outside the scope because the completeness of the CAR is not at issue. *See infra*. Similarly, Kernochan[5] and Stiefel's testimony on the compilation of the CAR is outside the scope. *Id.*

Second, Plaintiffs frame their deposition notices as "narrowly tailored." Pls.' Opp'n at 1. But this could not be further from the truth. Plaintiffs have noticed every individual listed in the Government's initial disclosures as a deponent and also seek a Rule 30(b)(6) deposition. If Plaintiffs are permitted their way, this would result in eight depositions of high-ranking USCIS

[4] Defendants note that Plaintiffs concede that the Apex Doctrine applies to Director Edlow, Deputy Director Alfonso-Royals, and (possibly) former Deputy Director Kernochan. *See* Pls.' Opp'n at 10; *but see id.* at 11 (arguing the deposition of Kernochan does not impose a substantial burden on USCIS operations because of Kernochan's status as a former Deputy Director).

[5] Plaintiffs say that "[o]nly Edlow, Alfonso-Royals, and Good are current officials; the other notices [of deposition] identify Kernochan, Harrison, Stiefel, Sotomayor, and Lin as former [officials]." Pls.' Opp'n at 11 (citing Plaintiffs' own noticed of deposition attached to Defendants' Motion). But this ignores that Defendants only identified Kernochan and Stiefel as former officials in their initial disclosures. Simply because *Plaintiffs* call certain officials "former" does not make them so.

officials, and a Rule 30(b)(6) deposition spanning 41 subtopics and potentially adding dozens of witnesses.[6] Nor is the scope of topics covered by the Plaintiffs' Rule 30(b)(6) deposition narrow. *See e.g.* ECF No. 135-4 at 8–9 (Topics 18 and 19 seeking testimony regarding USCIS's compliance with this Court's preliminary injunction orders and compliance with *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 LX 218480 (D.R.I. June 5, 2026) ("*Dorcas* decision"))[7]. They seek all this in a case where the Court has ordered *limited discovery* to answer *two narrow issues* outside of the existing CAR—Plaintiffs' constitutional claims and the 90-Day Guidance. ECF No. 110 at 19:9-24.

Additionally, much of Plaintiffs' Opposition argues that Defendants have not identified an alternative deponent other than those noticed for depositions. Pls.' Opp'n at 2–11. This misconstrues Defendants' position. Defendants argue that the eight depositions should be disallowed because they are disproportionate all together—not just because Plaintiffs seek to depose high-level officials. But even considered individually, each deposition notice should be quashed because Plaintiffs seek information from only high-ranking individuals (without

---

[6] Plaintiffs claim the eight depositions would only be ninety minutes each and that the Rule 30(b)(6) deposition would last four hours. ECF Nos. 135-4, 135-6. While aspirational, Defendants' experience suggests otherwise, and indicates that these time estimates are not realistic based on the categories of information Plaintiffs seek from the officials' depositions and the forty-one Rule 30(b)(6) topics they have listed.

[7] Plaintiffs argue "[t]he *Dorcas*-related requests are relevant" because Defendants "place cessation at issue by asserting that the policies 'are no longer in effect' after *Dorcas* and invoking the vacatur to withhold further information." Pls.' Opp'n at 20. But there is *no question* that the policies are no longer in effect. *See Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 LX 218480 (D.R.I. June 5, 2026) (vacating the challenged policies); ECF No. 117 (this Court's order denying Plaintiffs' motions to enforce noting "both policies have been declared unlawful, vacated, and set aside in whole by another federal court.") (citing *Dorcas*). Confusingly, Plaintiffs also suggest voluntary cessation principles apply to the Government's compliance with a court order, but of course, this is incorrect. *See* Pls.' Opp'n at 20 ("If [Defendants] rely on that cessation, they bear 'the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.' *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).").

consideration of the disruption to USCIS operations) and the information sought is outside the scope or poorly scoped for the needs of this case. Indeed, Plaintiffs' own statements regarding the information they intend to seek in those depositions suggest that the noticed depositions are outside the scope and disproportional to the needs of discovery.

In sum, the Court should quash all noticed depositions because Plaintiffs' own statements indicate they seek to depose multiple high-ranking USCIS officials in search of information outside the limited scope of discovery. Additionally, the number of depositions noticed is disproportional to the needs of this case.

**CONCLUSION**

For the foregoing reasons, and those in Defendants' Motion, the Court should grant Defendants request limiting discovery to the scope proposed in Exhibit E. *See* ECF No. 135-5. Defendants' proposal in Exhibit E includes both written discovery and topics for a Rule 30(b)(6) deposition. The scope of discovery proposed in Exhibit E is more than sufficient to provide this Court with the information it needs to resolve the claims before it.

DATED: September 9, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

MATTHEW SEAMON
Assistant Director

MARY LARAKERS
Senior Litigation Counsel

***/s/ Victoria Turcios***
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 9, 2026

***/s/ Victoria Turcios***
VICTORIA TURCIOS