**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br><br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY RESPONSES AND TO DETERMINE THE SUFFICIENCY OF DEFENDANTS' ANSWERS TO REQUEST FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 37(a) and 36(a)(6), Local Rule 37.1, and Procedural Provision 2 of the Scheduling Order (ECF No. 116), Plaintiffs move to compel Defendants to (1) serve complete, non-evasive answers to Requests for Admission Nos. 4, 5, 6, and 12–16, or have those matters deemed admitted; (2) produce the documents Defendants have conditioned on entry of a protective order; (3) designate and produce a Rule 30(b)(6) witness on the noticed topics; and (4) produce the eight individually noticed fact witnesses. Plaintiffs also request their reasonable expenses, including attorney's fees, under Rule 37(a)(5).

Plaintiffs incorporate by reference the arguments and authorities in their Opposition to Defendants' Motion to Quash, for a Protective Order, and Stay of Discovery (ECF No. 140) — including the apex-doctrine analysis at Part I and the certified-administrative-record ("CAR") completeness analysis at Part II — and repeat them here only as necessary to frame the relief requested below.

## I. INTRODUCTION

This Motion and Defendants' pending Motion to Quash, for a Protective Order, and Stay of Discovery (ECF No. 135) present the same discovery dispute from opposite sides. ECF No. 135 asks the Court to prohibit discovery; this Motion asks the Court to compel it — and to resolve the one dispute ECF No. 135 does not address: Defendants' refusal to admit or deny eight Requests for Admission going to the two subjects this Court authorized for discovery, the 90-Day Guidance and Plaintiffs' constitutional

claims. Plaintiffs file now, before the September 15, 2026 close of fact discovery, to comply with Procedural Provision 2 and to ensure that an affirmative order compelling discovery — not merely a denial of Defendants' motion — is before the Court at the September 17, 2026 conference.

**II. PROCEDURAL BACKGROUND**

1. On June 2, 2026, the Court authorized limited discovery on two subjects: Plaintiffs' constitutional claims and the 90-Day Guidance referenced in the Challenged Policies. ECF No. 110 at 19:9–24.

2. On June 22, 2026, the Court entered the Scheduling Order (ECF No. 116), setting July 14, 2026 as the deadline to serve requests for production, interrogatories, and requests for admission, and September 15, 2026 as the deadline for completion of all fact discovery.

3. On July 14, 2026, Plaintiffs timely served their First Sets of Requests for Production, Interrogatories, and Requests for Admission. On July 29, 2026, Plaintiffs noticed the depositions of eight USCIS officials (identified in Part IV.D below) and a Rule 30(b)(6) deposition of USCIS on nineteen topics. ECF No. 135-4; ECF No. 135-6.

4. On August 13, 2026, Defendants served their responses and objections to Plaintiffs' First Set of Requests for Admission. ECF No. 135-2. Defendants admitted Requests 1, 2, 3, 7 (in part), 8 (by denial with an admitted substitute), 9 (in part), 10 (in part), 11 (by denial), 17, and 18, but stood on objections and refused to admit or deny Requests 4, 5, 6, 12, 13, 14, 15, and 16.

5. On August 18, 2026, Defendants moved for a protective order. ECF No. 134. Defendants' responses to approximately twenty of Plaintiffs' Requests for Production state that responsive, non-privileged documents will be produced only "subject to a protective order entered in this case." ECF No. 139 at 1–2, 7 (citing ECF No. 135-1). No protective order has been entered, and no documents have been produced under those conditional responses.

6. On August 19, 2026, Defendants moved to quash the eight individual depositions, narrow the Rule 30(b)(6) topics, and stay all discovery. ECF No. 135.

7. On September 1, 2026, Plaintiffs opposed the protective-order motion and proposed their own order, along with a production schedule (rolling production within seven days of entry, substantially complete within twenty-one days) and an extension of the discovery deadlines. ECF No. 139 at 8.

