## DISCOVERY–REQUESTS, RESPONSE, AND PLAINTIFFS' POSITION

### Requests for Production Chart

| Request for Production | Request | Government Response/Objection | Plaintiff's Position |
|---|---|---|---|
| RFP 1 | All documents constituting, comprising, or reflecting the 90-Day Guidance, in any draft or final form. | Defendants object that the request is overly broad, vague, and ambiguous; assert deliberative process, attorney-client, and work-product privileges; and state that the 90-Day Guidance has not been issued. Defendants will conduct a diligent search and produce responsive, non-privileged documents subject to a protective order. | The request directly seeks documents concerning the challenged Guidance; generalized privilege objections do not justify withholding nonprivileged material. |
| RFP 2 | All documents reflecting the drafting, development, review, clearance, or approval of the 90-Day Guidance, including drafts and internal edits. | Defendants object that the request is overly broad and unduly burdensome; assert deliberative process, attorney-client, and work-product privileges; and state that the 90-Day Guidance has not been issued. Defendants will conduct a diligent search and produce responsive, non-privileged documents subject to a protective order. | Defendants must produce nonprivileged responsive factual/material documents and specifically identify documents withheld on privilege grounds rather than categorically withholding the request. |
| RFP 3 | All Communications concerning the timing, scheduling, delay, deferral, or non-issuance of the 90-Day Guidance. | Defendants state that the 90-Day Guidance has not been issued and object to producing drafts based on deliberative process privilege, as well as | Communications concerning timing/non-issuance are directly relevant to the Guidance and are not categorically privileged merely because they |

| | | | |
|---|---|---|---|
| | | documents protected by attorney-client or work-product privilege. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | concern agency decisionmaking; nonprivileged communications must be produced. |
| RFP 4 | All documents identifying the persons responsible for preparing, reviewing, or approving the 90-Day Guidance. | Defendants object that the request is overly burdensome and disproportionate because identifying all documents relating to persons responsible for preparing, reviewing, or approving the 90-Day Guidance would require an extensive search of agency emails and databases. They also assert deliberative process, attorney-client, work-product, and law enforcement privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The request seeks a discrete category of documents identifying decisionmakers; Defendants have not substantiated the claimed burden or explained why responsive nonprivileged identifying information is unavailable. |
| RFP 5 | All documents reflecting any decision to delay, defer, suspend, or not issue the 90-Day Guidance, and the reasons for that decision. | Defendants state that the 90-Day Guidance has not been issued and object to producing drafts based on deliberative process privilege, as well as documents protected by attorney-client or work-product privilege. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The fact of decisions and underlying factual materials are discoverable; a blanket privilege objection cannot encompass all documents concerning the decision or its factual basis. |

| | | | |
|---|---|---|---|
| RFP 6 | All documents reflecting internal deadlines, milestones, or calendars for the 90-Day Guidance. | Defendants state that the 90-Day Guidance has not been issued and object to producing drafts protected by deliberative process, attorney-client, and work-product privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | Internal deadlines, milestones, and calendars are factual/administrative materials and should be produced to the extent nonprivileged. |
| RFP 7 | All documents reflecting the analyses the 90-Day Guidance was to perform or incorporate, including any risk-factor analysis, country-conditions assessment, or vetting review referenced in the Challenged Policies or in the Declaration of Andrew Good (ECF 49-1). | Defendants state that the 90-Day Guidance has not been issued and object to producing documents protected by deliberative process, attorney-client, work-product, and law enforcement privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The requested analyses concern the substance and operation of the challenged policy; Defendants must produce nonprivileged responsive materials and identify any specific privileged documents withheld. |
| RFP 8 | All Communications between USCIS and any other component of DHS, or the Department of State, concerning the content, timing, or status of the 90-Day Guidance. | Defendants object based on deliberative process, attorney-client, and work-product privileges, and because the request seeks documents outside their possession, custody, or control. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | Interagency communications concerning the challenged Guidance are facially relevant; Defendants cannot withhold responsive materials wholesale based on generalized privilege and custody objections. |
| RFP 9 | All documents reflecting the basis for, or the criteria or methodology used in, | Defendants object based on deliberative process, attorney-client, and work-product | Defendants improperly equate publicly available governing documents with the |

| | | | |
|---|---|---|---|
| | selecting the Designated Countries. | privileges; documents outside their possession, custody, or control; and information already in Plaintiffs' possession. They state that the basis and methodology for selecting the Designated Countries is available in the CAR, Executive Order 14161, and Proclamation 10949. Defendants stand on their objections and will not produce documents; no protective order is offered or required. | requested underlying records reflecting the agency's actual basis, criteria, or methodology. |
| RFP 10 | All documents reflecting any consideration of nationality, national origin, religion, ethnicity, or race in the formulation or application of the Challenged Policies. | Defendants object that the request is overbroad, burdensome, disproportionate, outside the scope of discovery, and vague; assert deliberative process, attorney-client, and work-product privileges; and state that the requested information is already in Plaintiffs' possession and concerns non-party applicants. They contend the Challenged Policies were based on criteria in Executive Order 14161 and Proclamation 10949, which are in the CAR. Defendants stand on their objections and will not produce documents; no protective order is offered or required. | The request targets evidence relevant to Plaintiffs' constitutional claims; Defendants cannot avoid discovery by pointing to facial policy documents when Plaintiffs seek evidence concerning actual formulation/application and discriminatory considerations. |

