**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, et al.,<br><br>*Defendants.* | Civil Action No.: 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

## JOINT STATUS REPORT

Pursuant to this Court's scheduling order (ECF No. 116), the Parties file this joint status report regarding the status of the case. The Parties' separate positions are set out below.

## PLAINTIFFS' POSITION

Plaintiffs served their first sets of requests for production, interrogatories, and requests for admission on July 14, 2026 and on July 29, 2026 noticed the depositions of eight USCIS officials identified in Defendants' initial disclosures and a Rule 30(b)(6) deposition of USCIS. Defendants served written responses on August 13 and moved for a protective order on August 18 (ECF No. 134) and to quash the depositions, narrow the Rule 30(b)(6) topics, and stay discovery on August 19 (ECF No. 135). Both motions are fully briefed.

No documents have been produced, no privilege log has been served, and no deposition has gone forward. On September 11, Plaintiffs moved to modify the Scheduling Order (ECF No. 145) and to compel (ECF No. 146). Fact discovery closes today with the discovery the Court authorized on June 2 not yet completed.

The parties conferred by email on September 9 and 10. Defendants declined to agree to any schedule for completing discovery, including dates within the forty-five-day period their own motion proposes, declined to designate a Rule 30(b)(6) witness on the topics in their Exhibit

E, and declined to produce documents not subject to their protective-order condition. On September 11, Defendants filed a notice of the class-certification order in Red Eagle Law, L.C. v. Edlow, No. 26-cv-04850 (N.D. Cal. Aug. 24, 2026), stating that they are evaluating its implications (ECF No. 144). Plaintiffs' position is set out in ECF No. 146 at 10: the order does not moot the claims in this first-filed action, in which this Court has entered its own preliminary injunction, and it does not reach the two subjects the Court authorized for discovery.

The current status of each plaintiff's pending benefit application is set out in the joint status report filed under seal on September 14 pursuant to paragraph 9. The Court ordered that each joint status report include, at minimum, the last action on each Plaintiff's application, actions taken since the May 7, 2026 preliminary injunction, and "the anticipated timeline for the adjudication of the plaintiff's application." ECF No. 116 ¶ 9. Plaintiffs believe the reports do not consistently provide that information. For many Plaintiffs, Defendants report only USCIS's publicly available processing time for comparable applications, which is not an individualized adjudication timeline and, in some cases, has already elapsed. Entries stating that a case remains "in vetting" likewise do not identify what has been completed or remains outstanding. Plaintiffs do not seek adjudication deadlines or review of individual determinations. They ask only that the reports provide the information the Court ordered. Many plaintiffs have received no meaningful USCIS status update since the inception of the Status Report process, and subsequent Status Reports have provided no substantive information concerning the progress of their cases. The government posits these concerns relate to adjudication pace.

Plaintiffs have filed notices of voluntary dismissal as their applications have been adjudicated or plaintiffs have elected to withdraw, and will continue to do so. In *Akmurat O. Doe et al v. Trump*, Plaintiffs' original complaint included 197 plaintiffs. To date, 43 plaintiffs have

been mooted out, 7 plaintiffs are to be mooted out, and 7 plaintiffs' applications have been adjudicated per USCIS but not yet confirmed by plaintiffs. In *Abeer H. Doe et al v. Trump*, Plaintiffs' original complaint included 158 total applications. 81 applications have been approved, 3 applications have been denied and 7 have been closed for other reasons. 67 applications remain pending.

Plaintiffs do not anticipate expert discovery. Plaintiffs intend to move for summary judgment on the schedule proposed in ECF No. 145 or as otherwise ordered, and intend to move to complete the certified administrative record on a schedule the Court sets. Plaintiffs are willing to mediate. Plaintiffs' counsel transmitted a written settlement framework to Defendants' counsel on August 17, 2026, which Defendants acknowledged the same day; Defendants have not yet responded to it.

## DEFENDANTS' POSITION

### I. Joint Status Reports Regarding Pending Applications with USCIS

This Court ordered the parties to file a Joint Status Report ("JSR") beginning July 13, 2026, and every three weeks thereafter, concerning the status of Plaintiffs' pending benefit applications with U.S. Citizenship and Immigration Services ("USCIS"). ECF No. 116. In compliance with the Court's Scheduling Order, a JSR has been filed every three weeks since July 13, 2026. ECF Nos. 123, 131, 136, 148. The Parties continue to disagree about the content included in the JSR. *See* ECF No. 131. Plaintiffs have repeatedly raised concerns over the pace of adjudication or an alleged lack of "meaningful" progress in adjudication of their pending applications. *See supra*, Plaintiffs' Position; *see also* ECF No. 131. But as Defendants noted in the JSR filed on August 3, 2026, the Court's preliminary injunction orders do not require Defendants to adjudicate Plaintiffs' pending applications within any specific timeframe. ECF No. 131 at 4.

