**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al.,

*Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

*Defendants.*

Civil Action No.: 1:25-cv-13946-JEK

CONSOLIDATED WITH:
*Abeer H. Doe, et al. v. Trump, et al.*,
1:26-cv-11382-JEK

# DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

On September 11, 2026, Plaintiffs filed a Motion to Compel ("Plaintiffs' Motion") (ECF No. 146) which turns largely on the Court's resolution of Defendants' pending Motion for Protective Order and Motion to Quash. ECF Nos. 134, 135. Plaintiffs' Motion seeks to compel (1) production of documents before this Court issues a Protective Order governing the exchange of confidential information; (2) responses to eight Requests for Admission ("RFA"); (3) USCIS to designate and produce a Federal Rule of Civil Procedure ("Rule") 30(b)(6) witness; and (4) Defendants to produce the eight individuals whose depositions Defendants have moved to quash. For the following reasons, and those in the Government's pending motions seeking to limit the same discovery Plaintiffs seek to compel, ECF Nos. 134 and 135, the Court should deny Plaintiffs' Motion.

## I. A Protective Order is Necessary to Protect Defendants' Confidential Material.

Plaintiffs' Motion seeks to compel production of documents Defendants agreed to produce after entry of a protective order governing the exchange of confidential information. Defendants incorporate by reference all the arguments made in their Motion for Protective Order (ECF No. 134). As discussed in Defendants' motion, protective orders are standard practice in this district for immigration-related class actions and multi-party suits against the government. *See* ECF No.

134 (citing *D.V.D. V. DHS,* 1:25-CV-10225, (D. Mass.), ECF No. 96 (joint protective order); *LaMarche v. Mayorkas*, No. 3:23-cv-30029 (D. Mass.), ECF No. 37-1 (stipulated confidentiality agreement); *Roe v. Mayorkas*, No. 1:22-cv-10808 (D. Mass.), ECF No. 59, 78 (stipulated protective order and amended order)). A protective order is particularly necessary in *this* matter, where Plaintiffs' counsel have indicated on the record that they intend to use documents obtained in discovery outside of this litigation. ECF No. 139 (seeking an order "[p]ermit[ing] Plaintiffs to use designated material as reasonably necessary to litigate this case, …and, as provided in Section 4.5 of Exhibit A, in other federal actions challenging the same policies at issue in this action, subject to applicable protections"). As noted in the Government's Motion for Protective Order, Defendants have not sought a blanket seal nor an order barring production of relevant documents, nor have they indicated they will not produce documents conditioned upon a protective order (absent some other objection). Instead, Defendants have sought a standard protective order to aid in the exchange of sensitive, confidential information and intend to produce documents once a protective order is in place. *See* ECF No. 134 at 5.

Accordingly, the Court should deny Plaintiffs' request to compel production of documents before entry of a protective order governing the exchange of confidential information.

## II. The Court Should Deny Any Request to Compel Discovery Outside the Limited Scope.

The Court should deny any request to compel discovery outside of the limited scope of discovery that it explicitly ordered. Plaintiffs' Motion seeks to (a) compel further responses to RFAs; (b) for USCIS to designate and produce a Rule 30(b)(6) witness; (c) and for Defendants to produce the eight individual deponents. *See* Pls.' Mot. at 4–10. The Court should deny all requests.

As a preliminary matter, Plaintiffs now appear to have conceded that this Court limited the scope of discovery concerning (1) constitutional claims and (2) the 90-Day Guidance. *See* Pls.'

Mot. at 2 (stating "On June 2, 2026, the Court authorized limited discovery on two subjects: Plaintiffs' constitutional claims and the 90-Day Guidance referenced in the Challenged Policies. ECF No. 110 at 19:9–24."); *id.* at 1–2 ("Defendants' refusal to admit or deny eight Requests for Admission going to *the two subjects this Court authorized for discovery, the 90-Day Guidance and Plaintiffs' constitutional claims.*") (emphasis added). This is despite Plaintiffs' earlier statements to the contrary.[1] Plaintiffs' recent concession defeats their own motion seeking discovery beyond those two topics.

Plaintiffs are not entitled to a further response on RFAs 4, 5, 6, 12, 13, 14, 15, and 16. ECF NO. 146 at 4–6 (seeking further responses on RFAs). First, according to Plaintiffs, RFAs 4, 5, and 6 relate to the 90-Day Guidance. *Id.* at 5. But this is false. RFAs 4, 5, and 6 relate to the challenged policies themselves or USCIS's conduct with regard to the Challenged Policies. For example, RFA 4 states, "Admit that the Hold [imposed by the challenged policies] remained in effect after the ninety-day periods referenced in the Challenged Policies elapsed." ECF No. 135-2 at 4. The *subject* of RFA 4 sentence itself is the "Hold"—or challenged policies themselves—*not* the 90-Day Guidance. Plaintiffs' use of the phrase "90-Day" in the request does not bring this request within the defined Court-defined scope. The same is true of RFAs 5 and 6 which seek information regarding the status of the challenged policies. *See* ECF No. 135-2 at 4–5. RFAs 12–16 are likewise out of scope. RFAs 12–15 seek admissions regarding the Government's compliance with the Court's preliminary injunction orders and RFA 16 seeks information related to the Government's conduct following a separate district court's order vacating the challenged policies. ECF No. 135-

[1] Indeed, when the Parties conferred on August 13, 2026, counsel for Defendants asked Plaintiffs' counsel if they viewed the Court as having limited the discovery at all. Plaintiffs' counsel responded that they viewed the limitation only as a request "to not go crazy."

