**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

AKMURAT O. DOE, et al.,

*Plaintiffs,*

v.

DONALD J. TRUMP, et al.,

*Defendants.*

Civil Action No.: 1:25-cv-13946-JEK

CONSOLIDATED WITH:
*Abeer H. Doe, et al. v. Trump, et al.*,
1:26-cv-11382-JEK

**DEFENDANTS' SUPPLEMENTAL MEMORANDA IN RESPONSE TO COURT ORDER**

## INTRODUCTION

Pursuant to this Court's order, ECF No. 150, Defendants submit the following supplemental memoranda on the effect of the Northern District of California's class certification order in *Red Eagle Law, L.C. v. Edlow*, No. 26-cv-04850-CRB, 2026 WL 2476424 (N.D. Cal. Aug. 24, 2026), on this matter. The *Red Eagle* class (the Class) is defined as individuals who:

> (1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and
>
> (2) Who are seeking asylum with an I-589 application pending; or
>
> (3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;
>
> (4) That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

*Id.*, at *6. The Class was certified pursuant to Federal Rule of Civil Procedure 23(b)(2), meaning "[i]t is a mandatory class, from which 'class members have no absolute right to opt-out.'" *DeRosa v. Massachusetts Bay Commuter Rail Co.*, 694 F. Supp. 2d 87, 94 (D. Mass. 2010) (quoting *Allison v. Citgo Petroleum Corp*., 151 F.3d 402, 413 n.7 (5th Cir.1998)).

All Plaintiffs are members of the *Red Eagle* class because they meet the description under numeral (1), (4), and either (2) or (3) of the class definition. *See* ECF No. 7 ("*Doe I* Complaint") ¶1, ¶¶ 29–217 (describing Plaintiffs' countries of origin and pending applications); *Abeer H. Doe, et al. v. Trump et al.*, No. 1:26-cv-11382-JEK, ECF No. 1 ("*Doe II Complaint*") ¶2, 17–117 (describing Plaintiffs' countries of origin and pending applications). Because Plaintiffs are members of *Red Eagle* their case here should be dismissed, or alternatively, stayed or held in abeyance.

## ARGUMENT

Allowing Plaintiffs' suit to proceed would be inconsistent with the nature and function of Rule 23(b)(2) class actions. The defining features of a Rule 23(b)(2) class are the indivisible nature of the relief sought and the inability of class members to opt out. Rule 23(b)(2) classes are permitted only when the defendant "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). By rule, relief can be entered only with respect to the class as a whole. *See id.* R. 23(c)(3)(A). Rule 23(b)(2) classes can thus be certified only when "the relief sought must perforce affect the entire class at once." *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 361-62 (2011). "For that reason," Rule 23(b)(2) classes are "mandatory classes," with "no opportunity" for "class members to opt out" and litigate their claims individually. *Id.* at 362.

Permitting Plaintiffs case to proceed here would allow mandatory class members to obtain potentially disparate, individualized relief not afforded to the class. The potentially inconsistent judgments are antithetical to the nature of Rule 23(b)(2), which both ensures and requires an "indivisible" result in which the class wins or loses as a whole and the entire class receives the same remedy. *See Wal-Mart,* 564 U.S. at 362-63; Fed. R. Civ. P. 23(c)(3) (providing that "the judgment in a class action" applies to "those whom the court finds to be class members," "[w]hether or not [the judgment is] favorable to the class"). This procedural mechanism is defeated if individual class members can sue separately to obtain different, and potentially conflicting judgments on the same claims. For this reason, many Courts of Appeals have held that individual claims must yield to the class action.[1]

[1] *See McNeil v. Guthrie,*945 F.2d 1163, 1165–66 (10th Cir. 1991); *Gillespie v. Crawford,* 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc); *Groseclose v. Dutton*, 829 F.2d 581 (6th Cir. 1987);;

Courts have broad discretion in determining how to deal with a duplicative action. *See Elliott-Lewis v. Lab'ys*, 378 F. Supp. 3d 67, 70 (D. Mass. 2019). The Court "may stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions, as well as enter a simple dismissal of the second suit." *Id.* (cleaned up). However, this Court should dismiss this lawsuit because Plaintiffs are all members of the class and the class seeks relief that resolves Plaintiffs' claimed injuries. The First Circuit has observed that "for an action to be 'duplicative' of another, so as to warrant its dismissal for that reason alone, the one must be materially on all fours with the other." *Cong. Credit Corp. v. AJC Int'l, Inc.*, 42 F.3d 686, 689 (1st Cir. 1994). That is, "[a] second lawsuit is impermissibly duplicative where it would be precluded by a final judgment in the first lawsuit." *Elliott-Lewis*, 378 F. Supp. 3d at 70 (citing *Katz v. Gerardi*, 655 F.3d 1212, 1218 (10th Cir. 2011)).

