**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| AKMURAT O. DOE, *et al,*<br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP*, et. al.,*<br><br>Defendants. | Case No. 1:25-cv-13946-JEK<br><br>CONSOLIDATED WITH:<br>*Abeer H. Doe, et al. v. Trump, et al.*,<br>1:26-cv-11382-JEK |

**PLAINTIFFS' POSITION MEMORANDUM ON *RED EAGLE* CLASS CERTIFICATION**

## I. INTRODUCTION

On September 16, 2026, the parties were ordered to submit legal memoranda regarding their respective positions concerning the impact of the class certification Order in *Red Eagle Law, L.C. v. Edlow*, No. 3:26-cv-04850-CRB, 2026 WL 2476411 (N.D. Cal. Aug. 24, 2026) on the case at bar. Pursuant to the Court's Order, Counsel met and conferred on September 22, 2026, and via email on September 25, 2026, and they were unable to reach agreement on any of the issues involved.

In *Red Eagle*, plaintiffs are a group of citizens of 39 countries that have immigration benefit applications pending before USCIS. Plaintiffs sought class certification under Rule 23(b)(2), which requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."

On August 24, 2026, the Court in *Red Eagle* certified the class as individuals who:

> (1) Are citizens or natives of one or more of the 39 countries listed in Presidential Proclamations 10949 or 10998, or the Palestinian Authority; and
> (2) Who are seeking asylum with an I-589 application pending; or
> (3) Otherwise have a benefit application pending with U.S. Citizenship and Immigration Services;
> (4) That is subject to the adjudication hold imposed by USCIS Policy Memorandum PM-602-0192 (December 2, 2025) or PM-602-0194 (January 1, 2026) that has not received final adjudication as of the date of class certification.

The Court also granted preliminary injunction and required class members' applications be adjudicated in the normal course of USCIS's process. *See Red Eagle* at Dkt. 57.

## II. PLAINTIFFS' POSITION

### A. Plaintiffs Are Not Members of the Red Eagle Class

Plaintiffs do not meet the *Red Eagle* class definition. Plaintiffs' Complaints were filed on December 23, 2025 and March 20, 2026, respectively, before the Complaint in *Red Eagle*. This

Court granted a Preliminary Injunction on April 30, 2026 to 22 Plaintiffs in Doe I, and extended the order on May 7, 2026 to additional Doe I Plaintiffs and all of Doe II Plaintiffs.

Plaintiffs April 30, 2026 Preliminary Injunction enjoined the adjudication hold imposed by USCIS's policy memoranda PM-602-0192 (December 2, 2025) and PM-602-0194 (January 1, 2026). As such, Plaintiffs' underlying cases, even those which remained pending, were no longer subject to the effects of the Policy Memoranda at issue on the date that the Red Eagle court certified its class. Therefore, Plaintiffs do not meet the class definition and are not class members.

Moreover, Plaintiffs' Complaints were first-to-file, and this Court granted its Preliminary Injunction long before the class certification in *Red Eagle*. As such, the First Circuit has noted that "obvious concerns" arise where, as here, actions involving similar parties and similar subject matter are pending in different federal district courts, including "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." *TPM Holdings, Inc. v. Intra-Gold Indus.*, 91 F.3d 1, 4 (1st Cir. 1996); *Thakkar v. United States*, 389 F. Supp. 3d 160, 170 (D. Mass. 2019). Pursuant to the first-to-file rule, where the overlap between two suits is "nearly complete," the usual practice is for the court where the case was first filed to resolve the issues, and the other court to defer by either staying, transferring, or dismissing the action. *Id.* The instant case does not meet the class definition and additionally was also first-to-file. This action should remain active and not be stayed or dismissed.

### B. The *Red Eagle* Class Certification Does Not Adequately Protect Plaintiffs' Interests

The *Red Eagle* class certification provides limited and different relief than sought in Plaintiffs case. This Court's Preliminary Injunction granted broader and more adequate relief than

what was granted in the *Red Eagle* case. *Red Eagle's* court order does not require USCIS to submit three-week status updates to the court. The Court in *Red Eagle* merely ordered that the applications be adjudicated in the "normal course of USCIS's process." This order substantially allows for an indefinite, lengthy adjudication of Plaintiffs petitions and applications under the vague "normal" processing framework that USCIS controls and regularly extends without notice or explanation. Plaintiffs have already been prejudiced by what various district courts have determined to be an unlawful policy that placed Plaintiffs' applications to the "back of the line" during several months of inaction on their applications. Because Plaintiffs have already been prejudiced by the unlawful hold on their applications, it is impossible to place them back into the "normal course of USCIS's process." Moreover, as part of the relief awarded, this Court granted limited discovery, which is a significant difference to the relief granted in *Red Eagle*. The overall relief granted in the instant case is wholly different from that in *Red Eagle*.