8. On September 2, 2026, Plaintiffs opposed the motion to quash. ECF No. 140.

9. Plaintiffs have concurrently moved to modify the Scheduling Order under Procedural Provision 1, proposing that fact discovery run 45 days from the Court's ruling on ECF Nos. 134 and 135 — the interval Defendants themselves proposed, ECF No. 135 at 14 — with summary-judgment deadlines following at the original 28/21/14/14-day intervals.

10. On September 9, 2026, Defendants filed their Reply on ECF No. 135. ECF No. 143. The Reply does not dispute that Topics 4 through 8 of Plaintiffs' Rule 30(b)(6) notice are proper, and confirms Defendants' fallback position that discovery should be limited to the scope proposed in Exhibit E. ECF No. 143 at 7 (citing ECF No. 135-5).

11. As of the filing of this Motion, none of the eight individual depositions, the Rule 30(b)(6) deposition, the conditioned document production, or the eight disputed Requests for Admission has been resolved.

**III. LEGAL STANDARD**

Rule 37(a)(3)(B) authorizes a motion to compel when a deponent fails to answer, a corporation fails to make a Rule 30(b)(6) designation, a party fails to answer an interrogatory, or a party fails to produce documents under Rule 34. An evasive or incomplete answer is a failure to answer. Fed. R. Civ. P. 37(a)(4).

Rule 36(a)(6) governs the disputed Requests for Admission: the requesting party may move to determine the sufficiency of an answer or objection. "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with [Rule 36], the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).

Local Rule 37.1 requires a discovery motion to (1) certify a good-faith conferral to resolve or narrow the disagreement, and (2) set forth, for each request at issue, the request, the response or objection, and the grounds for compelling a further response. Plaintiffs provide that certification and chart below.

Under Rule 37(a)(5)(A), if a motion to compel is granted — or the discovery is provided after the motion is filed — the Court must, after an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorney's fees, unless the movant did not first attempt in good faith to obtain the discovery, the nondisclosure was substantially justified, or other circumstances make an award unjust.

**IV. ARGUMENT**

***A. The Court Should Determine That Defendants' Objections to Eight Requests for Admission Are Not Justified***

Defendants admitted ten of Plaintiffs' eighteen Requests for Admission — including that the 90-Day Guidance has never been issued in final form (Request 3) and that materials Defendants rely upon elsewhere in this litigation are absent from the CAR (Requests 17–18; see ECF No. 140, Part II.B). As to the eight Requests below, Defendants refused to admit or deny, standing entirely on objections that the requests fall "outside the scope of the limited discovery that the Court has permitted in this matter." ECF No. 135-2 at 3–7. That objection fails: each request goes to the status of the Hold after the 90-Day Guidance deadline lapsed, or to whether USCIS's systems and communications accurately reflected that status — the same subject matter Defendants' own admissions to Requests 1 through 3 place within the authorized scope.

| No. | Request (summarized) | Defendants' Response |
|---|---|---|
| 4 | Hold remained in effect after the 90-day periods elapsed | Stands on objection (vague; outside scope) |
| 5 | USCIS did not lift the Hold when the 90-day periods expired | Stands on objection (vague; outside scope) |
| 6 | USCIS did not modify the Hold when the 90-day periods expired | Stands on objection (vague; outside scope) |

| | | |
|---|---|---|
| 12 | USCIS Systems continued to reflect a hold after Apr. 30, 2026 | Stands on objection (outside scope) |
| 13 | USCIS Systems not updated as of June 12, 2026 | Stands on objection (outside scope) |
| 14 | USCIS told Named Plaintiffs the Hold remained in place after Apr. 30, 2026 | Stands on objection (outside scope) |
| 15 | USCIS conveyed inaccurate information about the Hold's status | Stands on objection (outside scope; disproportionate; undue burden) |
| 16 | USCIS had not updated guidance for *Dorcas* compliance as of June 12, 2026 | Stands on objection (outside scope) |

Plaintiffs' grounds for compelling a further response to each Request are as follows:

1. Requests 4–6 (Hold's status after the 90-day periods lapsed) test the consequence of a fact Defendants have admitted — that the 90-Day Guidance was never issued, Request 3 — and continue the authorized 90-Day Guidance inquiry rather than open a new subject.