| | | | |
|---|---|---|---|
| RFP 11 | All documents reflecting the justification for applying the Hold on the basis of the Country-of-Birth Criterion. | Defendants object that the request is overbroad, burdensome, disproportionate, and outside the scope of discovery as to non-Plaintiff applicants; assert deliberative process, attorney-client, and work-product privileges; and state that the requested information is already in Plaintiffs' possession and contained in the Challenged Policies and CAR. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The existence of public policy documents does not establish that they contain every document reflecting the agency's justification; responsive nonprivileged materials should be produced. |
| RFP 12 | All documents reflecting the relationship, or fit, between the stated justification for the Challenged Policies and the application of the Hold to the domestic adjudication of applications filed by persons already admitted to or present in the United States. | Defendants object that the request is vague and ambiguous, overbroad, burdensome, disproportionate, and outside the scope of discovery as to non-Plaintiff applicants; assert deliberative process, attorney-client, and work-product privileges; and state that the requested justification is already in Plaintiffs' possession and contained in the Challenged Policies and CAR. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The request seeks evidence bearing directly on the fit between asserted governmental interests and the challenged domestic application of the Hold. |
| RFP 13 | All documents reflecting any | Defendants object that the request exceeds the | Evidence of alternatives considered and rejected |

| | | | |
|---|---|---|---|
| | alternatives to the Hold that were proposed, considered, or rejected, and the reasons. | Court's limited discovery scope, is overly burdensome and disproportionate, and seeks documents protected by deliberative process, attorney-client, and work-product privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | is directly relevant to the rationality/fit and constitutional challenges and cannot be categorically withheld through generalized privilege objections. |
| RFP 14 | All documents reflecting the decision to apply the Hold to applications for asylum or to all asylum applicants. | Defendants object that the request is overbroad, burdensome, disproportionate, and outside the scope of discovery as to non-Plaintiff applicants; assert deliberative process, attorney-client, and work-product privileges; and state that the requested documents are already in Plaintiffs' possession and contained in the CAR, including PM 602-0192 and the November 29, 2025 Memorandum. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The CAR's policy documents do not necessarily encompass the requested decisionmaking materials; Defendants should produce responsive nonprivileged documents concerning the decision's actual formulation and implementation. |
| RFP 15 | All documents reflecting the sequence of events, deliberations, or decisions leading to the issuance of each of the Challenged Policies. | Defendants object based on deliberative process, attorney-client, and work-product privileges; the request exceeds the Court's limited discovery | Defendants' categorical assertion that no additional nonprivileged materials exist is unsupported by any description of the search or identification |

| | | | |
|---|---|---|---|
| | | scope; and the requested documents are already in Plaintiffs' possession and contained in the CAR. Defendants state they do not otherwise possess additional non-privileged responsive documents and will not produce any additional documents. | of withheld materials; the requested decisionmaking record is directly relevant. |
| RFP 16 | All documents reflecting any departure from, or deviation from, USCIS's ordinary adjudicative procedures, standards, or sequence occasioned by the Challenged Policies. | Defendants object that the request is overbroad and burdensome, vague, exceeds the Court's limited discovery scope, and seeks documents already in Plaintiffs' possession; they also assert deliberative process, attorney-client, and work-product privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The request targets concrete operational changes caused by the challenged policies; Defendants should produce responsive records concerning actual deviations affecting Plaintiffs and the challenged adjudication process. |
| RFP 17 | All documents reflecting the actual or anticipated differential treatment, by nationality or country of birth, of applications subject to the Hold. | Defendants object that the request is overbroad, vague, burdensome, disproportionate, and outside the scope of discovery as to non-Plaintiff applicants; they also object to the undefined term "treatment" and assert deliberative process, attorney-client, and work-product privileges. Defendants will search for and produce responsive, | Differential treatment by nationality/country of birth is central to Plaintiffs' claims; Defendants should produce responsive records within a reasonable scope rather than reject the request categorically. |