At the time of this filing, approximately 82 Plaintiffs have been voluntarily dismissed from the case as a result of USCIS's adjudication of their immigration benefits applications. ECF Nos. 106, 118, 120, 121, 122, 128, 130, 132, 133, 137, 138, 142. Additionally, there are some Plaintiffs whose applications have been adjudicated, but Plaintiffs have not yet filed voluntary dismissals. *See* ECF No. 148; *see also supra*, Plaintiffs' Position.

## II. Discovery

Defendants served initial disclosures on June 30, 2026. On July 14, 2026, Plaintiffs served initial sets of Requests for Admission, Requests for Production, and Interrogatories. On July 26, 2026, Plaintiffs served nine notices of depositions (to include eight fact-witness depositions and one Rule 30(b)(6) deposition). Defendants served their written responses to Plaintiffs' requests on August 13, 2026. The Parties disagree on various aspects of the discovery. Chief among their disagreements is the Parties' differing views regarding the scope of discovery permitted by the Court. Accordingly, Defendants filed a motion for Protective Order governing the exchange of confidential information produced in discovery (ECF No. 134) and a motion to quash, for a protective order, and to stay discovery (ECF No. 135). Plaintiffs have also filed motions to modify the Court's scheduling order (ECF No. 145) and a motion to compel discovery (ECF No. 146). Defendants intend to oppose Plaintiffs' motions (ECF Nos. 145 and 146).

## III. Pending Motions and Deadlines

The Parties have filed multiple motions regarding unresolved discovery disputes:

- The Government's Motion for a Protective Order has been fully briefed and is pending the Court's resolution. ECF Nos. 134, 139, 141.
- The Government's Motion to Quash has been fully briefed and is pending the Court's resolution. ECF Nos. 135, 140, 143.

- On September 11, 2026, Plaintiffs filed a Motion to Modify the Court's Scheduling Order. ECF No. 145. The Government's response to this motion is due on September 25, 2026.
- On September 11, 2026, Plaintiffs filed a Motion to Compel. ECF No. 146. The Government's response to this motion is due on September 25, 2026.

## IV. Expert Discovery

Defendants do not believe any expert discovery is necessary in this matter.

## V. Dispositive Motions

On August 24, 2026, the District Court for the Northern District of California entered an order certifying a class in *Red Eagle Law, L.C., et al. v. Edlow*, No. 26-cv-04850-CRB, 2026 WL 2476424 (N.D. Cal. Aug. 24, 2026). The class is defined as individuals who:

> (1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and
>
> (2) Who are seeking asylum with an I-589 application pending; or
>
> (3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;
>
> (4) That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

*Id*., at *6. The *Red Eagle* class challenges the same policies challenged in this action, and the *Red Eagle* claims substantially overlap with the claims presented in this case. According to Defendants' review of the *Red Eagle* complaint, the only count not asserted in this case that is not already covered by *Red Eagle* is Count IV. *See* ECF No. 7 at 17–18 (alleged Administrative Procedure Act violation, Notice-and-Comment, 5 U.S.C. § 553). Defendants are evaluating the implications of the *Red Eagle* class action in this matter.

Respectfully submitted,

***/s/Stefanie Fisher-Pinkert***
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking***
JAMES O. HACKING, III
MO Bar # 46728
Admitted Pro Hac Vice
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
jim@hackingimmigrationlaw.com

***/s/Carl Hurvich***
Carl Hurvich
BBO # 698179
Brooks Law Firm
10 High Street, Suite 3
Medford, MA
02155 617-245-8090
Carl@brookslawfirm.com

***/s/ LaToya N. McBean Pompy***
NY Bar # 6153985
McBean Law, PLLC
235 Mamaroneck Ave, Sute 202
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com

***/s/Lauren E.Allu***
NY Bar #4160644
NJ Bar# 014772002
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

MATTHEW SEAMON
Assistant Director

***/s/ Victoria Turcios***
VICTORIA TURCIOS
United States Department of Justice
Civil Division
Office of Immigration Litigation
450 Fifth Street N.W.
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

**ATTORNEYS FOR DEFENDANTS**

914-898-9488
l.allu@mcbeanlaw.com

**ATTORNEYS FOR PLAINTIFFS**