2 at 7–9. Neither compliance-based request is within the narrow scope of discovery ordered by the Court. *See* ECF No. 110 at 19:9-24.

Plaintiffs next seek to compel USCIS to designate and produce a Rule 30(b)(6) witness(es) and eight individuals as fact witnesses. But Defendants have moved to quash all depositions. ECF No. 135. Defendants incorporate by reference all arguments made in their motion to quash regarding the eight individuals and Rule 30(b)(6) deposition. ECF No. 135. Defendants have not taken the position that they will not designate or produce a Rule 30(b)(6) witness(es). In fact, Defendants offered Plaintiffs the opportunity to conduct a Rule 30(b)(6) deposition prior to conducting any other depositions. Plaintiffs rejected this proposal. Additionally, Defendants have agreed to a Rule 30(b)(6) deposition on limited topics. ECF No. 135.

Regardless, Defendants have sought clarification on the proper scope of a Rule 30(b)(6) deposition, and Defendants cannot be compelled to produce a witness before this Court clarifies the proper scope of that deposition. *See* ECF No. 135 at 13 ("Defendants cannot begin to identify the appropriate Rule 30(b)(6) deponents unless the Parties' disagreement concerning the deposition topics is resolved.").

Similarly, until the Court resolves the Government's pending Motion to Quash, Defendants cannot be compelled to produce the eight individuals whose depositions they are seeking to quash. This is especially true in light of Plaintiffs' intention to question deponents on matters outside the scope of discovery, and potentially on topics and testimony that would be covered by the proposed protective order that Plaintiffs have opposed. For these reasons, and those in the Government's Motion to Quash, the Court should deny Plaintiffs' requests to compel a Rule 30(b)(6) deposition or any individual depositions until it resolves the Government's pending motions. *See* ECF Nos. 134, 135.

### III. The Court Should Deny Plaintiffs' Request for Attorneys' Fees Under Rule 37(a)(5).

The Court should deny Plaintiffs' request for attorneys' fees under Rule 37(a)(5). First, Plaintiffs' request for attorneys' fees under Rule 37 are premature because the Court has not yet decided Plaintiffs' motion to compel. Even if Plaintiffs were to prevail, the Government is entitled an opportunity to be heard prior to an award of attorneys' fees. Fed. R. Civ. P. 37(a)(5)(A).

Regardless, Plaintiffs do not meet the standard for fees under Rule 37(a)(5)(A). It provides "that if a motion to compel is granted, 'the court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.'" *Davis v. Jacob S. Ciborowski Fam. Tr.*, No. 11-CV-436-PB, 2012 WL 5904816, at *1 (D.N.H. Nov. 26, 2012). However, attorney's fees are not awarded "if the moving party filed the motion before attempting to obtain the discovery without court action; if the opposing party's nondisclosure, response, or objection was substantially justified; or if other circumstances would make the award unjust." *Id.*

Here, the record demonstrates that Defendants' responses and objections were substantially justified. To begin, Defendants have cooperated in the discovery process. Defendants served written discovery responses (raising objections therein), raised discovery disputes with Plaintiffs in a good faith attempt to narrow the issues, offered alternatives to Plaintiffs' requested discovery, and engaged in legitimate advocacy of their objections by filing motions for a protective order and a motion to quash (ECF Nos. 134, 135). Further, Defendants have a legitimate interest in defending against out-of-scope discovery requests. *See Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("[T]he court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition."). Simply because Plaintiffs disagree

with Defendants' objections does not make the responses or objections "evasive" or incomplete as Plaintiffs allege. The Parties are at odds about a very fundamental part of this discovery: the scope of the discovery itself, and the need for a protective order to engage in discovery. This dispute hinders Defendants' ability to respond to certain requests or even to make witnesses available to testify on topics which require the protections of a protective order. Nor should Defendants be compelled to produce discovery or witness testimony on matters which Defendants justifiably believe are outside the limited scope of discovery ordered by the Court. Plaintiffs now concede that the scope of discovery is limited to the two subjects outlined in Defendants' Motion to Quash. *See* Pls.' Mot. at 2 (stating "On June 2, 2026, the Court authorized limited discovery on two subjects: Plaintiffs' constitutional claims and the 90-Day Guidance referenced in the Challenged Policies. ECF No. 110 at 19:9–24."); *id.* at 1–2 ("Defendants' refusal to admit or deny eight Requests for Admission going to *the two subjects this Court authorized for discovery, the 90-Day Guidance and Plaintiffs' constitutional claims.*") (emphasis added). Yet, they seek to compel more.

Therefore, the Court should deny Plaintiffs' requests for attorney's fees because the Government has cooperated in discovery and is substantially justified in litigating the discovery disputes in this matter.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

MATTHEW SEAMON
Assistant Director

***/s/ Victoria Turcios***
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 25, 2026

***/s/ Victoria Turcios***
VICTORIA TURCIOS