Here, both *Red Eagle* and this matter concern challenges to USCIS Policy Memorandum PM-602-0192 (December 2, 2025) and PM-602-0194 (January 1, 2026) ("collectively, "the challenged policies"). The *Red Eagle* class assert: (1) unreasonable delay under mandamus (28 U.S.C. § 1361); (2) the challenged policies constitute unlawful withholding (5 U.S.C. § 706(1)); (3) the challenged policies have resulted in unreasonable delay (5 U.S.C. § 555(b) and § 706(1)); (4) the challenged policies are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law (5 U.S.C. § 706(2)(A)); (5) the challenged policies are in excess of statutory jurisdiction, authority or limitations (5 U.S.C. § 706(2)(C)); (6) the challenged policies are without observance of procedure as required by law (5 U.S.C. § 706(2)(D)); and (7) the challenged policies violate the due process and equal protection clauses of the Fifth Amendment. *See* Ex. A. In comparison,

*Goff v. Menke,* 672 F.2d 702, 704 (8th Cir. 1982); *Horns v. Whalen*, No. 90-6068, No. 93-1190 1991 U.S. App. LEXIS 7, at *4 (4th Cir. Jan. 2, 1991).

Plaintiffs assert that DHS Policy Alert 2025-26 and the challenged policies are (1) ultra vires; (2) are contrary to law (5 U.S.C. 706(2)(A), (C)); (3) are arbitrary and capricious (5 U.S.C. 706(2)(A)); (4) are in violation of notice and comment requirements (5 U.S.C. § 553); (5) are in violation of the equal protection clause of the Fifth Amendment; and (5) are in violation of the due process clause of the Fifth Amendment. ECF No. 7 ¶¶ 63–93; *Abeer H. Doe, et al. v. Trump et al.*, No. 1:26-cv-11382-JEK, ECF No. 1 ("Abeer Doe Complaint") ¶¶ 170–201.

The small differences between Plaintiffs' claims and those in *Red Eagle* do not justify continued litigation in this case. Plaintiffs' case includes two differences from the *Red Eagle* case in that Plaintiffs specifically challenge Policy Alert 2025-26 (ECF No. 7 ¶ 1, Abeer Doe Complaint ¶ 2) and they bring a notice-and-comment challenge. (ECF No. 7 ¶ 80–83, Abeer Doe Complaint ¶ 188–191). But, "[t]he rule against claim splitting 'prohibits a plaintiff from prosecuting its case piecemeal, and requires that all claims arising out of a single wrong be presented in one action.'" *Fernandes v. Quarry Hills Assocs.*, L.P., No. CIV.A. 09-11912-JGD, 2010 WL 5439785, at *10 (D. Mass. Dec. 28, 2010) (quoting *Myers v. Colgate-Palmolive co.*, 102 F.Supp.2d 1208, 1224 (D. Kan. 2000). Plaintiffs cannot therefore split their claims between this action and *Red Eagle.* The class action takes precedence and therefore its claims should control. Regardless, Plaintiffs' slightly different claims are merely attempts to achieve the same result the class seeks to obtain in *Red Eagle.* The class representatives in *Red Eagle* elected not to press a notice-and-comment rulemaking challenge nor challenge Policy Alert 2025-26, and Plaintiffs cannot separately pursue legal variations on the same set of operative facts at issue in *Red Eagle*.

Dismissal of this action is likewise appropriate because the relief sought in *Red Eagle* will resolve Plaintiffs' alleged injuries. Both Plaintiffs and the Class seek declaratory relief regarding the lawfulness of the challenged policies under the Administrative Procedure Act, the Fifth

Amendment of the U.S. Constitution, and seek orders enjoining the Government from applying the challenged policies. *See* Ex. A (Prayer for Relief), *compare with* ECF No. 7 (Prayer for Relief), Abeer Doe Complaint (Prayer for Relief).

In the event the court is not inclined to dismiss this case, it should stay the case pending resolution of *Red Eagle* or hold this case in abeyance. Plaintiffs will suffer no prejudice as a result because they are currently protected by *two* separate orders including the *Red Eagle* preliminary injunction. *Red Eagle Law, L.C.*, 2026 WL 2476424 at *7 (granting preliminary injunction and requiring "that Plaintiffs' (and the class members') applications be adjudicated in the normal course of USCIS's process."); *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship & Immigr. Servs.*, No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026), *judgment entered*, No. 26-cv-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026)).

At a minimum, the outcome of those cases will dictate the scope of any litigation in this case. It makes little sense to proceed in this matter where there is now a Class which includes Plaintiffs and seeks to resolve the *same harm* Plaintiffs allege here. Moreover, to the extent Plaintiffs claim that circumstances could change in the *Red Eagle* class action that affects them and their access to relief, that merely proves Defendants' point. Two courts should not be addressing the same claims brought by the same plaintiffs. Should litigation on behalf of these Plaintiffs ever need to proceed, it can through the filing of a new lawsuit (if, after dismissal, circumstances deem appropriate) or by lifting the stay on this action. There is simply no reason for this case to proceed *now.*

DATED: September 30, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANTHONY P. NICASTRO
Acting Director

MARY L. LARAKERS
Senior Litigation Counsel

***/s/ Victoria Turcios***
VICTORIA TURCIOS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
Ben Franklin Station, P.O. Box 878
Washington, DC 20044
Tel: (202) 451-7661
Email: Victoria.E.Turcios2@usdoj.gov

LEAH B. FOLEY
United States Attorney

EVE A. PIEMONTE
Assistant United States Attorney
United States Attorney's Office

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Victoria Turcios, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

Dated: September 30, 2026

***/s/ Victoria Turcios***
VICTORIA TURCIOS