Recently, in *Skarbenchuk v. Edlow*, No. 8:26-cv-03436-SAG (D. Md. Sept. 25, 2026), the court granted in part a temporary restraining order despite the existence of a class certification in *Medani v. Trump*, No. 5:26-CV-06332, 2026 WL 2667529 (N.D. CA. August 28, 2026). *Medani* is a class action lawsuit challenging federal policies that indefinitely halted the final processing and issuance of Fiscal Year 2026 Diversity Visas. The court held that "[e]ven though Plaintiffs here are also members of the class in *Medani* and the *Medani* court vacated the Policy Memo, this Court retains the authority to issue a follow-on injunction." *Skarbenchuk, supra* (*quoting Whitman-Walker Clinic, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 485 F. Supp. 3d 1, 60 (D.D.C. 2020) ("[C]ourts routinely grant follow-on injunctions against the Government, even in instances when an earlier nationwide injunction has already provided plaintiffs in the later action with their desired relief."). The *Skarbenchuk* Court was also persuaded to grant relief because the relief granted by

the *Medani* Court was different than the relief sought in *Skarbenchuk*. It held that a follow-on injunction was appropriate because the *Medani* court did not require adjudication by a date certain. *Skarbenchuk, supra.*

C. **A Stay is Premature and Dismissal is an Extreme Remedy**

During the meet and confer conference, Defendants disclosed that they intend to file a motion to dismiss, or in the alternative, seek a stay. Plaintiffs intend to oppose such a motion. A stay is premature and dismissal is an extreme remedy that is not warranted.

Courts have "broad discretion to stay cases, provided that the length of stay is reasonable and accounts for the competing interests of the parties." *Klein v. MHM Corr. Servs.*, 2010 WL 3245291, at *9, 2010 U.S. Dist. LEXIS 83818, at *27 (D. Mass. Aug. 16, 2010); *Thakkar v. United States,* 389 F. Supp. 3d 160, 171 (D. Mass. 2019). The party moving for the stay bears the burden of proving that a stay is appropriate. *Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

With respect to motions for stays involving related class actions, the Supreme Court has "established that, as a question of power," courts may stay a suit "pending resolution of another which, even if it should not dispose of all the questions involved, would certainly narrow the issues in the pending case and assist in the determination of the questions of law involved." *Taunton Gardens Co. v. Hills*, 557 F.2d 877, 879 (1st Cir. 1977) (quoting *Landis*, 299 U.S. at 253–54, 57 S.Ct. 163). "While there is a heavy burden on the party requesting a stay to justify requiring a litigant in one cause ... to stand aside while a litigant in another settles the rule of law that will define the rights of both," the Supreme Court has instructed courts to consider the public interest, the court's interest in efficiency, and the interest of justice in determining whether a stay is appropriate. *Id.* (quoting *Landis*, 299 U.S. at 255, 57 S.Ct. 163).

Federal courts have cautioned against dismissing a case outright due to the pendency of a related case, given the prejudice that may result. *See Ritchie Capital Mgmt., L.L.C. v. BMO Harris Bank, NA*, 868 F.3d 661, 666 (8th Cir. 2017); *Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 797–98 (8th Cir. 2008) (expressing preference for stays over dismissals "to preserve any claims that might not be resolved by the parallel proceedings).

Here, a stay is premature, and a dismissal is extreme relief and inappropriate. The *Red Eagle* class certification order is still within the 60-day appeal window pursuant to Federal Rule of Appellate Procedure 4(a)(1)(B). In *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs., No. 26-cv-132-JJM-PAS, 2026 WL 1622708 (D.R.I. June 5, 2026), appeal docketed, No. 26-1703 (1st Cir. June 12, 2026).*, USCIS has appealed the court's order vacating the adjudication hold policies and had vigorously sought a stay of the court's order. If USCIS decides to also appeal the *Red Eagle* decision, the pendency of an appeal creates uncertainty and the outcome could prejudice Plaintiffs. Moreover, the class certification Order did not address the other claims in the Complaint beyond the APA claim, such as the constitutional claims. The court concluded that plaintiffs had shown a likelihood of success on the APA claim, and therefore the Court did not need to address their other claims at this time. *Red Eagle,* Dkt. 57 at 9 n.4. Plaintiffs intend to fully brief these issues in the event a motion to dismiss or stay is filed.

## III. CONCLUSION

In light of the foregoing, this case should not be stayed because the Plaintiffs in this case are not members of the *Red Eagle* class. This action was first-to-file with a Preliminary Injunction that granted broader and more adequate relief than granted in *Red Eagle*. Finally, a stay, or even the extreme remedy of dismissal, are both premature as the appeal deadline has not expired.

**RESPECTFULLY SUBMITTED**
September 30, 2026


***/s/ Lauren E. Allu***
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
l.allu@mcbeanlaw.com
Admitted Pro Hac Vice

***/s/ LaToya N. McBean Pompy***
LaToya N. McBean Pompy
NY Bar # 6153985
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
L.Pompy@mcbeanlaw.com
Admitted Pro Hac Vice

***/s/ Carl Hurvich***
Carl Hurvich
BBO # 698179
Brooks Law Firm
10 High Street, Suite 3
Medford, MA 02155
617-245-8090
Carl@brookslawfirm.com

***/s/ Stefanie Fisher-Pinkert***
Stefanie Fisher-Pinkert
BBO#676653
655 Centre St, Box 300151
Jamaica Plain, MA 02130
(C) 203-952-1809
(E) stef@sfpbriefing.com

***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
*Admitted Pro Hac Vice*
Hacking Immigration Law, LLC
10121 Manchester Road, Suite A
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com
Admitted Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2026, a true and correct copy of the foregoing was served on Defendants by filing the document through the Court's CM/ECF system.

***/s/ Lauren E. Allu***
PA Bar #325125
McBean Law, PLLC
237 Mamaroneck Ave, Lower Level
White Plains, NY 10605
914-898-9488
L.allu@mcbeanlaw.com
Admitted Pro Hac Vice