2. Request 12 (USCIS Systems after April 30, 2026) concerns the date of this Court's preliminary injunction. Whether the Hold persisted in USCIS's own systems after that Order bears directly on Plaintiffs' constitutional claims and mirrors 30(b)(6) Topic 18.

3. Request 13 (systems not updated as of June 12, 2026) tests the completeness of USCIS's remediation and is corroborated by the June 12, 2026 declaration testimony referenced in admitted Requests 17–18.

4. Request 14 (communications to Named Plaintiffs after April 30, 2026) is direct evidence of post-injunction conduct toward the Named Plaintiffs, core to the due-process and equal-protection claims. ECF No. 140 at 17–19.

5. Request 15 (inaccurate information conveyed to applicants) rests on conclusory proportionality and burden objections unsupported by any declaration — the same deficiency in Defendants' protective-order motion, ECF No. 139 at 3. Plaintiffs do not oppose narrowing the request to

the Named Plaintiffs and the post-injunction period, but Defendants must answer rather than refuse outright.

6. Request 16 (guidance for *Dorcas* compliance) goes to the voluntary-cessation issue Defendants placed at issue by invoking the *Dorcas* Vacatur, *Dorcas Int'l Inst. of R.I. v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 LX 218480 (D.R.I. June 5, 2026), which Plaintiffs must be permitted to test under *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 190 (2000), as argued at ECF No. 140 at 20. Defendants' new contention that voluntary-cessation principles do not apply to compliance with a court order, ECF No. 143 at 6 n.7, does not answer the narrower factual question Request 16 asks — whether USCIS had updated its guidance for *Dorcas* compliance as of June 12, 2026 — and at most goes to the weight of Defendants' cessation defense, not to whether they may refuse to admit or deny a discrete factual request about their own guidance.

None of Defendants' scope objections is "substantially justified" under Rule 37(a)(5): the Court authorized discovery into the 90-Day Guidance and Plaintiffs' constitutional claims without qualification, ECF No. 110 at 19:9–24, and Defendants' own admissions to Requests 1 through 3, 17, and 18 place Requests 4 through 6 and 12 through 16 within that authorization. Plaintiffs ask the Court to deem those Requests admitted or order complete, non-evasive answers within fourteen (14) days, under Rule 36(a)(6).

### *B. The Court Should Compel Production of Documents Defendants Have Conditioned on Entry of a Protective Order*

Approximately twenty of Defendants' Requests for Production responses[1] state that responsive materials will be produced only "subject to a protective order entered in this case." ECF No. 139 at 1–2, 7. No protective order has been entered, and no conditioned documents have been produced — though Defendants themselves moved for a protective order nearly a month ago. ECF No. 134. Plaintiffs do not oppose an appropriately tailored confidentiality order and have proposed one. ECF No. 139, Ex. A. But

[1] Exhibit A, *Discovery—Request, Response, and Plaintiff's Position*, compiles every Request for Production, Request for Admission, and Interrogatory Plaintiffs have served on Defendants to date, together with Defendants' response or objection to each and Plaintiffs' position on its sufficiency. See ECF No. 135-1 (Defendants' Responses to Plaintiffs' First Set of Requests for Production); ECF No. 135-2 (Defendants' Responses to Plaintiffs' First Set of Requests for Admission); ECF No. 135-3 (Defendants' Responses to Plaintiffs' First Set of Interrogatories).

Defendants may not use the pendency of their own motion, or disagreement over its terms, to withhold indefinitely discovery this Court has authorized. Plaintiffs ask the Court to order that, upon entry of a protective order in any form, Defendants commence rolling production within seven (7) days and substantially complete it within twenty-one (21) days — the schedule Plaintiffs proposed in ECF No. 139, to which Defendants have offered no alternative.