| | | | |
|---|---|---|---|
| | | non-privileged documents subject to a protective order. | |
| RFP 18 | All documents reflecting any consideration by USCIS of the reliance interests of applicants affected by the Hold, including applicants with pending applications filed before the Challenged Policies issued. | Defendants object that the request is overbroad, burdensome, disproportionate, vague, and ambiguous, particularly regarding "reliance interests," and outside the scope of discovery as to non-Plaintiff applicants and matters beyond the Court's permitted constitutional and 90-Day Guidance claims. They also assert deliberative process, attorney-client, and work-product privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The request seeks evidence concerning the consequences and justification of applying the Hold to pending applications; nonprivileged records concerning those considerations should be produced. |
| RFP 19 | All documents reflecting any consideration of the effects of the Hold on applicants' employment authorization, ability to travel, eligibility deadlines, or status, occasioned by the suspension of adjudication. | Defendants object that the request is overbroad, burdensome, disproportionate, outside the scope of discovery as to non-Plaintiff applicants and matters beyond the Court's permitted constitutional and 90-Day Guidance claims, and duplicative of RFP 18. They also assert deliberative process, attorney-client, and work-product privileges and state that the documents are already in Plaintiffs' | The request concerns distinct concrete consequences of the Hold and is not rendered duplicative merely because it overlaps conceptually with reliance interests; Defendants should produce responsive records. |

| | | | |
|---|---|---|---|
| | | possession. Defendants stand on their objections and will not produce documents; no protective order is offered or required. | |
| RFP 20 | All documents reflecting any consideration of the settled expectations of applicants whose applications were pending when the Challenged Policies issued. | Defendants object that the request is overbroad, burdensome, disproportionate, vague, and ambiguous regarding “settled expectations”; outside the scope of discovery as to non-Plaintiff applicants and matters beyond the Court’s permitted constitutional and 90-Day Guidance claims; duplicative of RFPs 18–19; and seeks documents already in Plaintiffs’ possession. They also assert deliberative process, attorney-client, and work-product privileges. Defendants stand on their objections and will not produce documents. | The request targets a distinct agency consideration concerning pending applications and is relevant to Plaintiffs' claims; any ambiguity could be cured by reasonable construction rather than total refusal. |
| RFP 21 | All documents constituting or reflecting the guidance, referenced at paragraph 6 of the Alfonso-Royals Declaration (ECF 112-1), that the Hold “could not be applied” to the Named Plaintiffs and that their applications be processed in the ordinary course. | Defendants object that the request seeks discovery outside the Court’s scope. Defendants will not produce documents. | The requested guidance directly concerns the treatment of the Named Plaintiffs and is plainly relevant to whether and how the challenged Hold was applied; the scope objection does not justify withholding it. |

| | | | |
|---|---|---|---|
| RFP 22 | All documents constituting or reflecting the notification to USCIS operations referenced at paragraph 5 of the Alfonso-Royals Declaration (ECF 112-1). | Defendants object that the request seeks discovery outside the Court's scope. Defendants will not produce documents. | The requested notification concerns implementation of the challenged policy and is directly relevant to the actual operation of the Hold. |
| RFP 23 | All documents reflecting the internal process for requesting and approving the lifting of holds described at paragraph 8 of the Good Declaration (ECF 49-1), including its standards, criteria, and required approvals. | Defendants object that the request exceeds the Court's limited discovery scope and seeks documents protected by deliberative process, attorney-client, work-product, and law enforcement privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The hold-lifting process directly bears on how the challenged policy operates and whether exceptions exist; responsive nonprivileged operational records should be produced. |
| RFP 24 | All documents reflecting each instance in which that hold-lifting process was invoked, and the disposition, including the categories of applications for which holds were lifted. | Defendants object that the request is vague, ambiguous, insufficiently particularized, overly broad, burdensome, disproportionate, and outside the scope of discovery as to non-Plaintiff applicants and matters beyond the Court's permitted constitutional and 90-Day Guidance claims. They also assert deliberative process, attorney-client, work-product, and law enforcement privileges. Defendants will search for and produce responsive, | The request seeks objective records of actual implementation and exceptions; Defendants should at minimum produce reasonably identifiable records concerning the operation and disposition of hold-lifting requests. |

| | | | |
|---|---|---|---|
| | | non-privileged documents subject to a protective order. | |
| RFP 25 | All documents reflecting the work described at paragraph 7 of the June 12, 2026 Alfonso-Royals Declaration in Dorcas (No. 26-cv-132, D.R.I., ECF 41-1) to ensure that USCIS Systems do not impose limitations or requirements based on the Challenged Policies. | Defendants object that the request seeks discovery outside the Court's scope. Defendants will not produce documents. | Defendants cannot rely on a generic scope objection to withhold documents concerning work expressly identified in a government declaration bearing on implementation of the challenged policies. |
| RFP 26 | All documents reflecting whether, when, and how the Hold was cleared, removed, or disabled within each USCIS System as to each Named Plaintiff. | Defendants object that the request seeks discovery outside the Court's scope. Defendants will not produce documents. | The request is narrowly focused on the Named Plaintiffs and seeks concrete implementation records directly relevant to their claims and requested relief. |
| RFP 27 | All scripts, templates, training materials, and guidance provided to USCIS contact-center, customer-service, or chatbot personnel or systems concerning the Hold or its status. | Defendants object that the request seeks discovery outside the Court's scope. Defendants will not produce documents. | These materials concern how USCIS communicated and implemented the challenged Hold and are directly relevant to Plaintiffs' allegations concerning its operation and inaccurate information. |
| RFP 28 | All documents reflecting the basis for Defendants' acknowledgment that USCIS representatives conveyed inaccurate information to applicants concerning the Hold. | Defendants object that the request seeks discovery outside the Court's scope. Defendants will not produce documents. | The requested documents concern an express factual acknowledgment by Defendants and the basis for that acknowledgment; they are directly relevant and should be produced. |