***C. The Court Should Compel USCIS to Designate and Produce a Rule 30(b)(6) Witness***

Defendants agree that Topics 4 through 8 of Plaintiffs' Rule 30(b)(6) notice are proper, subject to specified redline edits. ECF No. 135-5 (Exhibit E) at 2–3. They dispute the remaining topics principally as seeking information about the drafting and rationale for the Challenged Policies (Topics 1–3, 9–17) or about compliance with the preliminary injunction and the *Dorcas* Vacatur (Topics 18–19). As set forth in ECF No. 140, Part II, those topics go to the completeness of the CAR and to Plaintiffs' constitutional claims, both within the authorized scope, and a Rule 30(b)(6) deposition "does not preclude a deposition by any other procedure," Fed. R. Civ. P. 30(b)(6), nor need it precede or await the individual depositions. *Infinity Fluids, Corp. v. Gen. Dynamics Land Sys., Inc.*, No. CV 14-40089-TSH, 2015 WL 4498069, at *2 (D. Mass. July 23, 2015).

Plaintiffs ask the Court to order USCIS to designate one or more Rule 30(b)(6) witnesses on all nineteen noticed topics (ECF No. 135-4, or as narrowed by the Court's ruling on ECF No. 135) for a deposition of no more than four hours, to be completed within the New Fact Discovery Deadline proposed in Plaintiffs' concurrently filed Motion to Modify the Scheduling Order — 45 days after the Court's ruling on ECF Nos. 134 and 135.

Defendants' contention that Plaintiffs must instead move to supplement the record and make a "strong showing" of bad faith, ECF No. 143 at 2–3, does not defeat this Motion. The discovery sought here rests on the two subjects the Court authorized — subjects Defendants themselves describe as lying "outside of the existing CAR," ECF No. 143 at 6 — and the record-review standard Defendants invoke does not govern discovery on constitutional claims, for which how the Challenged Policies were formulated, by whom, and on what rationale is core evidence of purpose. Nor did Plaintiffs raise the

completeness of the CAR "for the first time" in ECF No. 140. ECF No. 143 at 2. Plaintiffs raised defects in the record at the February 13, 2026 hearing, ECF No. 41 at 4–5, 19–20; told the Court at the June 2 scheduling conference that they sought "limited discovery … to supplement the certified administrative record," ECF No. 110 at 14:11–14, in response to which the Court asked Defendants whether the record was complete and invited motions on the point, *id.* at 17:10–24, 19:14–17; served Requests for Admission 17–18 and Request for Production 31 — seeking "materials that were before the agency but omitted from the certified administrative record" — on July 14, 2026, to which Defendants agreed to produce responsive documents, ECF No. 135-1 at 21–22; ECF No. 135-2 at 9; and noticed Rule 30(b)(6) Topics 3(a) and 17 on the record's completeness on July 29, 2026. ECF No. 135-4 at 5, 7. Plaintiffs do intend to move to complete the CAR, which omits material that was before the agency when it adopted the Challenged Policies, *see* ECF No. 140, Part II — the motion the Court itself said it would entertain. ECF No. 110 at 19:14–17. But Defendants cannot insist on a particularized showing of what the record omits while refusing the very discovery — testimony from the officials who compiled and certified the CAR — that would supply it. Plaintiffs ask that the Court set a schedule for that motion at the September 17 conference.