| | | | |
|---|---|---|---|
| RFP 29 | All documents reflecting any USCIS System functionality that flags, routes, or holds applications by reference to the Country-of-Birth Criterion. | Defendants object that the request is overly broad, burdensome, disproportionate, vague, and ambiguous regarding "USCIS System functionality," and outside the scope of discovery as to non-Plaintiff applicants and matters beyond the Court's permitted constitutional and 90-Day Guidance claims. Defendants stand on their objections and will not produce documents. | The request targets the technological mechanism implementing the challenged Country-of-Birth Criterion and is central to whether and how the Hold operates. |
| RFP 30 | All documents directly or indirectly considered by the decisionmakers in adopting each of the Challenged Policies. | Defendants object that the request is overbroad and burdensome due to the undefined phrase "directly or indirectly considered," and assert deliberative process, attorney-client, and work-product privileges. They also state that the requested documents are already in Plaintiffs' possession and available in the CAR. Defendants stand on their objections and will not produce documents. | Defendants' assertion that responsive materials are "available in the CAR" does not establish that all responsive decisionmaking materials are included there; the request seeks materials actually considered by decisionmakers. |
| RFP 31 | All documents reflecting materials that were before the agency but omitted from the certified administrative record (ECF 78). | Defendants object that the request exceeds the Court's limited discovery scope, is overly broad and burdensome due to the undefined phrase "materials that were before the agency," and seeks documents protected by deliberative process, | Documents before the agency but omitted from the CAR are directly relevant to Plaintiffs' challenge to the completeness of the administrative record and should be produced to the extent nonprivileged. |

| | | | |
|---|---|---|---|
| | | attorney-client, work-product, and law enforcement privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | |
| RFP 32 | All documents constituting or reflecting the "enhanced vetting plan" referenced at paragraph 10 of the Good Declaration (ECF 49-1). | Defendants object based on deliberative process, law enforcement, attorney-client, and work-product privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The Government itself identified an "enhanced vetting plan"; it should produce the underlying nonprivileged plan/materials or specifically substantiate each privilege claim. The designation law-enforcement privilege does not, standing alone, establish a privilege or demonstrate good cause under Rule 26(c). Nor should the protective order itself determine that materials bearing that designation are protected from discovery. If Defendants withhold particular materials on the basis of a recognized privilege, they must assert that privilege as to those materials and make the showing required by applicable law. An agency's confidentiality designation, without more, does not establish the privilege or demonstrate good cause for withholding the designated material. |

| | | | |
|---|---|---|---|
| RFP 33 | All documents constituting or reflecting the country-by-country information compiled as referenced at paragraph 9 of the Good Declaration (ECF 49-1). | Defendants object based on deliberative process and law enforcement privileges. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The requested country-by-country materials are specifically identified in a Government declaration and bear directly on the challenged policy's criteria and implementation. |
| RFP 34 | All documents related to the application of the Challenged Policies as they relate to the Named Plaintiffs. | Defendants object that the request exceeds the Court's limited discovery scope and is overbroad, vague, burdensome, and disproportionate because identifying all documents relating to the Challenged Policies as applied to the Named Plaintiffs would require an extensive search of agency emails and databases. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | The request is expressly limited to Named Plaintiffs and therefore targets the most concrete and case-specific evidence of policy implementation. |
| RFP 35 | All documents related to the application of the Holds as they relate to the Named Plaintiffs. | Defendants object that the request lacks reasonable particularity because it duplicates RFP 34 and identifies no independent category of documents. They incorporate their response to RFP 34 and stand on their objections and will not produce additional documents. | The Government should identify whether RFP 34 actually encompasses all Hold-specific implementation records; if so, it should produce them rather than use duplication as a basis for withholding. |
| RFP 36 | All documents discussing Designated Countries as they relate to the Named Plaintiffs. | Defendants object that the request is overbroad, vague, burdensome, and | The request is limited to Designated Countries as they relate to Named Plaintiffs and seeks |

| | | | |
|---|---|---|---|
| | | disproportionate because identifying all documents discussing Designated Countries as they relate to the Named Plaintiffs would require an extensive search of agency emails and databases. Defendants will search for and produce responsive, non-privileged documents subject to a protective order. | directly relevant implementation/decisionmaking records. |