***D. The Court Should Compel the Eight Noticed Individual Depositions***

Plaintiffs incorporate the apex-doctrine analysis at ECF No. 140, Part I, which shows that Defendants' own Initial Disclosures assign each noticed witness a discrete, hands-on role in formulating, implementing, or documenting the Challenged Policies and compiling the CAR; that five of the eight are former officials with no current duties a ninety-minute deposition could disrupt; and that Defendants have identified no alternative source for any witness's firsthand knowledge. The posture of each witness is summarized below.

| Witness | Role | Status | Apex Posture |
|---|---|---|---|
| Joseph B. Edlow | Director, USCIS — formulated all three policies | Current | Plausible apex established |

| | | | |
|---|---|---|---|
| Angelica Alfonso-Royals | Deputy Director — implemented the policies; sworn declarant | Current | Plausible apex established |
| Andrew Good | Chief, Office of Policy & Strategy — formulated/implemented | Current | Not established (office chief) |
| Julia Harrison | Fmr. Acting Chief of Staff, Service Center Ops. — implemented | Former | Not established; former status |
| James Kernochan | Fmr. Deputy Director — implemented; signed CAR | Former | Not established; former status |
| Nathaniel Stiefel | Fmr. Deputy Chief, Policy & Strategy — formulated PM-602-0192; signed CAR in part | Former | Not established; sub-apex, former |
| Paloma Sotomayor | Fmr. Acting Division Chief, Policy & Strategy — formulated PM-602-0192 | Former | Not established; sub-apex, former |
| Melissa Lin | Fmr. Branch Chief, Policy & Strategy — compiled the CAR | Former | Not established; sub-apex, former |

Plaintiffs' position, consistent with ECF No. 140 at 11, is that all eight depositions should proceed, in any order; Plaintiffs do not insist on beginning with Edlow. Alfonso-Royals, however, should be compelled to sit regardless of sequencing: she has submitted sworn declarations in this case, ECF Nos. 49-1, 112-1, and Defendants cannot rely on her attestations while shielding her from limited questioning on the same subjects, nor claim that her personal knowledge is unavailable or her deposition cumulative. Alternatively, if the Court finds sequencing warranted, Plaintiffs ask that the depositions of Alfonso-Royals, Good, Harrison, Kernochan, Stiefel, Sotomayor, and Lin proceed now and that only the Edlow notice be deferred — without quashing — to be renewed if the completed testimony confirms he possesses material information unavailable from the other witnesses. ECF No. 140 at 21.

Each deposition was noticed for ninety minutes — well below Rule 30(d)(1)'s presumptive seven-hour limit — and none has gone forward because Defendants let the notices lapse and filed ECF No. 135 the morning of the first scheduled deposition. ECF No. 140 at 21. Plaintiffs ask the Court to order Defendants to produce all eight witnesses for their noticed ninety-minute depositions, on dates selected by Plaintiffs upon fourteen (14) days' notice, to be completed by the New Fact Discovery Deadline.

***E. This Motion Is Timely, and Defendants' Anticipated Red Eagle Notice Is No Basis to Defer It***

Procedural Provision 2 of the Scheduling Order requires that motions to compel discovery be filed "no later than the close of fact discovery." ECF No. 116, Procedural Provisions ¶ 2. Fact discovery closes September 15, 2026. *Id.* ¶ 5. This Motion is timely and preserves Plaintiffs' right to an affirmative order compelling the discovery at issue, independent of the relief requested in opposition to Defendants' Motion to Quash (ECF No. 140). Because that discovery cannot practically be completed by September 15, 2026 while ECF Nos. 134 and 135 remain pending, Plaintiffs' concurrently filed Motion to Modify the Scheduling Order asks the Court to key its completion to 45 days after the ruling on those motions.

Nor does the class-certification order in *Red Eagle Law, L.C. v. Edlow*, No. 3:26-cv-04850-CRB (N.D. Cal.), which Defendants have advised they intend to bring to the Court's attention, supply a reason to defer the discovery this Court authorized. In conferral, Defendants stated only that the Government is "still evaluating the impact of that decision on this case" and that it therefore "makes little sense" to agree to any discovery schedule. But a class-wide preliminary injunction entered by another district court does not moot Plaintiffs' claims for final declaratory and injunctive relief in this action, which was filed first and in which this Court has already entered its own preliminary injunction. Whatever compliance Defendants undertake under compulsion of the *Red Eagle* order is, like their compliance with the *Dorcas* Vacatur, a matter Plaintiffs are entitled to test under *Friends of the Earth v. Laidlaw*, 528 U.S. 167, 190 (2000), not a basis to halt the inquiry. And the *Red Eagle* order says nothing about the two subjects this Court authorized for discovery — the 90-Day Guidance and Plaintiffs' constitutional claims. If Defendants believe *Red Eagle* warrants a change in the course of this case, the proper vehicle is a motion on notice, not a unilateral suspension of discovery pending the Government's internal evaluation.