**Requests for Admissions Chart**

| Requests for Admission | Request | Government Response/Objection | Plaintiff's Position |
|---|---|---|---|
| RFA 1 | Admit that USCIS did not issue the operational guidance referenced in PM-602-0192 within ninety days of its issuance. | Objection: Defendants object that the Request is vague and ambiguous because it is unclear what is meant by "operational guidance."<br><br>Response: Subject to and without waiving the objection, Defendants admit. | No dispute. Defendants admit the requested fact. |
| RFA 2 | Admit that USCIS did not issue the operational guidance referenced in PM-602-0194 within ninety days of its issuance. | Objection: Defendants object that the Request is vague and ambiguous because it is unclear what is meant by "operational guidance."<br><br>Response: Subject to and without waiving the objection, Defendants admit. | No dispute. Defendants admit the requested fact. |
| RFA 3 | Admit that, as of the date of these responses, the 90-Day Guidance has not been issued in final form. | Response: Admit. | No dispute. Defendants admit the requested fact. |
| RFA 4 | Admit that the Hold remained in effect after the ninety-day periods referenced in the Challenged Policies elapsed. | Objections: Defendants object that "the Hold remained in effect" is vague and ambiguous, including whether it means the Hold was in effect for all relevant applications or some applications, and whether the Request concerns all aliens impacted by the Hold or only the named Plaintiffs. Defendants | The Request seeks a straightforward factual admission concerning whether the Hold continued after the ninety-day periods elapsed; Defendants should be compelled to admit or deny the Request rather than refuse to respond. |

| | | | |
|---|---|---|---|
| | | further object that the Request is overbroad because it seeks information outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objections and **will not admit or deny**. | |
| RFA 5 | Admit that USCIS did not lift the Hold upon the expiration of those ninety-day periods. | Objections: Defendants object that "USCIS did not lift the Hold" is vague and ambiguous, including whether it refers to lifting the Hold for all applications or a subset, and whether the Request concerns all affected aliens or only the named Plaintiffs. Defendants further object that the Request is overbroad and outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objections and **will not admit or deny**. | The Request asks whether USCIS lifted the Hold upon expiration of the specified ninety-day periods; Defendants should be compelled to provide an admission, denial, or qualified response. |
| RFA 6 | Admit that USCIS did not modify the Hold upon the expiration of those ninety-day periods. | Objections: Defendants object that "USCIS did not modify the Hold" is vague and ambiguous, including whether it refers to modifying the Hold for all applications or a subset, and whether the Request concerns all affected aliens or only the named Plaintiffs. Defendants further object that the Request | The Request concerns whether USCIS modified the Hold upon expiration of the specified ninety-day periods; Defendants should be compelled to provide a substantive response. |

| | | | |
|---|---|---|---|
| | | is overbroad and outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objections and **will not admit or deny**. | |
| RFA 7 | Admit that the Hold applies to applications identified by reference to the applicant's country of birth or nationality. | Objections: Defendants object that the Request is vague and ambiguous because it does not specify a time period and because the Challenged Policies have been vacated by *Dorcas*. Defendants interpret the Request as referring to how the Hold applied before the *Dorcas* vacatur.<br><br>Response: Subject to and without waiving the objections, Defendants admit that the Challenged Policies applied to some applications filed by aliens who were citizens or nationals of certain countries listed in Presidential Proclamations 10949 and 10998. | The Government's admission confirms that application of the Challenged Policies was tied to the nationality or citizenship of applicants from specified countries, substantially establishing the fact sought by the Request. |
| RFA 8 | Admit that the Designated Countries were identified by reference to nationality or country of birth. | Objection: Defendants object that the Request is vague and ambiguous because it is unclear what the Request seeks to be admitted, stating that countries are inherently identified by reference to nationality.<br><br>Response: Subject to and without waiving | The denial does not address the substance of the Request: Plaintiffs seek an admission that the Designated Countries were selected by criteria tied to nationality or country of birth, regardless of the fact that the Policies incorporated the |

| | | | |
|---|---|---|---|
| | | the objection, **Defendants deny.** Defendants state that the Designated Countries were identified by Presidential Proclamations 10949 and 10998. | countries through the Presidential Proclamations. |
| RFA 9 | Admit that the Hold applies to the adjudication of applications filed by persons already admitted to or present in the United States. | Objection: Defendants object to "adjudication" as vague and ambiguous because it may encompass multiple actions.<br><br>Response: Defendants **partially deny** that the Hold applied to the entire adjudication process and partially admit that the Hold applied to issuance of final actions in the adjudications process for applications filed by aliens who were citizens or nationals of certain countries listed in Presidential Proclamations 10949 and 10998. | Defendants' partial admission establishes that the Hold applied to issuance of final actions on applications filed by qualifying persons already in the United States; Plaintiffs seek clarification or an appropriate response to the narrower factual proposition presented. |
| RFA 10 | Admit that the Hold applies to applications for asylum. | Objections: Defendants object that the Request is vague and ambiguous because it does not specify a time period and because the Challenged Policies have been vacated by *Dorcas*. Defendants interpret the Request as referring to how the Hold applied before the *Dorcas* vacatur.<br><br>Response: Defendants admit that the | The Government admits that the Challenged Policies applied to final adjudicative actions on asylum applications for applicants from designated countries, which establishes the core fact sought by the Request. |