**V. RELIEF REQUESTED**

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Deem admitted, or in the alternative order Defendants to serve complete and non-evasive answers within fourteen (14) days, to Requests for Admission Nos. 4, 5, 6, 12, 13, 14, 15, and 16, under Rule 36(a)(6);

2. Order that, upon entry of a protective order in this action, Defendants shall commence rolling production of the documents currently conditioned on that order within seven (7) days and substantially complete production within twenty-one (21) days;

3. Order USCIS to designate and produce, within the New Fact Discovery Deadline, one or more Rule 30(b)(6) witnesses prepared to testify on the noticed examination topics for a deposition of no more than four hours; and,

4. Order Defendants to produce all eight individually noticed witnesses — Edlow, Alfonso-Royals, Good, Harrison, Kernochan, Stiefel, Sotomayor, and Lin — for their noticed ninety-minute depositions, on dates selected by Plaintiffs upon fourteen (14) days' notice, within the New Fact Discovery Deadline, or, alternatively, permit the depositions of all witnesses other than Edlow to proceed on that schedule and defer, without quashing, only the Edlow notice.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion in its entirety.

**LOCAL RULE 37.1 CERTIFICATE OF CONFERRAL**

Pursuant to Local Rule 37.1, counsel for Plaintiffs certify that they have conferred with counsel for Defendants in a good-faith attempt to resolve or narrow the areas of disagreement addressed in this Motion. Counsel for Plaintiffs conferred with counsel for Defendants by email on September 9 and 10, 2026. Plaintiffs proposed a joint motion keying the remaining fact-discovery and summary-judgment deadlines to the Court's rulings on ECF Nos. 134 and 135, requested dates for a Rule 30(b)(6) designee on the topics Defendants themselves identify as within scope in Exhibit E, and requested production of

any responsive documents not subject to Defendants' protective-order condition, offering a telephone conference on September 10.

Defendants declined each request, stating that they "cannot agree to any further deadlines (even deadlines within these 45 days) because the parties do not agree on the scope of discovery," that they "cannot produce any documents to Plaintiffs absent a protective order governing production of confidential information," and that it "makes little sense for the Government to join any motion regarding future discovery deadlines" pending their evaluation of the class-certification order in Red Eagle Law, L.C. v. Edlow, No. 3:26-cv-04850-CRB (N.D. Cal.). Defendants did not respond to the request for a conference call. The parties were therefore unable to resolve or narrow the disputes presented in this Motion.

This conferral builds upon the parties' prior discussion of the same disputes, including the August 4, 2026 exchange and August 7, 2026 correspondence concerning the protective order (ECF No. 134 at 7), the August 13, 2026 Local Rule 7.1(a)(2) conferral on Defendants' Motion to Quash (ECF No. 135 at 16), and the positions each party has taken in ECF Nos. 134, 135, 139, and 140.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, a true and correct copy of the foregoing was served on Defendants by filing this document through the Court's CM/ECF system.

**RESPECTFULLY SUBMITTED**
September 11, 2026

***/s/ Stefanie Fisher-Pinkert***
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*

Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

***/s/ Carl Hurvich***
Carl Hurvich
BBO # 698179)
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
617-245-8090
Carl@brookslawfirm.com

/***s/ LaToya N. McBean Pompy***
LaToya N. McBean Pompy
NY Bar # 6153985
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

***/s/ Lauren E. Allu***
NY Bar # 4160644
NJ Bar# 014772002
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
l.allu@mcbeanlaw.com