| | | | |
|---|---|---|---|
| | | Challenged Policies applied to final adjudicative actions on Forms I-589 filed by aliens who were citizens or nationals of certain countries listed in Presidential Proclamations 10949 and 10998. **Defendants deny** that the Hold applied to all asylum applications because USCIS lifted the Hold on asylum applications from non-high-risk countries on March 25, 2026. | |
| RFA 11 | Admit that the Challenged Policies do not require an individualized determination as to a particular applicant before the Hold is applied to that applicant's application. | Objection: Defendants object that the Request is vague and ambiguous because it does not specify a time period and because the Challenged Policies have been vacated by *Dorcas*. Defendants interpret the Request as referring to how the Hold applied before the *Dorcas* vacatur.<br><br>Response: **Defendants deny**, asserting that PM-602-0192 and PM-602-0194 state that USCIS will conduct a thorough review "on a case-by-case basis" and that PM-602-0194 contains exceptions requiring some level of individualized assessment. | The Government's response conflates individualized review of benefit eligibility and exceptions with an individualized determination required before the Hold itself is applied; Plaintiffs therefore dispute the denial and seek a proper response to the proposition actually presented. |
| RFA 12 | Admit that, after April 30, 2026, one or more USCIS Systems continued to reflect a | Objection: Defendants object that the Request is overbroad because it seeks an admission or | The Request is narrowly limited to USCIS Systems, the Named Plaintiffs, and |

| | | | |
|---|---|---|---|
| | hold on one or more Named Plaintiffs' applications. | denial of information outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objection and **will not admit or deny**. | the period after April 30, 2026; Defendants should be compelled to provide a substantive response. |
| RFA 13 | Admit that, as of June 12, 2026, USCIS had not completed updating USCIS Systems to ensure that they do not impose limitations or requirements based on the Challenged Policies. | Objection: Defendants object that the Request is overbroad because it seeks an admission or denial of information outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objection and **will not admit or deny**. | The Request is limited to the status of USCIS Systems as of a specified date and directly concerns implementation of the Challenged Policies; Defendants should be compelled to provide a substantive response. |
| RFA 14 | Admit that, after April 30, 2026, one or more USCIS representatives informed one or more Named Plaintiffs that the Hold remained in place. | Objection: Defendants object that the Request is overbroad because it seeks an admission or denial of information outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objection and **will not admit or deny**. | The Request is expressly limited to communications by USCIS representatives to Named Plaintiffs after April 30, 2026 and seeks directly relevant facts concerning the continued communication or implementation of the Hold; Defendants should be compelled to respond. |
| RFA 15 | Admit that USCIS representatives conveyed inaccurate information to one or more applicants concerning the status of the Hold. | Objections: Defendants object that the Request is overbroad and outside the scope of the Court's limited discovery. Defendants further object that "applicants" is undefined, that the Request fails to describe the | Defendants' objections do not justify refusing to respond altogether; at minimum, the Request can be reasonably construed or narrowed to communications concerning the status of the Hold, and Defendants should |

| | | | |
|---|---|---|---|
| | | information sought with reasonable particularity, that it encompasses substantial irrelevant and disproportionate material, and that it is unduly burdensome because it contains no temporal limitations.<br><br>Response: Defendants stand on their objections and **will not admit or deny**. | provide a substantive response. |
| RFA 16 | Admit that, as of June 12, 2026, USCIS had not completed providing updated guidance to its adjudications components regarding compliance with the vacatur entered in Dorcas. | Objection: Defendants object that the Request is overbroad because it seeks an admission or denial of information outside the scope of the Court's limited discovery.<br><br>Response: Defendants stand on their objection and **will not admit or deny**. | The Request is limited to USCIS's guidance concerning compliance with the *Dorcas* vacatur as of a specific date and directly concerns implementation of the vacatur; Defendants should be compelled to provide a substantive response. |
| RFA 17 | Admit that the "enhanced vetting plan" referenced at paragraph 10 of the Good Declaration (ECF 49-1) is not contained in the certified administrative record (ECF 78). | Response: Defendants admit. Defendants explain that the document post-dates PM-602-0192 and PM-602-0194 and therefore is not part of the certified administrative record. | Defendants admit the requested fact. |
| RFA 18 | Admit that the country-by-country information referenced at paragraph 9 of the Good Declaration (ECF 49-1) is not contained in the certified administrative record (ECF 78). | Response: Defendants admit. Defendants explain that the document post-dates PM-602-0192 and PM-602-0194 and therefore is not part of the certified administrative record. | Defendants admit the requested fact. |

**Interrogatories Chart**

| Interrogatories | Request | Government Response/Objection | Plaintiff's Position |
|---|---|---|---|
| 1 | Identify each person responsible for preparing, reviewing, clearing, or approving the 90-Day Guidance, stating each person's title and role. | Defendants **object** that the interrogatory is not proportional because it is allegedly irrelevant and because it seeks each person responsible for the Guidance. Subject to that objection, Defendants construe the request as seeking identification of a USCIS employee who can provide true and correct answers regarding the Guidance and identify Robert R. Pietrafesa, Director, Headquarters Operations Support, Fraud Detection and National Security, USCIS | Defendants should identify each person who actually prepared, reviewed, cleared, or approved the 90-Day Guidance, as requested; identifying a single witness capable of testifying about the Guidance does not answer the interrogatory or identify the individuals who participated in the underlying process. |
| 2 | State whether the 90-Day Guidance was issued, and if so, identify the issuing document, its date, and its recipients; if it was not issued, state the reasons it was not issued. | Defendants **object** to the extent the interrogatory seeks information protected by deliberative-process and law-enforcement privileges. Subject to the objection, Defendants state that the Guidance has not been issued and that efforts to issue it were suspended following the *Dorcas* decision. | Defendants should provide the requested nonprivileged facts concerning the status and non-issuance of the Guidance, including the reasons for suspension, while identifying any specific privileged information rather than withholding the response categorically. |
| 3 | Describe the status of the 90-Day Guidance as of the date of these answers, including any anticipated issuance date and the identity of | Defendants state that the Guidance has not been issued and that efforts to issue it have been suspended following the *Dorcas* decision. No | Defendants should fully answer the interrogatory by identifying any anticipated issuance date and the person or persons with authority |

| | | | |
|---|---|---|---|
| | each person with authority to issue it. | anticipated issuance date or person with authority to issue the Guidance is identified. | to issue the Guidance, or expressly state that no such date or authority exists. |
| 4 | Identify each internal deadline or milestone set for the 90-Day Guidance and, for each that was not met, the reason it was not met. | Defendants **object** based on deliberative-process and law-enforcement privileges and provide only that efforts to issue the Guidance were suspended following *Dorcas*; they provide no deadlines, milestones, or reasons for missed deadlines. | Defendants should identify the factual dates, deadlines, and milestones responsive to the interrogatory and state the reasons any were not met; a blanket privilege assertion does not justify withholding the underlying factual information. |
| 5 | Describe the analyses, reviews, or assessments that the 90-Day Guidance was to perform or incorporate, and state, for each, whether it was completed. | Defendants **object** based on deliberative-process and law-enforcement privileges and the purported scope of discovery; they provide no substantive answer and state only that efforts to issue the Guidance were suspended. | Defendants should identify and describe the analyses, reviews, and assessments the Guidance was to perform or incorporate and state whether each was completed, while withholding only information that is specifically privileged and otherwise providing nonprivileged factual information. |
| 6 | Describe the criteria and methodology used to select the Designated Countries, and identify each person who participated in that selection. | Defendants **object** based on deliberative-process privilege and contend the information may not be within the knowledge of current Defendants, employees, or agents. They state that the criteria and methodology are available in the CAR, citing ECF No. 78. They do not identify the persons who participated in the | Defendants should identify the criteria and methodology actually used and the individuals who participated in selecting the Designated Countries; citing the CAR does not answer the interrogatory's request to identify the participants or establish that the requested information is unavailable. |

| | | | |
|---|---|---|---|
| | | selection. | |
| 7 | State the justification for applying the Hold to the domestic adjudication of applications filed by persons already admitted to or present in the United States, and identify the documents reflecting that justification. | Defendants **object** based on discovery scope, overbreadth as to applicants other than Plaintiffs, deliberative-process privilege, and law-enforcement privilege. Subject to those objections, Defendants state that the requested information is contained in the CAR. | Defendants should state the Government's actual justification for applying the Hold to domestic adjudications and identify the responsive documents, rather than merely directing Plaintiffs to the CAR without providing the requested interrogatory answer. |
| 8 | Identify each alternative to the Hold that was proposed, considered, or rejected, and state the reason for each rejection. | Defendants **object** based on deliberative-process and attorney-client privileges, discovery scope, and overbreadth concerning applicants other than Plaintiffs. They provide no substantive answer and reserve the right to supplement. | Defendants should identify the alternatives that were proposed, considered, or rejected and provide the nonprivileged reasons for rejection; the Government cannot satisfy an interrogatory by providing no answer while reserving an open-ended right to supplement. |
| 9 | Describe the basis for applying the Hold by reference to the Country-of-Birth Criterion, and identify each person who approved that approach. | Defendants **object** based on deliberative-process and law-enforcement privileges. They state that the requested information is contained in the CAR. | Defendants should describe the nonprivileged factual basis for applying the Hold by reference to the Country-of-Birth Criterion and identify each person who approved that approach; the CAR does not answer the separate request for the approving individuals. |
| 10 | Identify, by date, author, and recipients, the guidance referenced at paragraph 6 of the Alfonso-Royals | Defendants **object** that the interrogatory concerns compliance with the Court's preliminary injunctions | Defendants should identify the specific guidance expressly referenced by their own declarant, including its |

| | | | |
|---|---|---|---|
| | Declaration (ECF 112-1) providing that the Hold could not be applied to the Named Plaintiffs. | and is outside the permitted discovery scope. They provide no responsive information because they deem the entire interrogatory objectionable. | date, author, and recipients, because the request seeks an identified government communication concerning the application of the Hold to the Named Plaintiffs. |
| 11 | For each USCIS System, describe the action required to clear, remove, or disable the Hold within that System; state the date on which that action was taken with respect to the Named Plaintiffs as a group, or, if the action was taken on differing dates or has not been taken as to some Named Plaintiffs, describe how and when the System was updated and identify any Named Plaintiffs as to whom the Hold has not been cleared; and identify the person responsible for performing and for verifying that action in each System. | Defendants **object** because they believe it asks for information about compliance with the Court's preliminary injunctions, which they argue is outside the limited scope of discovery allowed in the case. They therefore are not providing any responsive information at this time. However, they reserve the right to supplement their response later if circumstances change or the objection no longer applies. | Defendants should fully answer this narrowly tailored interrogatory concerning the Named Plaintiffs and the operation of USCIS Systems because it seeks factual information about implementation of the Hold, not merely legal conclusions concerning compliance with the injunctions. |
| 12 | Describe the internal hold-lifting process referenced at paragraph 8 of the Good Declaration (ECF 49-1), including its standards and required approvals, and identify each category of applications for which holds have been lifted. | Defendants **object** because they believe it goes beyond the Court's permitted discovery and may seek information protected by deliberative process and law enforcement privileges. Despite those objections, they explain that USCIS created a multi-office review process for lifting adjudication holds, including vetting | Defendants should supplement their response to provide the complete nonprivileged information requested, including the standards, criteria, approvals, and categories of applications, and should identify any specific information withheld rather than relying on generalized privilege objections. |

| | | | |
|---|---|---|---|
| | | for national security, public safety, eligibility, and benefit integrity, with final approval resting solely with the USCIS Director. They also state that holds were lifted for certain categories of cases and, following the *Dorcas* vacatur decision, all challenged adjudication holds were lifted. They provide no additional information but reserve the right to supplement. | |
| 13 | Describe the basis for Defendants' acknowledgment that USCIS representatives conveyed inaccurate information to applicants concerning the Hold, including the personnel and systems involved. | Defendants **object** because they believe it seeks information about their compliance with the Court's preliminary injunctions, which they argue falls outside the limited scope of discovery allowed in the case. As a result, they are providing no responsive information at this time. They state that they reserve the right to supplement their response if circumstances change or their objection no longer applies. | Defendants should identify the factual basis for an acknowledgment made by the Government concerning inaccurate information communicated by its representatives, including the personnel and systems involved, because the interrogatory directly concerns implementation and communication of the challenged Hold. |
| 14 | Identify each person who served as a decisionmaker in adopting each of the Challenged Policies, and describe each person's role. | Defendants **object** based on discovery scope, relevance, proportionality, and vagueness of "decisionmaker." They construe the interrogatory as seeking only a USCIS employee who can provide true and correct answers regarding adoption of the policies | Defendants should identify the actual decisionmakers who participated in adopting each Challenged Policy and describe their roles; identifying one employee who can testify about the policies does not answer who actually made the decisions. Defendants themselves |

| | | | |
|---|---|---|---|
| | | and identify Nathaniel I. Stiefel, Deputy Associate Director, Fraud Detection and National Security, Former Deputy Chief, Office of Policy and Strategy, USCIS. | supplied the factual basis for these depositions by identifying, in their Rule 26(a) disclosures, the individuals that Defendants believe have relevant information to claims and defenses. |
| 15 | Identify all materials considered, directly or indirectly, by those decisionmakers that are not contained in the certified administrative record (ECF 78). | Defendants **object** based on discovery scope, overbreadth, burden, vagueness, proportionality, potential privilege, unrelated internal operations, and duplication of RFP No. 31. Subject to those objections, Defendants state that they are working to identify responsive materials and will supplement if they locate any. | Defendants should identify all nonprivileged materials considered by the policy decisionmakers that are outside the CAR because the Government's promise to search and possibly supplement later does not constitute a complete interrogatory answer and does not resolve whether responsive materials exist. To date, Defendants have not provided any responsive materials. |